UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- X
JOEL RICH and MARY RICH,                          :    Civil Action No. 1:18-cv-02223
                                                  :
                Plaintiffs,                  :
                                                  :
                v.                           :
                                                  :
FOX NEWS NETWORK, LLC, MALIA                      :
ZIMMERMAN in her individual and professional      :
capacities, and ED BUTOWSKY, in his individual    :
and professional capacities,                      :
                                                  :
                Defendants.                  :
---------------------------------------------------------------- X

## JOINT RULE 26 REPORT AND PROPOSED DISCOVERY PLAN

The parties file this Joint Report pursuant to Rule 26(f) of the Federal Rules of Civil Procedure:

1. Counsel for the parties conferred on April 16, 2018, during which they discussed the nature and basis of their respective claims and defenses and the possibilities for promptly settling or resolving the case, the disclosures required by Rule 26(a)(1), the preservation of discoverable information, and a discovery plan for the case. Arun Subramanian, Eli J. Kay-Oliphant, and Elisha Barron participated for Plaintiffs Joel and Mary Rich. Joseph M. Terry, Katherine A. Petti, Katherine M. Wyman, David H. Stern, and David Butler Harrison participated for Defendants.

    A. The parties discussed discovery but were not able to agree as to whether discovery should commence prior to this Court's ruling on Defendants' anticipated motions to dismiss, which the parties have agreed are to be filed by May 14, 2018. *See* Dkt. #18 ("Fox New

Network LLC waiver sent on 3/14/2018, answer due 5/14/2018"). The parties' respective positions are set forth below:

**Plaintiffs' Position**: This Court's March 15, 2018 Order concerning the Initial Pretrial Conference [Dkt. 15] proposed schedule admonishes the parties that, "[a]bsent extraordinary circumstances, the [Case Management] Plan shall provide that the case be ready for trial *within six months*" (emphasis added). Defendants have not yet filed their anticipated motion to dismiss. Nor have Defendants filed any motion to stay discovery. Instead, Defendants try to use their Rule 26 submission as a back-door channel to obtain a stay of discovery. This Court should reject that effort and order that discovery proceed according to the Court's Proposed Schedule [Dkt. 15], attached as Exhibit A, with initial disclosures to be exchanged pursuant to FRCP 26(a) thirty (30) days after the Court enters the Proposed Schedule.

Consistent with Rule 26, the parties conducted a Rule 26(f) conference on April 16, and Plaintiffs served their document requests and interrogatories on April 26. If Defendants contend that a stay of discovery is warranted in light of their as yet unfiled motion to dismiss, they must file a motion to stay pursuant to Rule 26(c) and demonstrate to this Court that they can carry their burden to show "good cause" to stay discovery. Fed. R. Civ. P. 26(c) (specifying that a party seeking relief from discovery obligations "may *move for a protective order*" and, only then, the court "may, for good cause" issue an order regarding timing for discovery.") (emphasis added); *see also, Mirra v. Jordan*, 2016 WL 889559, at *2 (S.D.N.Y. Mar. 1, 2016) (stay of discovery pending motion to dismiss requires showing of good cause). Significantly, "the pendency of a dispositive motion is not, in itself, an automatic ground for a stay." *Id.* Here, Defendants' motions to dismiss have not even been filed and they have taken none of the

required actions to postpone the normal course of discovery (moving to stay discovery, seeking postponement of the Rule 26(f) conference, seeking postponement of the Initial Conference).

A Rule 26 report is an inappropriate vehicle for seeking a stay of discovery. Rather than filing a proper motion and attempting to make the required showing, Defendants' Rule 26 submission generically asserts that they should be granted a stay because of "the burdens on Defendants' First Amendment rights and the burdens imposed by Plaintiffs' wide-reaching requests for production." Such conclusory assertions—untrue, to be sure—do not satisfy the governing standard—let alone give the Court the information it needs to even consider such a motion. *See Brooks v. Macy's, Inc.*, 2010 WL 5297756, at *2 (S.D.N.Y. Dec. 21, 2010) (requiring courts considering a stay to consider "(1) [the] breadth of discovery sought, (2) any prejudice that would result, and (3) the strength of the motion" to dismiss). If Defendants file a motion to stay pursuant to Rule 26(c), Plaintiffs will respond in full, demonstrating why none of the factors weigh in favor of a stay here.

