LAW OFFICES

# WILLIAMS & CONNOLLY LLP

725 TWELFTH STREET, N.W.

WASHINGTON, D. C. 20005-5901

(202) 434-5000

FAX (202) 434-5029

JOSEPH M. TERRY
(202) 434-5320
jterry@wc.com

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)

May 11, 2018

VIA ECF

Hon. George B. Daniels
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

> Re:   *Rich et al. v. Fox News Network, LLC et al.*, No. 18-cv-02223, Request for stay of
> discovery and pre-motion discovery conference

Dear Judge Daniels:

I write on behalf of defendant Fox News Network, LLC, and with the consent of defendant
Malia Zimmerman, pursuant to your Individual Rule of Practice IV.A and Local Civil Rule 37.2.
Defendants hereby request a pre-motion discovery conference, held by teleconference, or in
person, to address Defendants' request for a stay of discovery pending a decision on the motion to
dismiss filed on May 7.  *See* Dkt. Nos. 35-37.  Plaintiffs' counsel issued various discovery requests
on April 26, 2018.

\*       \*       \*

Nearly a year after the publication of a Fox News article addressing the murder of Seth
Rich and his possible involvement in the leak of Democratic National Committee ("DNC") emails
to WikiLeaks, Mr. Rich's parents filed this lawsuit against Fox News, one of its journalists, and a
third party.  Plaintiffs' claims, though styled as causes of action for intentional infliction of
emotional distress and tortious interference, are in fact an improper attempt to assert defamation
claims on behalf of their deceased son.  Regardless of their labels, those claims seek to impose
liability based upon conduct at the core of the First Amendment:  the content of, and newsgathering
behind, that publication.  And as set forth in the Memorandum of Law in Support of Fox News's
Motion to Dismiss, the claims are both barred by the First Amendment and insufficiently pled.

Because Plaintiffs' claims implicate significant First Amendment freedoms, and discovery
regarding those claims would impose significant costs on Defendants, discovery should be stayed
until the Court determines whether the case can survive a motion to dismiss.  To permit discovery
to proceed prior to a ruling on the motion to dismiss would undermine a central purpose of 12(b)(6)
motions in defamation cases:  ensuring that the exercise of First Amendment freedoms is not

WILLIAMS & CONNOLLY LLP

May 11, 2018
Page 2

chilled by the costs of discovery on claims that are legally barred or insufficient. *See Palin v. New York Times Co.*, 264 F. Supp. 3d 527, 533 (S.D.N.Y. 2017); *Biro v. Conde Nast*, 883 F. Supp. 2d 441, 457 (S.D.N.Y. 2012).

This Court has "considerable" discretion to stay discovery pursuant to Federal Rule of Civil Procedure 26(c). *See Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013) (granting defendants' motion for a stay of discovery pending the resolution of motion to dismiss). In considering such a stay, the court should consider: (1) the strength of the motion to dismiss; (2) the breadth of discovery sought; and (3) any prejudice that would result. *Id.*; *see also* Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 2037 n.18 (3d ed. 2018). Each of those factors favors a stay.

## A.   Defendants' Motion to Dismiss is Strong and Would Dispose of All Claims

"[S]peech on public issues occupies the highest rung of the hierarchy of First Amendment values, and is entitled to special protection." *Snyder v. Phelps*, 562 U.S. 443, 452 (2011) (citing *Connick v. Myers*, 461 U.S. 138, 145 (1983)). The publication at issue here addressed two significant public issues: a leak of DNC emails that may have affected a presidential election, the unsolved murder of a young DNC staffer, and the possible relationship between the two. Speech on these subjects "is entitled to special protection." *Id.*

As discussed at length in Defendants' memorandum in support of their motion to dismiss (Dkt. 36), Plaintiffs' claims are nothing more than an improper attempt by parties who are not themselves defamed to recover damages resulting from the alleged defamation of another. *See Meeropol v. Nizer*, 381 F. Supp. 29, 39 n.3 (S.D.N.Y. 1974) ("In New York, no person, not even a close relative or descendant, can bring an action for defamation of a deceased person."). Clearly established law forecloses such claims, however they are labeled. *See, e.g., Sarwer v. Conde Nast Pubs., Inc.*, 654 N.Y.S.2d 768, 769 (App. Div. 1997). A plaintiff "cannot avoid the obstacles involved in a defamation claim by simply relabeling it as a claim for intentional infliction of emotional distress." *Chaiken v. VV Publ'g Corp.*, 119 F.3d 1018, 1034 (2d Cir. 1997).

Even if Plaintiffs' intentional infliction of emotional distress claim were not an impermissible attempt to plead around the limits on defamation claims, it would still fail. Liability for an intentional infliction of emotional distress claims "has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Howell v. N.Y. Post Co.*, 612 N.E.2d 699, 702 (N.Y. 1993). These elements are so "rigorous, and difficult to satisfy" that the New York Court of Appeals *has never* found a defendant's conduct sufficiently atrocious or intolerable to sustain an intentional infliction claim. *See Chanko v. Am. Broad. Cos.*, 49 N.E.3d 1171, 1179 (N.Y. 2016). And where, as here, a publication addresses a matter of public concern, the First Amendment bars plaintiffs from establishing the outrageousness element by reference to the content of the speech. *See Snyder*, 562 U.S. at 457-58.

