SUSMAN GODFREY L.L.P.
A REGISTERED LIMITED LIABILITY PARTNERSHIP
32ND FLOOR
1301 AVENUE OF THE AMERICAS
NEW YORK, NEW YORK 10019-6023
(212) 336-8330
FAX (212) 336-8340
WWW.SUSMANGODFREY.COM

_____

| SUITE 5100 | SUITE 1400 | SUITE 3800 |
| 1000 LOUISIANA STREET | 1900 AVENUE OF THE STARS | 1201 THIRD AVENUE |
| HOUSTON, TEXAS 77002-5096 | LOS ANGELES, CALIFORNIA 90067-6029 | SEATTLE, WASHINGTON 98101-3000 |
| (713) 651-9366 | (310) 789-3100 | (206) 516-3880 |

ARUN SUBRAMANIAN
DIRECT DIAL (212) 471-8346

E-MAIL ASUBRAMANIAN@susmangodfrey.com

May 14, 2018

**Via Hand Delivery and ECF**

Hon. George B. Daniels
United States Judge
U.S. District Court for the
Southern District of New York
500 Pearl Street, Chambers 1310
New York, NY 10007-1312

Re:   *Rich v. Fox et al.*, 18-cv-2223-GBD – Defendants' Request for stay of discovery and pre-motion discovery conference.

Dear Judge Daniels:

We represent Plaintiffs Joel and Mary Rich in the subject action and write in response to Defendants Fox News Network, LLC's ("Fox") and Malia Zimmerman's ("Zimmerman") request for a pre-motion discovery conference on a proposed motion for a stay of discovery pending a decision on Defendants' motion to dismiss. Dkt. 41; *see also* Dkt. 43 (letter by Defendant Ed Butowsky ("Butowsky") joining Fox's request based on his as-yet-unfiled motion to dismiss).

Fox and Zimmerman filed their motion to dismiss on May 7 and requested oral argument. Dkt. 35, 38. The Court granted Fox and Zimmerman's request and scheduled oral argument for June 20, 2018, at which time the case will have been pending for over three months. Dkt. 39. Butowsky's motion to dismiss is expected to be filed on May 14, 2018. *See* Dkt. 43. The parties submitted an agreed-upon briefing schedule for both motions to dismiss, subject to the Court's approval. Dkt. 40.

With respect to Defendants' request for a pre-motion discovery conference, Plaintiffs do not object to a conference. Plaintiffs do not believe that the letter request for such a conference is the appropriate place for Defendants to argue the

May 14, 2018
Page 2

merits of Defendants' motions to dismiss. Plaintiffs will demonstrate why Defendants' motions lack merit in their opposition papers and at oral argument or, if necessary, in response to a motion to stay.

With respect to the stay itself, full discovery ought not be completely halted while Defendants' motions are briefed and await adjudication. Defendants' own arguments, set forth in their pre-motion letters, are fact-intensive. They go, for example, to the scope and severity of Fox and Zimmerman's conduct, and their contacts with Butowsky and Wheeler. Butowsky's letter references allegations of "a communication to Fox producers and on-air talent [in New York]" – allegations which Plaintiffs are entitled to probe as relevant to both liability and whether Butowsky's conduct (the communication with Fox being just one New York-centric example) subjects him to jurisdiction in New York.

In light of the fact-intensive nature of the arguments, Plaintiffs believe the parties should proceed with discovery that will impose a minimal burden on defendants: (1) negotiating and establishing a protective order to govern confidential or sensitive discovery materials; (2) exchanging Rule 26(a)(1) initial disclosures; and (3) negotiating a protocol for the production of electronically stored information.

Furthermore, Plaintiffs have served only three interrogatories on each Defendant, one exemplar of which is attached as Exhibit 1 to Fox's letter request. *See* Dkt. 41-1. These three interrogatories simply seek basic information about the identity of pertinent witnesses and their knowledge. They are not unduly burdensome. With respect to Plaintiffs' document requests, Defendants should produce any responsive, non-privileged documents that they have *already collected* in connection with their (and their attorneys') diligence into the sources for the Zimmerman articles regarding Seth Rich, and any investigation for this case and/or for *Wheeler v. Twenty-First Century Fox, Inc.*, 17-CV-5807. Mr. Butowsky should produce all communications with Wheeler, Zimmerman, and Fox, including any agreements. Finally, there is no reason why third-party discovery cannot commence—especially as that, too, may take time and would impose no burdens on Defendants.

With the above circumscribed scope of discovery, Plaintiffs are prepared to defer their additional party discovery until after the Court hears arguments on the Defendants' motions to dismiss. At that juncture, Plaintiffs can ask the Court to permit further discovery in full, and the Court may consider any request with the benefit of briefing and argument on the motions.

May 14, 2018
Page 3

This Court has admonished that "[a]bsent extraordinary circumstances," cases should be managed so that they are "ready for trial within *six months*." Dkt. 15 (emphasis added). Plaintiffs believe that proceeding with at least the limited discovery described above will at least help move this case forward.

We are happy to appear for and participate in a pre-motion discovery conference with the Court. Thank you.

Respectfully,

*s/ Arun Subramanian*

Arun Subramanian