# SPIRO|HARRISON

David Harrison
973.232.4109
dharrison@spiroharrison.com

July 9, 2018

**VIA ECF**

Hon. George B. Daniels
United States District Judge
Daniel Patrick Moynihan United States Courthouse
Chambers: Room 1310
500 Pearl Street
New York, NY 10007-1312

> Re:   *Rich v. Fox News Network et al.*, Civ. No. 18-cv-02223

Dear Judge Daniels:

We submit this supplemental letter brief in response to Plaintiff Joel and Mary Rich's June 29, 2018 letter to the Court, which was meant to address specific issues raised by the Court at the June 20, 2018 hearing on Defendants' motions to dismiss Plaintiffs' complaint.

Contrary to Plaintiffs' contention, Defendants arguments are not "fact-intensive," but instead focus on the utter insufficiency of the pleadings. That is to say, Defendants have set forth that even when given every possible favorable inference, the allegations in the complaint fall short of stating cognizable claims and also fail to allege facts sufficient to demonstrate personal jurisdiction over Defendant Ed Butowsky. Defendant Butowsky does not base his argument on the fact that discovery will show that he did not have sufficient New York contacts; to the contrary, Defendant has asserted that Plaintiffs have failed to even *allege* sufficient contacts with New York to support jurisdiction. Similarly, for "outrageousness," Defendants have argued that even when viewed in their most favorable light and taken as true, the facts as alleged in the Complaint do not rise to the required level of extreme and outrageous for a claim of intentional infliction of emotional distress. Discovery is not required in this case where even if the allegations are borne out through discovery what has been alleged is not enough to support the claims. In such an instance, the claims must be dismissed at the pleadings stage.

<u>Tortious Interference with Contract</u>

If no valid contract exists, no claim for tortious interference with contract can lie. Plaintiffs state in their letter that the "valid contract" element merely requires the "existence of a contract, enforceable by the plaintiff." Plaintiff's June 29, 2018 letter at p.2. Plaintiffs go on to say that Defendants have not contested the enforceability of the contract as it is signed, initialed, dated and written. Of course, simply having a piece of writing signed and dated by a party does not render a contract valid. It is rudimentary contract law that for a contract to be enforceable there must be "an offer, acceptance consideration, mutual assent and intent to be bound." *Prince of Peace Enters. v. Top Quality Food Mkt., LLC*, 760 F. Supp. 2d 384, 397 (S.D.N.Y. 2011) (quotation

Hon. George B. Daniels
Rich v. Fox News Network *et al*, 18-cv-02223
July 9, 2018

omitted). Mutual assent requires a meeting of the minds, and if there is no meeting of the minds on essential terms, there is no contract. *Id.* Here, if the whole arrangement with Wheeler was a set-up by Defendants, and the whole purpose of the arrangement was for Wheeler to talk to the press, then there was no intent to be bound and no meeting of the minds.

Moreover, in their letter Plaintiffs fail to recognize that Defendant Butowsky argued in his motion to dismiss that the intentional infliction of emotional distress claim must fail because Rod Wheeler was predisposed, without any encouragement by Defendants, to breach the contract with the Richs. Butowsky asserted that the Complaint failed to allege that he and the Fox Defendants were not the "but for" cause of the breach, and pointed out that Plaintiffs even allege that Wheeler breached the agreement to a third party without Defendants' knowledge or consent. *See* Defendant Butowsky's Motion to Dismiss at pp. 20-23. In their letter, Plaintiffs note that the court in *Antonios v. Comcast Int'l Holdings, Inc.*, 100 F. Supp. 2d 178 (S.D.N.Y. 2000), did not dismiss the tortious interference with contract claim because defendant Comcast did not demonstrate "some independent 'predisposition' of the party to the contract to breach it . . . ." Notably, an independent predisposition of Wheeler to breach the confidentiality clause of the contract with Plaintiffs is precisely what Defendant Butowsky has showed here, and it is supported by the Complaint. This predisposition to breach is evidenced by Wheeler independently contacting Fox 5 DC to discuss details about his investigation and was contrary to Fox's wishes, as alleged by Plaintiffs. Compl. ¶¶ 84-85, 75-77. Significantly, Wheeler's contact with Fox 5 DC pre-dates the publication of the Fox news story at issue, confirming his predisposition to breach. This and other communications with the press were initiated by Wheeler on his own, and thus preclude a finding that Defendants were the "but for" cause of Wheeler's breach.

