**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JOEL RICH and MARY RICH, | : |
| Plaintiffs, | : |
| v. | : |
| FOX NEWS NETWORK, LLC, MALIA ZIMMERMAN in her individual and professional capacities, and ED BUTOWSKY, in his individual and professional capacities, | : |
| Defendants. | : |

Civil Action No. 1:18-cv-02223

## DEFENDANT MALIA ZIMMERMAN'S ANSWER TO PLAINTIFFS' COMPLAINT

Defendant Malia Zimmerman ("Zimmerman" or "Defendant"), by her attorneys, Dechert LLP, respectfully submits her Answer with affirmative defenses to the Complaint of Plaintiffs Joel Rich and Mary Rich ("Plaintiffs"), based upon personal knowledge except where otherwise stated, as follows:

## INTRODUCTION

1.      Paragraph 1 does not set forth factual allegations for which an answer is required. To the extent an answer is required, Defendant admits that the son of Joel and Mary Rich was murdered, and otherwise denies the allegations set forth in Paragraph 1 of the Complaint.

2.       Defendant admits the allegations set forth in the first sentence of Paragraph 2 of the Complaint, but denies the allegations set forth in the second sentence of Paragraph 2 of the Complaint.

3.      Defendant denies the allegations set forth in Paragraph 3 of the Complaint.

4.      Defendant denies the allegations set forth in Paragraph 4 of the Complaint.

5.      Paragraph 5 of the Complaint contains rhetoric and legal conclusions to which no answer is required.  To the extent an answer is required, Defendant denies the allegations set forth in Paragraph 5 of the Complaint.

6.      Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 6 of the Complaint, and thus denies them.

## JURISDICTION AND VENUE

7.      Paragraph 7 states legal conclusions to which no answer is required.  To the extent an answer is required, Defendant admits that she is a citizen of the State of California and admits that Plaintiff purports to rely on 28 U.S.C. § 1332(a) for the purpose of establishing subject-matter jurisdiction over this action.  Defendant states that she lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 7, and thus denies them.

8.      Paragraph 8 states legal conclusions to which no answer is required.  To the extent an answer is required, Defendant admits that Plaintiff purports to rely on 28 U.S.C. § 1391(b) for the purpose of establishing venue in this action.  Defendant states that she lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 8, and thus denies them.

## PARTIES

9.      Defendant admits on information and belief the allegations set forth in Paragraph 9 of the Complaint.

10.      Defendant admits on information and belief the allegations set forth in Paragraph 10 of the Complaint.

11.      Defendant admits the allegations of Paragraph 11.

12.     Defendant admits on information and belief the allegations set forth in the first sentence of Paragraph 12 of the Complaint.  Defendant admits that Butowsky has appeared on Fox News and Fox Business News, and otherwise denies knowledge or information sufficient to form a belief about the truth of the allegations set forth in the second sentence of Paragraph 12, and thus denies them.

## FACTS

13.     Defendant admits on information and belief the allegations set forth in Paragraph 13 of the Complaint.

14.     Defendant admits on information and belief the allegations set forth in Paragraph 14 of the Complaint.

15.     Defendant admits on information and belief the allegations set forth in Paragraph 15 of the Complaint.

16.     Defendant admits on information and belief the allegations set forth in Paragraph 16 of the Complaint.

17.     Defendant admits on information and belief the allegations set forth in the first sentence of Paragraph 17 of the Complaint.  Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the second sentence of Paragraph 17 of the Amended Complaint, and thus denies them.

18.     Defendant admits that on June 14, 2016, the *Washington Post* published an article described in the Complaint, and refers to the cited article for a true and accurate description of its contents.

19.     Defendant admits the allegations set forth in Paragraph 19 of the Complaint, except denies the allegation that "more than 44,000" DNC emails were published on July 22, 2016.

20.     Defendant admits the allegations set forth in Paragraph 20 of the Complaint.

21.     Defendant admits that on October 7, 2016, the Department of Homeland Security released a statement, and refers to the cited statement for a true and accurate description of its contents.