In light of Defendants' failure to file a motion to stay and the absence of any grounds to depart from the ordinary rules of discovery and the Court's Proposed Schedule, Plaintiffs request that the Court enter the Proposed Schedule (Dkt. 15), with the parties exchanging initial disclosures 30 days after the Court enters its scheduling order.

**Defendants' Position**:

Discovery should not take place unless the complaint survives a motion to dismiss, which Defendants intend to file by May 14. If necessary, Defendants will file a motion to stay discovery.

Plaintiffs' claims all arise from activity at the heart of the First Amendment: news gathering and publication. As will be set forth in detail in Defendants' Motions to Dismiss, the

First Amendment bars the claims asserted by Plaintiffs.  In cases involving the exercise of First Amendment rights, it is appropriate to defer discovery until the claims have survived a motion to dismiss.  As this Court recently noted in *Palin v. New York Times Co.*, 264 F. Supp. 3d 527, 533 (S.D.N.Y. 2017), "in defamation cases, Rule 12(b)(6) not only protects against the costs of meritless litigation, but provides assurance to those exercising their First Amendment rights that doing so will not needlessly become prohibitively expensive." *See also Biro v. Conde Nast*, 883 F. Supp. 2d 441, 457 (S.D.N.Y. 2012) ("The New York Court of Appeals has explained that there is particular value in resolving defamation claims at the pleading stage, so as not to protract litigation through discovery and trial and thereby chill the exercise of constitutionally protected freedoms.") (internal citations omitted).  And although Plaintiffs' have styled their claims as ones for intentional infliction of emotional distress and tortious interference, the gravamen of their claims is the alleged defamation of their son.  As such, the principles requiring a stay in defamation cases apply with equal force here.

This Court has "considerable" discretion to stay discovery pursuant to Federal Rule of Civil Procedure 26(c).  *See Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013) (granting defendants' motion for a stay of discovery pending the resolution of motion to dismiss). Three factors—two weighing the parties' burdens and one addressing the substance of the motion—determine whether a pending motion to dismiss warrants a stay: the breadth of discovery sought, any prejudice that would result, and the strength of the motion to dismiss.  *Id.*; *see also* Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 2037 n.18 (3d ed. 2013) ("The factors to be considered when determining whether to stay discovery pending the outcome of a motion to dismiss include (1) whether defendant has made a strong showing that plaintiff's claim is unmeritorious, (2) the breadth of

discovery and burden of responding to it, and (3) the risk of unfair prejudice to the party opposing the stay."). Here, the burdens on Defendants' First Amendment rights and the burdens imposed by Plaintiffs' wide-reaching requests for production are significant; the prejudice to Plaintiffs is none; and for several reasons the motion to dismiss is exceptionally strong.

First, Plaintiffs' claims are nothing more than an improper attempt by parties who are not themselves defamed to recover damages resulting from the alleged defamation of another. Clearly established law foreclose such claims, however they are labeled. *See, e.g., Sarwer v. Conde Nast Pubs., Inc.*, 654 N.Y.S.2d 768, 769 (App. Div. 1997). *See also Meeropol v. Nizer*, 381 F. Supp. 29, 39 n.3 (S.D.N.Y. 1974) ("In New York, no person, not even a close relative or descendant, can bring an action for defamation of a deceased person."). And a plaintiff "cannot avoid the obstacles involved in a defamation claim by simply relabeling it as a claim for intentional infliction of emotional distress." *Chaiken v. VV Publ'g Corp.*, 119 F.3d 1018, 1034 (2d Cir. 1997).

Second, the burden of establishing an intentional infliction of emotional distress claim is heavy. "Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Howell v. N.Y. Post Co.*, 612 N.E.2d 699, 702 (N.Y. 1993). Indeed, these elements are so "rigorous, and difficult to satisfy" that the New York Court of Appeals has *never* found a defendant's conduct sufficiently atrocious or intolerable to sustain an intentional infliction claim. *See Chanko v. Am. Broad. Companies Inc.*, 27 N.Y.3d 46, 57, 49 N.E.3d 1171, 1179 (N.Y. 2016).

Third, news gathering and publication on a matter of legitimate public interest cannot support a claim for intentional interference with contract. *See e.g., Huggins v. Povich*, No. 131164/94, 1996 WL 515498, at *9 (N.Y. Sup. Ct. Apr. 19, 1996).