WILLIAMS & CONNOLLY LLP

May 11, 2018
Page 3

  Plaintiffs' claim for tortious interference likewise fails, because there is no allegation that the Fox Defendants even knew that Wheeler was breaching a confidentiality agreement with the Riches, much less that they "actively and intentionally procured the breach for the sole purpose" of harming them. *Huggins v. Povich*, No. 131164/94, 1996 WL 515498, at *9 (N.Y. Sup. Ct. Apr. 19, 1996).  To the contrary, Fox News's reporter had a clear journalistic purpose for seeking information from Wheeler: she was writing a news story about a DNC email leak that may have affected a presidential election, and that may have been linked to an unsolved murder.

  Finally, Plaintiffs' claim for negligent supervision fails because there is no basis for any underlying claim of an intentional tort by a Fox News employee—and no allegation of facts to suggest that Fox News "knew or should have known of the employee's propensity" to commit any such tort. *See Ehrens v. Lutheran Church*, 385 F.3d 232, 235 (2d Cir. 2004).  Any such factual allegations must be "*specific allegations of the employee's past wrongdoing* to provide a basis from which to infer the employer's knowledge." *Doe v. Alsaud*, 12 F. Supp. 3d 674, 682 (S.D.N.Y. 2014) (dismissing claim) (emphasis added).  The Complaint contains none.

  For these reasons, among others, the Complaint is not likely to survive Defendants' motion to dismiss.  This prong therefore weighs in favor of a stay.

## B.  Discovery Would Impose Significant Burdens on Defendants

  The burden of discovery in a case like this weighs particularly heavily in favor of a stay in cases like this for two reasons.  *First*, the burden and expense of discovery can chill the exercise of First Amendment rights.  As this Court recently noted in *Palin v. New York Times*, "in defamation cases, Rule 12(b)(6) not only protects against the costs of meritless litigation, but provides assurance to those exercising their First Amendment rights that doing so will not needlessly become prohibitively expensive." 264 F. Supp. 3d at 533.  *See also Biro*, 883 F. Supp. 2d at 457 ("The New York Court of Appeals has explained that there is particular value in resolving defamation claims at the pleading stage, so as not to protract litigation through discovery and trial and thereby chill the exercise of constitutionally protected freedoms.") (internal citations omitted).

  *Second,* discovery in a case like this directly intrudes into the newsgathering and editorial processes, which are themselves protected by the First Amendment and the law of New York.  The First Amendment protects not only the right to publish the news, but also the right to gather it in the first place.  For "without some protection for seeking out the news, freedom of the press could be eviscerated." *Branzburg v. Hayes*, 408 U.S. 665, 681 (1972).  Discovery in a case such as this undermines that protection, as "the ability of a reporter or news publication to gather information in confidence and to sift and edit privately without being subject to governmental or court orders of disclosure is an important facet of the ability of the press to learn and publish news." *Matter of Forbes Magazine*, 494 F. Supp. 780, 782 (S.D.N.Y. 1980).

  Plaintiffs' opening salvo of document requests and interrogatories is broad and goes to the core of Fox's newsgathering.  Plaintiffs seek *all documents* related to research, drafting and editing

WILLIAMS & CONNOLLY LLP

May 11, 2018
Page 4

of the Rich story (including those related to or referring to *any* sources, including confidential sources); the identification of *every person* who worked on the story; and *all* documents and communications with law enforcement related to the DNC email leak, just to name a few categories. *See* Exs. 1 & 2. Plaintiffs' requests clearly seek out information regarding confidential sources, and even if they did not, the requests nevertheless "seek to examine the reportorial and editorial processes." *Application of Consumers Union of U.S., Inc.*, 495 F. Supp. 582, 586 (S.D.N.Y. 1980). "Such discovery would represent a substantial intrusion on fact gathering and editorial privacy which are significant aspects of a free press." *Id.*

In just their initial set of what will likely be extensive requests for document production and dozens of depositions, Plaintiffs have already asked for a broad range of communications between individuals inside and outside of Fox News, and for information about its newsgathering processes more generally. These requests place substantial burdens on Fox, especially considering the sensitivity of the matters touched by the story.

Such extensive discovery also places a burden on this Court, when it is very unclear if any of Plaintiffs' claims will survive the motion to dismiss. Judicial efficiency would also be aided by a stay, as it would permit discovery to be conducted in a more tailored fashion on only any remaining claims. *See Mireskandari v. Daily Mail & Gen. Tr. PLC*, No. CV 12-02943 MMM (FFMx), 2013 WL 12129944, at *4 (C.D. Cal. Jan. 14, 2013). Thus, the factor considering the burden on Defendants in responding to discovery, plus other considerations of judicial economy, weigh in favor of a stay.