<u>Intentional Infliction of Emotional Distress</u>

Whether the acts of Defendants are viewed together or separately, what Plaintiffs have alleged here is simply not extreme and outrageousness enough to meet the extremely strict standard New York courts impose for the claim of IIED. Plus, the case Plaintiffs cited to in their letter for the proposition that the allegations must be looked at in their totality is still entirely distinguishable from the facts alleged here. In *Pottie v. Atlantic Packaging Group, LLC,* each of the allegations made by plaintiff against defendant was about a wrongful act that made up the "course of discrimination and harassment" that was the subject of the complaint. 2012 U.S. Dist. LEXIS 173070, at *3 (D. Conn. Dec. 6, 2012). While some allegations were related to name calling, including racial slurs, and others were related to physical abuse, each allegation making up the IIED claim was an independently bad act on its face. *Id.* This is quite distinct from the case at bar where the individual allegations relate to much more benign and less egregious acts, such as those related to phone calls and meetings.

While Plaintiffs mention one case in their letter where the First Department affirmed a decision to allow the IIED claim to proceed through the motion to dismiss stage, Defendants have cited to myriad cases throughout their briefing in which more extreme allegations were dismissed for not being "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Howell v. New York Post Co.*, 81 N.Y.2d 115, 122 (1993) (citing *Murphy v. Am. Home Prods. Corp.*, 58 N.Y.2d at 303 (1983) (quoting Restatement [Second] of Torts § 46, Commend d)).[1] The facts asserted by Plaintiffs here about Defendants' alleged scheme undertaken with the goal to publish the news story does meet the incredibly high standard established for an intentional infliction of emotional distress claim in New York. Plus, in the case cited by Plaintiffs,

---

[1] Cases cited include, for example, *Shannon v. MTA Metro-North Railroad,* 269 A.D.2d 218, 219 (1st Dep't 2000), *Warner v. Druckier*, 266 A.D.2d 2, 3 (1st Dep't 1999), *Seltzer v. Bayer*, 272 A.D.2d 263, 264 (1st Dep't 2000), *Chanko v. Am. Broadcasting Co.*, 27 N.Y.3d 46, 57 (2016).

Hon. George B. Daniels
Rich v. Fox News Network *et al,* 18-cv-02223
July 9, 2018

*164 Mulberry Street Corp. v. Columbia University*, 4 A.D.3d 49 (1st Dep't 2004), the alleged action taken by defendant was much more direct against the restaurant plaintiffs where here the connection between the acts allegedly causing the harm and plaintiffs is much more attenuated.

Finally, as to Plaintiffs' discussion of the *Holloway v. Am. Media, Inc.*, case from the Northern District of Alabama, it is not accurate that the Complaint here alleges a far stronger pre-existing relationship. 947 F. Supp. 2d 1252 (N.D. Ala. 2013), cited at p. 4 of Plaintiffs' June 29, 2018 letter. In fact, Plaintiffs allege that prior to the acts that are the subject of the Complaint, Plaintiffs and Defendant Butowsky had *no* prior relationship and it is even Butowsky's method of introduction that Plaintiffs allege are part of the extreme and outrageous conduct. *See* Compl. ¶ 25 (discussing the introduction of Butowsky to Plaintiffs).

<u>Concerted Action Claims</u>

While it is not necessary that each individual defendant have committed every element of the underlying tort for a finding of conspiracy, it is necessary that the tort has at least been properly alleged. Here, Plaintiffs have failed to properly allege intentional infliction of emotional distress against *any* of the Defendants (even when taking the Defendants' acts together) for all of the reasons set forth in Defendant Butowsky and the Fox Defendants' motions. *See* Butowsky Motion to Dismiss at pp. 9-18. In addition, Plaintiffs have not alleged that Defendant Butowsky acted with the same purpose as the Fox Defendants given that plaintiffs alleged that Butowsky's intention was to have the "sham story" published to show the Russians did not hack the DNC email and there was no collusion between Trump and Russia, while the Fox Defendants wanted the story published to generate ratings. Compl. ¶¶ 82, 109. *See Abacus Fed. Savings Bank v.* Lim, 75 A.D.3d at 474 (1st Dep't 2010) (parties' intentional participation in the furtherance of a plan or purpose is an essential element of a civil conspiracy). Thus, the conspiracy cause of action must fail.

Finally, for Butowsky to be liable for aiding and abetting, Plaintiffs would have to have properly pled the whole tort of intentional infliction of emotional distress against Fox News or Zimmerman *and* that Butowsky provided substantial assistance to their conduct. *In re Terrorist Attacks on September 11, 2001*, 349 F. Supp. 2d 765, 826 (S.D.N.Y. 2005). As they have not alleged extreme and outrageous conduct against Fox News or Zimmerman and because the publication of the article is protected by the First Amendment, Plaintiffs have not adequately alleged intentional infliction of emotional distress against Fox or Zimmerman. Plus, they cannot reasonably have alleged that Butowsky assisted Fox in the publication of any news story. Accordingly, the aiding and abetting claim must be dismissed as well.

Sincerely,

*s/David Harrison*
David Harrison

*Attorney for Defendant Ed Butowsky*

Cc:     Counsel of Record (via ECF)

3