22.     Paragraph 22 of the Complaint contains rhetoric and legal conclusions to which no answer is required.  To the extent an answer is required, Defendant admits on information and belief only that there were indications that supported the theory that Seth had leaked some of the DNC emails and otherwise denies the remaining allegations set forth in Paragraph 22 of the Complaint.

23.     Defendant admits that on August 10, 2016, a spokesperson for Plaintiffs issued a public statement, and refers to the cited statement for a true and accurate description of its contents.

24.     Defendant denies the allegations set forth in Paragraph 24 of the Complaint.

25.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 25 of the Complaint, and thus denies them.

26.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 26 of the Complaint, and thus denies them.

27.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 27 of the Complaint, and thus denies them.

28.     Defendant admits that she sent an email to Brad Bauman on January 3, 2017, and refers to that exchange for a true and accurate description of its contents.

29.     Defendant denies the allegations set forth in Paragraph 29 of the Complaint.

30.     Defendant admits that there was an email exchange between Defendant and Joel Rich on January 5, 2017, and refers to that exchange for a true and accurate description of its contents.

31.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 31 of the Complaint, and thus denies them.

32.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 32 of the Complaint, and thus denies them.

33.     Defendant admits on information and belief the allegations set forth in the first sentence of Paragraph 33.  Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the second sentence of Paragraph 33 of the Complaint, and thus denies them.

34.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 34 of the Complaint, and thus denies them, except admits that Wheeler made certain allegations in a Complaint filed August 1, 2017, and refers to that Complaint for a true and accurate description of its contents.

35.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 35 of the Complaint, and thus denies them, except admits that Wheeler made certain allegations in a Complaint filed August 1, 2017, and refers to that Complaint for a true and accurate description of its contents.

36.     Defendant denies the allegations set forth in Paragraph 36 of the Complaint.

37.     Defendant admits that she met with Wheeler and Butowsky at a restaurant on Capitol Hill in Washington D.C., but denies that the meeting took place on February 28, 2017. Defendant admits that Wheeler made certain allegations in a Complaint filed August 1, 2017, and refers to that Complaint for a true and accurate description of its contents.

38.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 38 of the Complaint, and thus denies them, except admits that Wheeler made certain allegations in a Complaint filed August 1, 2017, and refers to that Complaint for a true and accurate description of its contents.

39.     Defendant denies the allegations set forth in Paragraph 39.

40.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 40 of the Complaint, and thus denies them.

41.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 41 of the Complaint, and thus denies them.

42.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 42 of the Complaint, and thus denies them, except admits that Wheeler made certain allegations in a Complaint filed August 1, 2017, and refers to that Complaint for a true and accurate description of its contents.

43.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 43 of the Complaint, and thus denies them.

44.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 44 of the Complaint, and thus denies them.

45.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 45 of the Complaint, and thus denies them.

46.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 46 of the Complaint, and thus denies them.

47.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 47 of the Complaint, and thus denies them.

48.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 48 of the Complaint, and thus denies them.

49.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 49 of the Complaint, and thus denies them.

50.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 50 of the Complaint, and thus denies them.

51.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 51 of the Complaint, and thus denies them.

52.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 52 of the Complaint, and thus denies them.

53.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 53 of the Complaint, and thus denies them.

54.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 54 of the Complaint, and thus denies them.

55.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 55 of the Complaint, and thus denies them.

56.     Defendant admits on information and belief that Joel and Mary Rich entered into an agreement with Capitol Investigations, LLC, refers to that agreement for a true and accurate description of its contents, and otherwise denies knowledge or information sufficient to form a

belief as to the truth of the allegations set forth in Paragraph 56 of the Complaint, and thus denies them.

57.     Defendant admits on information and belief that Joel and Mary Rich entered into an agreement with Capitol Investigations, LLC, refers to that agreement for a true and accurate description of its contents, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 57 of the Complaint, and thus denies them.

58.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 58 of the Complaint, and thus denies them, except admits that Wheeler made certain allegations in a Complaint filed August 1, 2017, and refers to that Complaint for a true and accurate description of its contents.