Regarding Defendant Butowsky, a stay of discovery at this early stage would be particularly appropriate as the Complaint is devoid of any allegations that would support personal jurisdiction in New York. Mr. Butowsky is a resident of Dallas, Texas, and Plaintiffs have alleged only that his past contributions from unknown locations to Fox News and Fox Business, which just so happen to be broadcast from New York, and a few communications with certain Fox News producers who happen to be based in New York, as a basis for jurisdiction in New York. *See* Compl. ¶¶ 12, 82. Plaintiffs clearly do not meet their burden of showing that Mr. Butowsky is subject to the jurisdiction of this Court. *See Com Walden v. Fiore*, 134 S. Ct. 1115 (2014) (Plaintiff must establish Defendant's conduct "create[s] a substantial connection with the forum state."). Where the adjudication of a "potentially dispositive motion" to dismiss for lack of personal jurisdiction "might avoid the need for costly and time-consuming discovery," a stay of discovery is appropriate. *See Gandeler et al. v. Nazarov*, No. 94-cv-2272, 1994 WL 702004, * 2 (S.D.N.Y. Dec. 14, 1994).

Plaintiffs' discovery requests are extensive and compliance will be burdensome, and they have identified no actual prejudice in delaying discovery until a decision is reached on the motion to dismiss. Given the significant First Amendment issues at play and the numerous legal barriers to Plaintiffs' claims—Constitutional and otherwise—no discovery should take place unless those claims survive a motion to dismiss. Defendants propose the following schedule for the Court's approval:

| Defendants' Proposed Date | Event |
|---|---|
| Date of Denial of Motion to Dismiss | Commencement of discovery |
| 30 days from the commencement of discovery | Deadline to exchange FRCP 26(a) initial disclosures. |
| 120 days from the commencement of discovery | Deadline to substantially complete document production. |
| 120 days from the commencement of discovery | No additional parties may be joined. |
| 120 days from the commencement of discovery | No further amendment to the pleadings. |
| 180 days from the commencement of discovery | Deadline to complete fact discovery. |
| 240 days from the commencement of discovery | Deadline to serve disclosures for expert witnesses by the party with the burden of proof on a particular issue. |
| 270 days from the commencement of discovery | Deadline to serve disclosures for rebuttal expert witnesses. |
| 330 days from the commencement of discovery | Deadline to complete expert discovery. |
| 365 days from effective date of first discovery request | Deadline to file dispositive motions. |
| 30 days from filing of dispositive motion | Deadline to file answering papers to any dispositive motions |

| 14 days from filing of answering papers to dispositive motions | Deadline to file reply papers to any dispositive motions |
|---|---|
| 90 days from decision on any dispositive motions | Joint Pretrial Order |
| 30 days after filing of Joint Pretrial order | Filings Prior to Trial as per Individual Rules VI.B., including motions in limine |
| 15 days after filing of Joint Pretrial Order | Responses to motions in limine |
| 15 days after any responses to motions in limine | Final pretrial conference |
| 30 days after final pretrial conference | The parties shall be ready for trial within 48 hours notice. |

        B.     Regarding the production of electronically stored information the parties generally have agreed as follows—

**File Type and Metadata Fields:**

Except for the files to be produced in native format, as discussed below, documents shall be produced as image files (preferably TIFF, and PDF if necessary) accompanied by a Concordance DAT file, with an opticon Log file for image cross-reference, that includes the following metadata fields: BegNum/BegBates, EndNum/EndBates, AttachBeg, AttachEnd, Custodian, FileName, FileType/DocumentType, Original File Path (if readily available), Sender/From, Recipients/To, CC, BCC, MailSubject/Email Subject, SentDate/Date sent, FileExtension, OSDatelastSaved/DateMod, Nativelink/ProdNativePath, MD5 Hash Value, and Conversation ID (extracted ID used to tie together e-mail threads/ConversationIndex), SentTime/TimeSent, Timelastsaved/TimeMod, Datecreated, Timecreated.

**Files to be Produced in Native Format:**

Excel or other spreadsheet files, databases, audio, and video files shall be produced in their native format.

**Time zone:**
Emails should be produced in the time zone in which the emails were standardized during conversion, which for the purposes of this litigation will be GMT.