### C.    The Prejudice on Plaintiffs in a Stay of Discovery is Negligible

Finally, Plaintiffs will not be prejudiced by having the Court address the pending motion before allowing discovery to commence. The article at issue was published and retracted almost a year ago. Plaintiffs waited many months to bring their case, and they identify no risk that documents or witnesses sought in discovery would not be available after this Court returns a decision on the motion to dismiss. *See Mireskandari,* 2013 WL 12129944, at *5 (finding that the prong considering any prejudice to the plaintiff weighed in favor of a stay, in part because plaintiff "delayed years after the events alleged in the complaint to file suit" and offered only "overly speculative" suggestion "that important witnesses will die while a stay is in effect"). As in *Mireskandari*, a stay is appropriate because "Defendants . . . have not requested a lengthy stay; they ask only that proceedings be stayed until the court rules" on their pending motion. *Id.*

Plaintiffs have identified no urgent need for discovery that would outweigh the serious burden on Defendants in responding to discovery requests that relate to various meritless claims and that seek to reveal important sources for reporting on a matter of public concern. Plaintiffs are not entitled to extensive discovery on any meritless claim, and should any claim survive a motion to dismiss, they can seek discovery on that claim at that time.

WILLIAMS & CONNOLLY LLP

May 11, 2018
Page 5

Respectfully submitted,

*s/ Joseph M. Terry*
Joseph M. Terry
*Counsel for Fox News Network, LLC*

*With Consent,*

DECHERT LLP
David H. Stern (*pro hac vice*)
*Counsel for Malia Zimmerman*

cc:    Counsel of Record (via ECF)

# EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------- X
JOEL RICH and MARY RICH,               :     Civil Action No. 1:18-cv-02223

                               :

              Plaintiffs,    :

                               :

              v.          :

                               :

FOX NEWS NETWORK, LLC, MALIA    :
ZIMMERMAN in her individual and professional  :
capacities, and ED BUTOWSKY, in his individual  :
and professional capacities,    :

                               :

              Defendants.    :
------------------------------------------------------------- X

**PLAINTIFFS' FIRST SET OF INTERROGATORIES**
**TO DEFENDANT FOX NEWS NETWORK, LLC**

      Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiffs Joel Rich

and Mary Rich (collectively, "Plaintiffs") request that Defendant Fox News Network, LLC

("Fox") respond to the following interrogatories, within thirty (30) days of service.

**DEFINITIONS AND INSTRUCTIONS**

      1.     The definitions and rules of construction set forth in Federal Rule of Civil

Procedure 34 and Rule 26.3 of the Local Civil Rules of the United States District Court for the

Southern District of New York (the "Local Civil Rules") are hereby incorporated and shall apply

to Plaintiffs' First Set of Interrogatories to Defendant Fox News Network, LLC (hereinafter, the

"Requests"). These definitions shall apply throughout the Requests without regard to

capitalization.

      2.     In addition to the definitions and rules of construction set forth in Local Civil

Rule 26.3, to bring within the scope of the Requests all documents that might otherwise be

construed to be outside of their scope, the following additional definitions and rules of

construction shall apply: (i) the masculine, feminine, or neutral pronoun shall not exclude other genders; (ii) the word "including" shall be read to mean "including without limitation"; (iii) the present tense shall be construed to include the past tense and vice versa; (iv) references to employees, officers, directors, or agents shall include both current and former employees, officers, directors, or agents; and (v) the use of the singular form of any word includes the plural and vice versa.

3.      As used in these requests, the following terms are to be interpreted in accordance with the following definitions:

a.      <u>All/Any/Each</u>:  The terms "all," "any," and "each" have the meaning set forth in Local Civil Rule 26.3(d)(1).

b.      <u>And/Or</u>: The terms "and" and "or" have the meaning set forth in Local Civil Rule 26.3(d)(2).

c.      <u>Agreement</u>: The term "agreement" means any oral or written contract, arrangement or understanding, whether formal or informal, between two or more persons, together with all modifications or amendments thereto.

d.      <u>Communication</u>: The term "communication" has the meaning set forth in Local Civil Rule 26.3(c)(1).

e.      <u>Concerning</u>: The term "concerning" has the meaning set forth in Local Civil Rule 26.3(c)(7).

f.      <u>Defendants</u>: The term "Defendants" means: Fox News Network, LLC, Malia Zimmerman, and Ed Butowsky.

    g. <u>DNC Wikileaks Incident</u>: The term "DNC Wikileaks Incident" refers to the events leading up to and including the publication by Wikileaks of emails and attachments of the Democratic National Committee ("DNC") in 2016.

    h. <u>Document</u>: The term "document" has the meaning set forth in Local Civil Rule 26.3(c)(2).

    i. <u>Elected Official</u>: The term "Elected Official" means any current, former, or prospective (past or present) official for elected office, and any staff member, agent, or member of any campaign, administration, or office of any current, former, or prospective elected official.

    j. <u>Employee</u>: The term "Employee" means, without limitation, current and former officers, directors, executives, managers, sales personnel, secretaries, clerical staff, messengers, or any other person paid directly or indirectly by You.