59.     Defendant denies the allegations set forth in Paragraph 59 of the Complaint, except admits that Wheeler provided information to Defendant in connection with her investigation of the murder of Seth Rich and that Wheeler made certain allegations in a Complaint filed August 1, 2017, and refers to that Complaint for a true and accurate description of its contents.

60.     Defendant admits that Wheeler sent a text message to her on or around April 9, 2017, and refers to that message for a true and accurate description of its contents.

61.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 61 of the Complaint, and thus denies them, except admits that Wheeler made certain allegations in a Complaint filed August 1, 2017, and refers to that Complaint for a true and accurate description of its contents.

62.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 62 of the Complaint, and thus denies them, except admits that Wheeler made certain allegations in a Complaint filed August 1, 2017, and refers to that Complaint for a true and accurate description of its contents.

63.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 63 of the Complaint, and thus denies them, except admits that Wheeler made certain allegations in a Complaint filed August 1, 2017, and refers to that Complaint for a true and accurate description of its contents.

64.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 64 of the Complaint, and thus denies them.

65.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 65 of the Complaint, and thus denies them.

66.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 66 of the Complaint, and thus denies them, except admits on information and belief that Wheeler met with Detective Della-Camera.

67.     Defendant admits she received an email from Butowsky, and refers to that email for a true and accurate description of its contents, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 67 of the Complaint, and thus denies them, except admits that Wheeler made certain allegations in a Complaint filed August 1, 2017, and refers to that Complaint for a true and accurate description of its contents.

68.     Defendant denies the allegations set forth in Paragraph 68 of the Complaint, except admits that she exchanged emails with Wheeler and that Wheeler made certain allegations

in a Complaint filed August 1, 2017, and refers to those messages and Complaint for a true and accurate description of their contents.

69.     Defendant admits that Wheeler made certain allegations in a Complaint filed August 1, 2017, and refers to that Complaint for a true and accurate description of its contents, and otherwise denies the allegations set forth in Paragraph 69 of the Complaint.

70.     Defendant denies the allegations set forth in Paragraph 70 of the Complaint, except admits that she drafted an article to be published on Fox News concerning Seth Rich, and further denies that the article was a "sham."

71.     Defendant admits that Wheeler made certain allegations in a Complaint filed August 1, 2017, and refers to that Complaint for a true and accurate description of its contents.

72.     Defendant admits that she sent a draft article to Wheeler on May 11, 2017, and that Wheeler made certain allegations in a Complaint filed August 1, 2017, and refers to that Complaint for a true and accurate description of its contents.

73.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 73 of the Complaint, and thus denies them, except admits that Wheeler made certain allegations in a Complaint filed August 1, 2017, and refers to that Complaint for a true and accurate description of its contents.

74.     Defendant admits that Wheeler made certain allegations in a Complaint filed August 1, 2017, and refers to that Complaint for a true and accurate description of its contents.

75.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 75 of the Complaint, and thus denies them.

76.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 76 of the Complaint, and thus denies them.

77.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 77 of the Complaint, and thus denies them.

78.     Defendant admits that she reached out to Joel Rich on May 15, 2017, and refers to that exchange for a true and accurate description of its contents, and otherwise denies the remaining allegations set forth in Paragraph 78 of the Complaint.

79.     Defendant denies the allegations set forth in Paragraph 79 of the Complaint.

80.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 80 of the Complaint, and thus denies them.

81.     Defendant admits that she exchanged messages with Wheeler on May 15, 2017, and refers to those messages for a true and accurate description of their contents.

82.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 82 of the Complaint, and thus denies them, except admits that Wheeler made certain allegations in a Complaint filed August 1, 2017, and refers to that Complaint for a true and accurate description of its contents.

83.     Defendant admits that Marina Marraco published an article on May 15, 2017, for a local Fox affiliate, and refers to the cited article for a true and accurate description of its contents.

84.     Defendant denies the allegations set forth in Paragraph 84 of the Complaint, except admits that she exchanged messages with Wheeler on May 15, 2017, and refers to those messages for a true and accurate description of their contents.

85.     Defendant denies the allegations set forth in Paragraph 85 of the Complaint, except admits that she exchanged messages with Wheeler on May 15, 2017, and refers to those messages for a true and accurate description of their contents.