C. The parties intend to propose a confidentiality/protective order for the Court's consideration and intend to include in that proposed order one or more provisions to memorialize their agreement that the production of a privileged document does not waive the privilege as to other privileged documents and that an inadvertently produced privileged documents can be snapped back without the need to show the production was inadvertent. Further, the parties intend to ask the Court to order pursuant to Rule 502 of the Federal Rules of Evidence that no privilege is waived by any such disclosure.

D. The parties agreed that they have preserved and protected and will continue to preserve and protect all potentially relevant documents and sources of information relevant to the case.

E. The parties further agree that discovery should be managed to promote the expeditious and inexpensive resolution of the case. To further this goal, the parties have discussed and agreed to the following:

(i) Attorney-client privileged materials communicated between undersigned litigation counsel and a client or client representative, and work product materials generated after the filing of this lawsuit, need not be included on a privilege log.

(ii) Communications between an expert witness for any party and the party's attorneys will not be discoverable pursuant to Federal Rule of Civil Procedure 26(b)(4)(C) except to the extent that the expert relies upon them for his or her opinions.

(iii) Documents will be produced on a rolling basis; if copies are produced, the originals will be made available for inspection upon request.

        (iv)    At a deposition, neither party may make a speaking objection other than for privilege and to the form of the question. All objections to relevance, lack of foundation, non-responsiveness, or speculation are preserved.

        (v)    The parties agree that documents may be served on the opposing party by sending the documents via email to their counsel of record and/or by making them available to such counsel for immediate download via other electronic means. The parties agree that such service will be treated as personal service under Federal Rule of Civil Procedure 5(b)(2)(A).

    F.    Aside from what is set forth above, the parties presently do not anticipate requesting any changes to any discovery limitations imposed by the Federal Rules of Civil Procedure, S.D.N.Y. Local Rules, or this Court's Individual Rules of Practice.

    G.    The parties agree that nothing in this Report constitutes a waiver of any kind, including as to any party's right to propound discovery not described in this report or as to any objection to any discovery described in this report.

Dated: May 2, 2018                      Respectfully submitted,

                      By:    *s/Arun Subramanian*
                               Arun Subramanian

                               MASSEY & GAIL L.L.P.
                               Leonard A. Gail (*pro hac vice* pending)
                               Eli J. Kay-Oliphant (EK8030)
                               Suyash Agrawal (SA2189)
                               50 East Washington Street, Suite 400
                               Chicago, IL 60602
                               Telephone: (312) 283-1590
                               lgail@masseygail.com
                               ekay-oliphant@masseygail.com
                               sagrawal@masseygail.com

SUSMAN GODFREY L.L.P.
Arun Subramanian (AS2096)
Elisha Barron (EB6850)
Gloria Park (GP0913)
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019
Telephone: (212) 336-8330
asubramanian@susmangodfrey.com
ebarron@susmangodfrey.com
gpark@susmangodfrey.com

*Attorneys for Plaintiffs Joel and Mary Rich*

WILLIAMS & CONNOLLY LLP
Kevin T. Baine
Dane H. Butswinkas
Joseph M. Terry (*pro hac vice*)
Katherine A. Petti (*pro hac vice*)

725 Twelfth Street, N.W.
Washington, D.C. 20005

650 Fifth Avenue
Suite 1500
New York, NY 10019
Tel: (202) 434-5000
Fax: (202) 434-5029
kbaine@wc.com
dbutswinkas@wc.com
jterry@wc.com
kpetti@wc.com

*Attorneys for Defendant Fox News Network, LLC*

David H. Stern (*pro hac vice*)
Katherine M. Wyman
Dechert LLP
U.S. Bank Tower, 633 West 5th St., 26th Floor
Los Angeles, CA 90071
Tel: (213) 808-5700
Fax: (213) 808-5760

*Attorneys for Defendant Malia Zimmerman*

David B. Harrison

Spiro Harrison
830 Morris Turnpike, 2nd Floor
Short Hills, NJ 07078
Tel: (973) 232-0881
Fax: (973) 232-0887

*Attorney for Defendant Ed Butowsky*

**CERTIFICATE OF SERVICE**

    I hereby certify this 2nd day of May, 2018 that I caused a true and correct copy of the foregoing document to be electronically filed with the Clerk of the Court using the CM/ECF system which will send notification to the attorneys of record.

*s/ Elisha Barron*
Elisha Barron