    k. <u>Electronically Stored Information/ESI</u>: The terms "electronically stored information" or ESI refer to any portion of data available only on a computer or other device capable of storing electronic data. "Electronically stored information" includes, but is not limited to, email (whether conducted intra-company using company email addresses or conducted through an individual, non-company account (*e.g.*, Bloomberg, Gmail, Yahoo!, or AOL)), spreadsheets, databases, word processing documents, images, presentations, application files, executable files, log files, and all other files present on any type of device capable of storing electronic data. Devices capable of storing electronically stored information include, but are not limited to: servers, desktop computers, portable computers, handheld computers, flash memory devices, wireless communication devices, pagers, workstations, minicomputers, mainframes, and all other forms of online or offline storage, whether on or off company premises. ESI is meant to

include instant messages (such as but not limited to Signal, Cisco Jabber, IBM Sametime, Wickr, ICQ, Kik, BBM, Gchat, Slack, and similar types of messages), **cell phone text messages (SMS messages and MMS messages**), **voicemail messages**, and similar types of messages.  ESI is also meant to include any records of such communications or messages, including phone records. ESI is meant to include any social media communication (such as but not limited to Twitter, Facebook, and Periscope). For any document kept in electronic form, the term "document" includes any metadata associated with the document.

l.      <u>Fox</u>: The term "Fox" means Fox News Network, LLC and its past or present subsidiaries, affiliates, attorneys, agents, representatives or other persons acting on behalf of Fox, including but not limited to any local affiliates or contributors, whether paid or unpaid.

m.      <u>Law Enforcement</u>: The term "Law Enforcement" means any current or former member of any government organization devoted to investigation or enforcement of law, including, but not limited to the D.C. Metropolitan Police Department, the Federal Bureau of Investigation, the Central Intelligence Agency, any District Attorney office, and any United States Attorney office.

n.      <u>Meeting</u>: The term "meeting" means the contemporaneous presence of two or more persons (whether in person or via any electronic method of communication including all telephonic, computer, and electronic-assisted communications), whether such presence was pre-arranged or by chance, formal or informal, business or personal, or occurred in connection with or as part of some other activity or purpose.

o.      <u>Person</u>: The term "person" has the meaning set forth in Local Civil Rule 26.3(c)(6).

      p.    <u>Retraction</u>: The term "Retraction" shall refer to Fox's retraction of the Zimmerman News Article, which occurred on May 23, 2017, and stated "[o]n May 16, a story was posted on the Fox News website on the investigation into the 2016 murder of DNC Staffer Seth Rich. The article was not initially subjected to the high degree of editorial scrutiny we require for all our reporting. Upon appropriate review, the article was found not to meet those standards and has since been removed."

      q.    <u>Retraction Review</u>: The term "Retraction Review" shall refer to the "appropriate review" referenced by Fox in the Retraction.

      r.    <u>Rich Family</u>: The term the "Rich Family" means Joel, Mary, Aaron, or Seth Rich, together, individually, or in any combination.

      s.    <u>Rich/Wikileaks News Items</u>: The term "Rich/Wikileaks News Items" means any article, interview, segment or other news item whether or not ultimately published or aired, including, but not limited to all such materials that relate or refer to both Seth Rich and Wikileaks and aired or published or contemplated to be aired or published on foxnews.com, the Fox News television station, or the Washington, D.C. local Fox affiliate.

      t.    <u>You/Your</u>: The terms "you" or "your" means Fox News Networks, LLC and its past or present subsidiaries, affiliates, attorneys, agents, representatives or other persons acting on behalf of Fox, including but not limited to any local affiliates or contributors, whether paid or unpaid.

      u.    <u>Zimmerman News Article</u>: The term "Zimmerman News Article" shall mean, each of the two articles authored by Malia Zimmerman and published by Fox News on May 16, 2017.  If used in the plural ("Zimmerman News Articles"), this term shall mean both the articles, together.

4.      Unless otherwise directed, these requests seek information dating from May 1, 2016 to the present.

5.      If You object to any Request, You must do as follows:

a.      If You withhold information, a document, or electronically stored information under claim of privilege (including the work product doctrine), provide the information set forth in Local Rule 26.2 (a): (i) the type of document, e.g., letter or memorandum; (ii) the general subject matter of the document; (iii) the date of the document; and (iv) such other information as is sufficient to (a) identify the document for a subpoena duces tecum, including, where appropriate, the author of the document, the addressees of the document, and any other recipients shown in the document, and, where not apparent, the relationship of the author, addressees, and recipients to each other; and (b) evaluate the claim of privilege.

b.      If You object for any reason other than privilege, You must identify the withheld information or document and, in addition to the information requested above, state the reason for withholding the same.

c.      If You object to a request on the ground that responding would be unduly burdensome, You must respond to that request to the extent not unduly burdensome and explain what information is being withheld and the exact nature of the burden.

6.      These requests are continuing and require supplemental responses as specified in Federal Rule of Civil Procedure 26(e) if You (or any person acting on Your behalf) obtain additional information called for by the request between the time of the original response and the time set for trial. Each supplemental response shall be served on Plaintiffs no later than thirty (30) days after the discovery of additional, responsive information, and in no event shall any supplemental response be served later than sixty (60) days before trial.