86.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 86 of the Complaint, and thus denies them, except admits that Wheeler made certain allegations in a Complaint filed August 1, 2017, and refers to that Complaint for a true and accurate description of its contents.

87.     Defendant admits that on May 16, 2017, Fox News published an article written by Defendant regarding Seth Rich, and refers to the cited article for a true and accurate description of its contents, and otherwise denies the remaining allegations in Paragraph 87 of the Complaint.

88.     Defendant admits that that on May 16, 2017, Fox News published an article written by Defendant regarding Seth Rich, and refers to the cited article for a true and accurate description of its contents.

89.     Defendant admits that the May 16, 2017 article quoted Wheeler, and refers to the cited article for a true and accurate description of its contents, and denies the remaining allegations.

90.     Defendant admits that on May 16, 2017, Fox News published an updated article written by Defendant regarding Seth Rich, and refers to the cited article for a true and accurate description of its contents, and denies the remaining allegations.

91.     Defendant denies the allegations set forth in Paragraph 91 of the Complaint, except admits that Wheeler made certain allegations in a Complaint filed August 1, 2017, and refers to that Complaint for a true and accurate description of its contents.

92.     Defendant denies the allegations set forth in Paragraph 92 of the Complaint, except admits that Wheeler made certain allegations in a Complaint filed August 1, 2017, and refers to that Complaint for a true and accurate description of its contents.

93.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 93 of the Complaint, and thus denies them, except admits that *Newsweek* published a May 17, 2017 article that purports to quote Wheeler, and refers to that article for a true and accurate description of its contents.

94.     Defendant admits that on May 17, 2017, the local Fox News affiliate published an updated article written by Marina Marraco regarding Seth Rich, and refers to the cited article for a true and accurate description of its contents.

95.     Defendant denies the allegations set forth in Paragraph 95 of the Complaint.

96.     Defendant admits that on May 17, 2017, NBC News published an article regarding Seth Rich, and refers to the cited article for a true and accurate description of its contents.

97.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 97 of the Complaint, and thus denies them, but admits that various reports have been published regarding Seth Rich, and refers to those reports for a true and accurate description of their contents.

98.     Defendant admits that on May 18, 2017, she exchanged emails with Joel Rich, and refers to those messages for a true and accurate description of their contents.

99.     Defendant admits that on May 18, 2017, she exchanged emails with Joel Rich, and refers to those messages for a true and accurate description of their contents.

100.     Defendant admits that on May 18, 2017, she exchanged emails with Joel Rich, and refers to those messages for a true and accurate description of their contents.

101.     Defendant denies the allegations set forth in Paragraph 101 of the Complaint, except admits that she exchanged emails with Wheeler and that Wheeler made certain allegations

in a Complaint filed August 1, 2017, and refers to those messages and that Complaint for a true and accurate description of their contents.

102.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 102 of the Complaint, and thus denies them.

103.    Defendant denies the allegations set forth in Paragraph 103 of the Complaint.

104.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 104 of the Complaint, and thus denies them.

105.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 105 of the Complaint, and thus denies them, but admits that Rod Wheeler made a public statement on May 22, 2017, and refers to that statement for a true and accurate description of its contents.

106.    Defendant admits that Fox News issued a retraction on May 23, 2017, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 106 of the Complaint, and thus denies them.

107.    Defendant admits that Fox News issued a retraction on May 23, 2017, and refers to that retraction for a true and accurate description of its contents.

108.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 108 of the Complaint, and thus denies them.

109.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 109 of the Complaint, and thus denies them.

110.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 110 of the Complaint, and thus denies them.

111.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 111 of the Complaint, and thus denies them.

112.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 112 of the Complaint, and thus denies them.

113.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 113 of the Complaint, and thus denies them.

114.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 114 of the Complaint, and thus denies them.

115.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 115 of the Complaint, and thus denies them.

116.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 116 of the Complaint, and thus denies them.

117.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 117 of the Complaint, and thus denies them.

118.    Defendant denies the allegations set forth in the first sentence of Paragraph 118 of the Complaint.  Defendant denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 118 of the Complaint, and thus denies them.