## <u>INTERROGATORIES</u>

### <u>INTERROGATORY NO. 1</u>:

State the names of all persons who drafted, edited, reviewed, investigated, or approved any Zimmerman News Article prior to publication, regardless of whether they are employees or otherwise affiliated with Fox, and for each state whether they drafted, edited, reviewed, investigated, and/or approved such Zimmerman News Article for publication.

### <u>INTERROGATORY NO. 2</u>:

State the names of all persons who drafted, edited, reviewed, investigated, or approved any Rich/Wikileaks News Item, other than the Zimmerman News Articles, regardless of whether they are employees or otherwise affiliated with Fox, and for each state whether they drafted, edited, reviewed, investigated, and/or approved such Rich/Wikileaks News Item.

### <u>INTERROGATORY NO. 3</u>:

State the names of all persons who were involved in the Retraction Review, and for each state whether they provided approvals necessary for the Retraction's publication.

Dated: April 26, 2018                           Respectfully submitted,

                                       By:       *s/Arun Subramanian*
                                                 Arun Subramanian

                                                 MASSEY & GAIL L.L.P.
                                                 Leonard A. Gail (*pro hac vice* pending)
                                                 Eli J. Kay-Oliphant (EK8030)
                                                 Suyash Agrawal (SA2189)
                                                 50 East Washington Street, Suite 400
                                                 Chicago, IL 60602
                                                 Telephone: (312) 283-1590

lgail@masseygail.com
ekay-oliphant@masseygail.com
sagrawal@masseygail.com

SUSMAN GODFREY L.L.P.
Arun Subramanian (AS2096)
Elisha Barron (EB6850)
Gloria Park (GP0913)
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019
Telephone: (212) 336-8330
asubramanian@susmangodfrey.com
ebarron@susmangodfrey.com
gpark@susmangodfrey.com

*Attorneys for Plaintiffs Joel and Mary Rich*

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that a true and correct copy of the foregoing instrument has been served

on the following counsel of record via email, this 26th day of April, 2018, as indicated below:

**ATTORNEY(S) FOR DEFENDANT FOX NEWS NETWORK LLC:**
Kevin T. Baine
Email: kbaine@wc.com
Katherine A. Petti
Email: kpetti@wc.com
**WILLIAMS & CONNOLLY LLP**
725 Twelfth St. N.W.
Washington, DC 20005

Dane H. Butswinkas
Email: dbutswinkas@wc.com
Joseph M. Terry
Email: jterry@wc.com
**WILLIAMS & CONNOLLY LLP**
650 Fifth Avenue
Suite 1500
New York, NY 10019

**ATTORNEY(S) FOR DEFENDANT MALIA ZIMMERMAN:**
David Stern
Email: david.stern@dechert.com
**DECHERT LLP**
633 West 5th Street
Suite 4900
Los Angeles, CA 90071-2013

Katherine M. Wyman
Email: katherine.wyman@dechert.com
**DECHERT LLP**
1095 Avenue of the Americas
New York, New York 10036-6797


**ATTORNEY(S) FOR DEFENDANT ED BUTOWSKY:**
David B. Harrison
Email: dharrison@spiroharrison.com
**SPIRO HARRISON**
830 Morris Turnpike, 2nd Floor
Short Hills, NJ 07078


                                        _s/ Elisha Barron_____
                                        Elisha Barron

# EXHIBIT 2

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------- X
JOEL RICH and MARY RICH,                          :      Civil Action No. 1:18-cv-02223
                                                  :
                              Plaintiffs,         :
                                                  :
               v.                                 :
                                                  :
FOX NEWS NETWORK, LLC, MALIA                      :
ZIMMERMAN in her individual and professional      :
capacities, and ED BUTOWSKY, in his individual    :
and professional capacities,                      :
                                                  :
                              Defendants.         :
------------------------------------------------------------- X

### PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT FOX NEWS NETWORK, LLC

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiffs Joel Rich and Mary Rich (collectively, "Plaintiffs") request that Defendant Fox News Network, LLC ("Fox") produce the following documents for inspection and copying, within thirty (30) days of service, at the offices of Susman Godfrey LLP, 1301 Avenue of the Americas, 32nd Floor, New York, New York 10019, or at such other location as the parties may mutually designate in writing.

## <u>DEFINITIONS AND INSTRUCTIONS</u>

1.      The definitions and rules of construction set forth in Federal Rule of Civil

Procedure 34 and Rule 26.3 of the Local Civil Rules of the United States District Court for the

Southern District of New York (the "Local Civil Rules") are hereby incorporated and shall apply

to Plaintiffs' First Set of Requests for Production of Documents to Defendant Fox (hereinafter,

the "Requests"). These definitions shall apply throughout the Requests without regard to

capitalization.