119.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 119 of the Complaint, and thus denies them.

120.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 120 of the Complaint, and thus denies them.

121.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 121 of the Complaint, and thus denies them.

122.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 122 of the Complaint, and thus denies them.

123.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 123 of the Complaint, and thus denies them.

124.     The allegations set forth in Paragraph 124 of the Complaint state legal conclusions to which no answer is required, but to the extent an answer is required, Defendant denies the allegations set forth in Paragraph 124 of the Complaint.

125.     The allegations set forth in Paragraph 125 of the Complaint state legal conclusions to which no answer is required, but to the extent an answer is required, Defendant denies the allegations set forth in Paragraph 125 of the Complaint.

126.     Defendant denies the allegations set forth in Paragraph 126 of the Complaint, except admits on information and belief that the violent death of a child "constitutes an enormous blow to surviving parents."

127.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 127 of the Complaint, and thus denies them.

128.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first sentence of Paragraph 128 of the Complaint, and thus denies them, and denies the allegations set forth in the second sentence of Paragraph 128 of the Complaint.

129.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 129 of the Complaint, and thus denies them.

130.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 130 of the Complaint, and thus denies them.

131.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 131 of the Complaint, and thus denies them.

132.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 132 of the Complaint, and thus denies them.

133.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 133 of the Complaint, and thus denies them.

134.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 134 of the Complaint, and thus denies them.

## FIRST CAUSE OF ACTION

135.     Defendant incorporates by reference her answers to Paragraphs 1 through 134 of the Complaint.

136.     The allegations set forth in Paragraph 136 state legal conclusions to which no answer is required, but to the extent an answer is required, Defendant denies the allegations of Paragraph 136.

137.     The allegations set forth in Paragraph 137 state legal conclusions to which no answer is required, but to the extent an answer is required, Defendant denies the allegations of Paragraph 137.

138.     Defendant admits that Fox published the Zimmerman/Fox Article and otherwise denies the allegations of Paragraph 138.

139.     Defendant denies the allegations set forth in Paragraph 139 of the Complaint.

140.     Defendant admits that she wrote the Zimmerman/Fox Article and worked with Fox News to publish it, but otherwise denies the allegations of paragraph 140.

141.     The allegations set forth in Paragraph 141 of the Amended Complaint state legal conclusions to which no answer is required, but the extent an answer is required, Defendant denies the allegations of Paragraph 141.

142.     The allegations set forth in Paragraph 142 of the Amended Complaint state legal conclusions to which no answer is required, but the extent an answer is required, Defendant denies the allegations of Paragraph 142.

143.     The allegations set forth in Paragraph 143 of the Amended Complaint related to Defendant acting within the scope of her employment and/or agency state legal conclusions to which no answer is required, and Defendant denies the remaining allegations of Paragraph 143.

144.     The allegations set forth in Paragraph 144 of the Amended Complaint state legal conclusions to which no answer is required, but the extent an answer is required, Defendant denies the allegations of Paragraph 144.

## SECOND CAUSE OF ACTION

145.     Defendant incorporates by reference her answers to Paragraphs 1 through 144 of the Complaint.

146.     Defendant denies the allegations set forth in Paragraph 146 of the Complaint.

147.     Defendant denies the allegations set forth in Paragraph 147 of the Complaint.

148.     The allegations set forth in Paragraph 148 of the Amended Complaint state legal conclusions to which no answer is required, but the extent an answer is required, Defendant denies the allegations of Paragraph 148.

149.     The allegations set forth in Paragraph 149 of the Amended Complaint state legal conclusions to which no answer is required, but the extent an answer is required, Defendant denies the allegations of Paragraph 149.

150.     Defendant denies the allegations set forth in Paragraph 150 of the Complaint.

151.     Defendant denies the allegations set forth in Paragraph 151 of the Complaint.

152.     The allegations set forth in Paragraph 152 of the Amended Complaint state legal conclusions to which no answer is required, but the extent an answer is required, Defendant denies the allegations of Paragraph 152.

153.     The allegations set forth in Paragraph 153 of the Amended Complaint state legal conclusions to which no answer is required, but the extent an answer is required, Defendant denies the allegations of Paragraph 153.