2.      In addition to the definitions and rules of construction set forth in Local Civil

Rule 26.3, to bring within the scope of the Requests all documents that might otherwise be

construed to be outside of their scope, the following additional definitions and rules of

construction shall apply: (i) the masculine, feminine, or neutral pronoun shall not exclude other

genders; (ii) the word "including" shall be read to mean "including without limitation"; (iii) the

present tense shall be construed to include the past tense and vice versa; (iv) references to

employees, officers, directors, or agents shall include both current and former employees,

officers, directors, or agents; and (v) the use of the singular form of any word includes the plural

and vice versa.

3.      As used in these requests, the following terms are to be interpreted in accordance

with the following definitions:

        a.      <u>All/Any/Each</u>:  The terms "all," "any," and "each" have the meaning set

forth in Local Civil Rule 26.3(d)(1).

        b.      <u>And/Or</u>: The terms "and" and "or" have the meaning set forth in Local

Civil Rule 26.3(d)(2).

        c.      <u>Agreement</u>: The term "agreement" means any oral or written contract, arrangement or understanding, whether formal or informal, between two or more persons, together with all modifications or amendments thereto.

        d.      <u>Communication</u>: The term "communication" has the meaning set forth in Local Civil Rule 26.3(c)(1).

        e.      <u>Concerning</u>: The term "concerning" has the meaning set forth in Local Civil Rule 26.3(c)(7).

        f.      <u>Defendants</u>: The term "Defendants" means: Fox News Network, LLC, Malia Zimmerman, and Ed Butowsky.

        g.      <u>DNC Wikileaks Incident</u>: The term "DNC Wikileaks Incident" refers to the events leading up to and including the publication by Wikileaks of emails and attachments of the Democratic National Committee ("DNC") in 2016.

        h.      <u>Document</u>: The term "document" has the meaning set forth in Local Civil Rule 26.3(c)(2).

        i.      <u>Elected Official</u>: The term "Elected Official" means any current, former, or prospective (past or present) official for elected office, and any staff member, agent, or member of any campaign, administration, or office of any current, former, or prospective elected official.

        j.      <u>Employee</u>: The term "Employee" means, without limitation, current and former officers, directors, executives, managers, sales personnel, secretaries, clerical staff, messengers, or any other person paid directly or indirectly by You.

        k.      <u>Electronically Stored Information/ESI</u>: The terms "electronically stored information" or ESI refer to any portion of data available only on a computer or other device

capable of storing electronic data. "Electronically stored information" includes, but is not limited to, email (whether conducted intra-company using company email addresses or conducted through an individual, non-company account (*e.g.*, Bloomberg, Gmail, Yahoo!, or AOL)), spreadsheets, databases, word processing documents, images, presentations, application files, executable files, log files, and all other files present on any type of device capable of storing electronic data. Devices capable of storing electronically stored information include, but are not limited to: servers, desktop computers, portable computers, handheld computers, flash memory devices, wireless communication devices, pagers, workstations, minicomputers, mainframes, and all other forms of online or offline storage, whether on or off company premises. ESI is meant to include instant messages (such as but not limited to Signal, Cisco Jabber, IBM Sametime, Wickr, ICQ, Kik, BBM, Gchat, Slack, and similar types of messages), **cell phone text messages (SMS messages and MMS messages)**, **voicemail messages**, and similar types of messages.  ESI is also meant to include any records of such communications or messages, including phone records. ESI is meant to include any social media communication (such as but not limited to Twitter, Facebook, and Periscope). For any document kept in electronic form, the term "document" includes any metadata associated with the document.

   l.  Fox: The term "Fox" means Fox News Network, LLC and its past or present subsidiaries, affiliates, attorneys, agents, representatives or other persons acting on behalf of Fox, including but not limited to any local affiliates or contributors, whether paid or unpaid.

   m.  Law Enforcement: The term "Law Enforcement" means any current or former member of any government organization devoted to investigation or enforcement of law, including, but not limited to the D.C. Metropolitan Police Department, the Federal Bureau of

Investigation, the Central Intelligence Agency, any District Attorney office, and any United

States Attorney office.

       n.     <u>Meeting</u>: The term "meeting" means the contemporaneous presence of

two or more persons (whether in person or via any electronic method of communication

including all telephonic, computer, and electronic-assisted communications), whether such

presence was pre-arranged or by chance, formal or informal, business or personal, or occurred in

connection with or as part of some other activity or purpose.

       o.     <u>Person</u>: The term "person" has the meaning set forth in Local Civil Rule

26.3(c)(6).

       p.     <u>Retraction</u>: The term "Retraction" shall refer to Fox's retraction of the

Zimmerman News Article, which occurred on May 23, 2017, and stated "[o]n May 16, a story

was posted on the Fox News website on the investigation into the 2016 murder of DNC Staffer

Seth Rich. The article was not initially subjected to the high degree of editorial scrutiny we

require for all our reporting. Upon appropriate review, the article was found not to meet those

standards and has since been removed."

       q.     <u>Retraction Review</u>: The term "Retraction Review" shall refer to the

"appropriate review" referenced by Fox in the Retraction.

       r.     <u>Rich Family</u>: The term the "Rich Family" means Joel, Mary, Aaron, or

Seth Rich, together, individually, or in any combination.