154.     Defendant denies the allegations set forth in Paragraph 154 of the Complaint.

155.     Defendant denies the allegations set forth in Paragraph 155 of the Complaint.

156.     The allegations set forth in Paragraph 156 of the Amended Complaint state legal conclusions to which no answer is required, but the extent an answer is required, Defendant denies the allegations of Paragraph 156.

## THIRD CAUSE OF ACTION

157.     Defendant incorporates by reference her answers to Paragraphs 1 through 156 of the Complaint.

158.     Defendant denies the allegations set forth in Paragraph 158 of the Complaint.

159.     Defendant denies the allegations set forth in Paragraph 159 of the Complaint.

160.     Defendant denies the allegations set forth in Paragraph 160 of the Complaint.

161.     Defendant denies the allegations set forth in Paragraph 161 of the Complaint.

162.    Defendant denies the allegations set forth in Paragraph 162 of the Complaint.

163.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 163 of the Complaint, and thus denies them.

164.    Defendant denies the allegations set forth in Paragraph 164 of the Complaint.

165.    Defendant denies the allegations set forth in Paragraph 165 of the Complaint.

166.    Defendant denies the allegations set forth in Paragraph 166 of the Complaint.

167.    Defendant denies the allegations set forth in Paragraph 167 of the Complaint.

168.    Defendant denies the allegations set forth in Paragraph 168 of the Complaint.

169.    Defendant denies the allegations set forth in Paragraph 169 of the Complaint.

170.    Defendant denies the allegations set forth in Paragraph 170 of the Complaint.

171.    Defendant denies the allegations set forth in Paragraph 171 of the Complaint.

**FOURTH CAUSE OF ACTION**

172.    Defendant incorporates by reference her answers to Paragraphs 1 through 171 of the Complaint.

173.    The allegations set forth in Paragraph 173 state legal conclusions to which no answer is required, but to the extent a response is required Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 173 of the Complaint, and thus denies them, except admits that Defendant was aware of the existence of a purported contract between Wheeler and Joel and Mary.

174.    Defendant denies the allegations set forth in Paragraph 174 of the Complaint.

175.    Defendant denies the allegations set forth in Paragraph 175 of the Complaint.

176.    Defendant denies the allegations set forth in Paragraph 176 of the Complaint.

177.    Defendant denies the allegations set forth in Paragraph 177 of the Complaint.

## FIFTH CAUSE OF ACTION

178.    No response to Paragraph 178 is required because the Fifth Cause of Action was not asserted against Defendant and the Court has dismissed it from the case.

179.    No response to Paragraph 179 is required because the Fifth Cause of Action was not asserted against Defendant and the Court has dismissed it from the case.

180.    No response to Paragraph 180 is required because the Fifth Cause of Action was not asserted against Defendant and the Court has dismissed it from the case.

181.    No response to Paragraph 181 is required because the Fifth Cause of Action was not asserted against Defendant and the Court has dismissed it from the case.

182.    No response to Paragraph 182 is required because the Fifth Cause of Action was not asserted against Defendant and the Court has dismissed it from the case.

183.    No response to Paragraph 183 is required because the Fifth Cause of Action was not asserted against Defendant and the Court has dismissed it from the case.

184.    No response to Paragraph 184 is required because the Fifth Cause of Action was not asserted against Defendant and the Court has dismissed it from the case.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

1. Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

2. Plaintiffs lack standing to maintain one or more of the claims alleged in the Complaint.

## Third Affirmative Defense

3.   Plaintiffs' causes of action are barred, in whole or in part, because no act or omission by Defendant, or by any person or entity for which Defendant was responsible, was the cause of any injury in fact or damages alleged by Plaintiffs.

## Fourth Affirmative Defense

4.   Plaintiffs' causes of action are barred, in whole or in part, because no act or omission by Defendant, or by any person or entity for which Defendant was responsible, was the proximate cause of any injury or harm alleged by Plaintiffs.

## Fifth Affirmative Defense

5.   If Plaintiffs have suffered any injury or harm, which Defendant expressly denies, such alleged injury or harm was not caused or contributed to by any actions attributable to Defendant, but rather by Plaintiffs' own actions or the actions of others over whom Defendant exercised no control.