       s.     <u>Rich/Wikileaks News Items</u>: The term "Rich/Wikileaks News Items"

means any article, interview, segment or other news item whether or not ultimately published or

aired, including, but not limited to all such materials that relate or refer to both Seth Rich and

Wikileaks and aired or published or contemplated to be aired or published on foxnews.com, the

Fox News television station, or the Washington, D.C. local Fox affiliate.

        t.     <u>You/Your</u>: The terms "you" or "your" means Fox News Networks, LLC

and its past or present subsidiaries, affiliates, attorneys, agents, representatives or other persons

acting on behalf of Fox, including but not limited to any local affiliates or contributors, whether

paid or unpaid.

        u.     <u>Zimmerman News Article</u>: The term "Zimmerman News Article" shall

mean, each of the two articles authored by Malia Zimmerman and published by Fox News on

May 16, 2017.  If used in the plural ("Zimmerman News Articles"), this term shall mean both the

articles, together.

     4.     Unless otherwise directed, these requests seek documents dating from May 1,

2016 to the present.

     5.     Any document bearing on any sheet any marks which are not a part of the original

text (including, by way of example and not by way of limitation, initials, stamped indicia,

comment, or notation of any character) is to be considered a separate document from the original

for the purposes of these Requests.

     6.     If any document is no longer in existence, state for each such document the type

of document, the information contained therein, the date upon which the document ceased to

exist, the circumstances under which the document ceased to exist, the location where the

document was destroyed, the identity of all persons having knowledge of the circumstances

under which the document ceased to exist, and the identity of all persons having knowledge or

who had knowledge of the document's contents.

7.      In producing documents and ESI, You are requested to furnish all documents, ESI, or things in Your possession, custody or control, regardless of the physical location of the documents or ESI, or whether such documents or ESI or other materials are possessed directly by You or your directors, officers, agents, employees, representatives, subsidiaries, managing agents, affiliates, investigators, or by your attorneys or their agents, employees, representatives, or investigators.

8.      Except as otherwise stated herein, all ESI shall be produced in a format to be agreed upon by the parties.

9.      If You object to producing a document or electronically stored information, You must do as follows:

a.      If You withhold a document or electronically stored information under claim of privilege (including the work product doctrine), provide the information set forth in Local Rule 26.2 (a): (i) the type of document, e.g., letter or memorandum; (ii) the general subject matter of the document; (iii) the date of the document; and (iv) such other information as is sufficient to (a) identify the document for a subpoena duces tecum, including, where appropriate, the author of the document, the addressees of the document, and any other recipients shown in the document, and, where not apparent, the relationship of the author, addressees, and recipients to each other; and (b) evaluate the claim of privilege.

b.      If You object for any reason other than privilege, You must identify the withheld document and, in addition to the information requested above, state the reason for withholding the document.

c.      If You object to a request on the ground that production would be unduly burdensome, You must produce all responsive documents to that request that You can produce

without undue burden and explain which documents are being withheld and the exact nature of the burden.

10.     When a document contains both privileged and non-privileged material, the non-privileged material must be disclosed to the fullest extent possible without thereby disclosing the privileged material. If a privilege is asserted with regard to part of the material contained in a document, You must clearly indicate the portions as to which the privilege is claimed. When a document has been redacted, identify as to each such document the reason for the redaction. Any redaction must be clearly indicated on the face of the redacted document.

11.     When producing audio recordings or transcripts thereof, indicate for each recording or transcript the file name of the recording or transcript and the date and starting and ending time thereof. Plaintiffs request that responsive ESI contained on the audio recordings or audio tapes be produced either in mutually-agreed upon native audio file format, (such as .wav) or as searchable text on External USB 2.0 hard drives with clear breaks delineating between messages/conversations. Plaintiffs further request that Defendants provide all catalog information concerning the audio recordings or tapes, including the following: date of conversation, custodian, conversation participants, conversation description, time of conversation and original file format. Plaintiffs also request that Defendant's conversion process, including tools used to create searchable text be documents and be shared with Plaintiffs to assure quality in this process. Plaintiffs are willing to meet and confer on the actual text deliverable formatted and load file specifications once Defendant shares more details about the quantity and current format of these audio files.

12.     Furnish all documents or material in your possession, custody or control, regardless of whether such documents or materials are possessed directly by your or Your

directors, officers, agents, employees, representatives, subsidiaries, managing agents, affiliates, investigators or by Your attorneys or their agents, employees, representatives or investigators.

13.     These document requests are continuing and require supplemental responses as specified in Federal Rule of Civil Procedure 26(e) if You (or any person acting on Your behalf) obtain additional information called for by the request between the time of the original response and the time set for trial. Each supplemental response shall be served on Plaintiffs no later than thirty (30) days after the discovery of additional, responsive information, and in no event shall any supplemental response be served later than sixty (60) days before trial.

14.     Pursuant to Rule 34(b) of the Federal Rules of Civil Procedure, documents shall be produced as they are kept in the usual course of business or segregated as responsive to a specific request enumerated in this First Request for Production of Documents.