## Sixth Affirmative Defense

6.   If Plaintiffs have suffered any injury or harm, which Defendant expressly denies, Defendant alleges that Plaintiffs' recovery is barred by their failure to mitigate, reduce, or otherwise avoid their damages or injuries.

## Seventh Affirmative Defense

7.   Plaintiffs' causes of action are barred, in whole or in part, because Plaintiffs expressly and/or impliedly consented to and/or had knowledge of, all activities or conditions alleged in the Complaint to have caused them harm.

**<u>Eighth Affirmative Defense</u>**

8.   Plaintiffs' causes of action are barred, in whole or in part, by the doctrine of waiver.

**<u>Ninth Affirmative Defense</u>**

9.   Plaintiffs' causes of action are barred, in whole or in part, insofar as the Complaint attempts to make out a defamation claim under the guise of a claim for intentional infliction of emotional distress related to the publication of an article, which is the subject of the Complaint, authored by Defendant, and is not actionable by Plaintiffs because they were not the subject of the article.

**<u>Tenth Affirmative Defense</u>**

10.   Plaintiffs' causes of action are barred, in whole or in part, insofar as the Complaint attempts to make out a defamation claim under a different name related to the publication of an article, which is the subject of the Complaint, authored by Defendant, and said article was researched and written by Defendant, without malice, as an honest expression of the opinion of Defendant, and based on the facts set forth therein.

**<u>Eleventh Affirmative Defense</u>**

11.   Plaintiffs' claim for punitive damages is barred because the imposition of punitive damages under some or all of the claims would constitute the denial of due process under the United States Constitution.

**<u>Twelfth Affirmative Defense</u>**

12.   Plaintiffs' causes of action are barred, in whole or in part, because Defendant's actions are protected by the First Amendment to the United States Constitution.

**Thirteenth Affirmative Defense**

13.  Plaintiffs' causes of action are barred because the challenged statements of Defendant are substantially true.

**Fourteenth Affirmative Defense**

14.  Plaintiffs' causes of action are barred because the challenged statements of Defendant were not published with actual malice, and were not made with knowledge of falsity or reckless disregard for the truth.

**Fifteenth Affirmative Defense**

15.  Plaintiffs' causes of action are barred because Defendant did not intend to inflict emotional distress, nor was she reckless as to whether her conduct would inflict emotional distress

**Sixteenth Affirmative Defense**

16.  Plaintiffs' causes of action are barred because Defendant was not negligent in her conduct or actions.

**Seventeenth Affirmative Defense**

17.  Plaintiffs did not suffer damages or injury as a result of the alleged publications and newsgathering activities of Defendant.

**Eighteenth Affirmative Defense**

18.  Defendant's actions were justified or privileged.

## **RESERVATION OF RIGHTS**

Defendant reserves the right to amend and/or supplement this Answer and these

Affirmative Defenses upon completion of further investigation and discovery.

## **PRAYER FOR RELIEF**

Defendant denies all remaining allegations not expressly admitted or responded to herein.

Defendant further denies that Plaintiffs are entitled to the relief requested, or to any relief

whatsoever.  Defendant prays for relief as follows:

A.       Entry of judgment in favor of Defendant and against Plaintiffs with respect to

Plaintiffs' claims;

B.       Dismissal of Plaintiffs' Complaint with prejudice;

C.       An award to Defendant of her attorney's fees, costs, and expenses; and

D.       Such other relief as the Court deems equitable and just.

Dated:  November 20, 2019

                                    */s/ David Stern*

                                     David Stern (*pro hac vice*)
DECHERT LLP
US Bank Tower
633 West 5th Street, Suite 4900
Los Angeles, CA 90071
Tel: (213) 808-5700
Fax: (213) 808-5760

Nicolle Jacoby
Christine Isaacs
DECHERT LLP
Three Bryant Park
1095 Avenue of the Americas
New York, NY 10036
Tel: (212) 698-3500
Fax: (212) 698-3599

*Counsel for Defendant Malia Zimmerman*