## REQUEST FOR PRODUCTION OF DOCUMENTS

### REQUEST FOR PRODUCTION NO. 1:

All documents and/or communications relating or referring to the Rich Family or any member of the Rich Family.

### REQUEST FOR PRODUCTION NO. 2:

All documents and/or communications relating or referring to any sources for any Rich/Wikileaks News Item.

### REQUEST FOR PRODUCTION NO. 3:

All documents regarding and/or communications with or about Ed Butowsky, including but not limited to: (1) any Agreements, informal or formal between Mr. Butowsky and Fox; (2) any compensation exchanged between Fox (including any employee, agent, or affiliate) and Mr.

Butowsky; (3) any articles authored or appearances by Mr. Butowsky on Fox; and (4) any communications of any kind.  There is no time limit on this request.

**REQUEST FOR PRODUCTION NO. 4:**

All documents regarding and/or communications with or about Rod Wheeler, including but not limited to (1) any Agreements, informal or formal between Mr. Wheeler and Fox; (2) any compensation exchanged between Fox (including any employee, agent, or affiliate) and Mr. Wheeler; (3) any articles authored or appearances by Mr. Wheeler on Fox; and (4) any communication of any kind between You and Mr. Wheeler.  There is no time limit on this request.

**REQUEST FOR PRODUCTION NO. 5:**

All documents regarding and/or communications with or about any Law Enforcement in connection with the DNC Wikileaks Incident.  There is no time limit on this request.

**REQUEST FOR PRODUCTION NO. 6:**

All documents reflecting the organization of Fox, and its relationship with any affiliates, as of June 1, 2016, including but not limited to organizational charts.

**REQUEST FOR PRODUCTION NO. 7:**

All documents and/or communications regarding or reflecting any investigation into the sources or support for the Zimmerman News Articles both before and after publication, including but not limited to the Retraction Review, the Retraction, and any other investigation related to publication of any Rich/Wikileaks News Items.

**REQUEST FOR PRODUCTION NO. 8:**

All documents and/or communications reflecting persons at Fox (including employees, agents, contributors, independent contractors or other individuals) who were involved in any way with any Rich/Wikileaks News Items, including but not limited those who investigated, wrote, edited, or produced such Rich/Wikileaks News Items, and those who managed or supervised Malia Zimmerman, Marina Marraco, Sean Hannity, and/or any other Fox employee or contributor involved in any Rich/Wikileaks News Item.

## REQUEST FOR PRODUCTION NO. 9:

Any documents and/or communications with or regarding Sy Hersh.

## REQUEST FOR PRODUCTION NO. 10:

Any documents and/or communications reflecting Fox's policies regarding journalistic integrity, investigation of sources, treatment of sources, disclosure of sources, interaction with law enforcement, interaction with government officials, internal review processes, treatment of paid and unpaid contributors.

Dated: April 26, 2018                    Respectfully submitted,

By:        *s/Arun Subramanian*_____
           Arun Subramanian

           MASSEY & GAIL L.L.P.
           Leonard A. Gail (*pro hac vice* pending)
           Eli J. Kay-Oliphant (EK8030)
           Suyash Agrawal (SA2189)
           50 East Washington Street, Suite 400
           Chicago, IL 60602
           Telephone: (312) 283-1590
           lgail@masseygail.com
           ekay-oliphant@masseygail.com
           sagrawal@masseygail.com

           SUSMAN GODFREY L.L.P.

Arun Subramanian (AS2096)
Elisha Barron (EB6850)
Gloria Park (GP0913)
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019
Telephone: (212) 336-8330
asubramanian@susmangodfrey.com
ebarron@susmangodfrey.com
gpark@susmangodfrey.com

*Attorneys for Plaintiffs Joel and Mary Rich*


## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing instrument has been served

on the following counsel of record via email, this 26th day of April, 2018, as indicated below:

**ATTORNEY(S) FOR DEFENDANT FOX NEWS NETWORK LLC:**
Kevin T. Baine
Email: kbaine@wc.com
Katherine A. Petti
Email: kpetti@wc.com
**WILLIAMS & CONNOLLY LLP**
725 Twelfth St. N.W.
Washington, DC 20005

Dane H. Butswinkas
Email: dbutswinkas@wc.com
Joseph M. Terry
Email: jterry@wc.com


**WILLIAMS & CONNOLLY LLP**
650 Fifth Avenue
Suite 1500
New York, NY 10019


**ATTORNEY(S) FOR DEFENDANT MALIA ZIMMERMAN:**
David Stern
Email: david.stern@dechert.com
**DECHERT LLP**

633 West 5th Street
Suite 4900
Los Angeles, CA 90071-2013

Katherine M. Wyman
Email: katherine.wyman@dechert.com
**DECHERT LLP**
1095 Avenue of the Americas
New York, New York 10036-6797


**ATTORNEY(S) FOR DEFENDANT ED BUTOWSKY:**
David B. Harrison
Email: dharrison@spiroharrison.com
**SPIRO HARRISON**
830 Morris Turnpike, 2nd Floor
Short Hills, NJ 07078



                                        *s/ Elisha Barron*_____
                                        Elisha Barron