UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOEL RICH AND MARY RICH,

      Plaintiffs,

      v.

FOX NEWS NETWORK, LLC, MALIA
ZIMMERMAN, AND ED BUTOWSKY,

      Defendants.

Civil Action No. 18-cv-2223 (GBD)

## JOINT RULE 26 REPORT AND PROPOSED DISCOVERY PLAN

The parties file this Joint Report pursuant to Rule 26(f) of the Federal Rules of Civil Procedure.[1]  Counsel for the parties conferred on January 2, 2020, during which they discussed a discovery plan for the case.  Beatrice Franklin and Eli J. Kay-Oliphant participated for Plaintiffs Joel and Mary Rich.  Katherine Moran Meeks and Katherine A. Petti participated for Defendant Fox News Network, LLC.  The parties have agreed upon most items but have a disagreement as to the timing of the discovery schedule.

**I.      Disputed Positions on Discovery Schedule**

The parties discussed discovery but were not able to agree as to a schedule for discovery in this matter.  The parties' respective positions are set forth below:

**Plaintiffs' Position**:

At the outset of this case, the Court indicated that, "[a]bsent extraordinary circumstances, the Plan shall provide that the case be ready for trial within six months." *See* Docket No. 15. In the parties' first 26(f) Report, submitted before Defendants' motion to dismiss, Defendants proposed

---

[1] This report is intended to update and supersede the Rule 26(f) report the parties filed on May 2, 2018.

that fact discovery close within six months of the denial of the motion to dismiss, with the document production deadline two months earlier. *See* Docket No. 34.

Now, even though nothing about the scope of the case has changed since the parties' first 26(f) report, Defendants propose that fact discovery alone last nearly a *full year*—from October 4, 2019, when the Second Circuit mandate issued, until September 18, 2020. Defendants then propose that expert discovery last another four months. Adding in the proposed briefing schedule for dispositive motions, this means that the case would be ready for trial at the very earliest within 15 months from the upcoming scheduling conference—two and a half times the length of the discovery schedule directed by the Court.

Defendants do not come close to showing the "extraordinary circumstances" that could justify a discovery schedule of this length. Fox suggests that it needs an unusual amount of time to perform document review in this case, but Plaintiffs' schedule allows for six months for document discovery alone to be completed, which is ample. This is not a complex antitrust or securities case that would necessitate review of millions of pages of documents. As for the time to complete depositions, Plaintiffs proposed seven weeks following the close of document discovery, believing this to be adequate time given the scope of the case. Fox refused to provide a counterproposal unless Plaintiffs specified the number of depositions that would take place, which is impossible for Plaintiffs to do before the Defendants have even produced the bulk of their documents. Defendants then say that Plaintiffs "propose an unrealistic timeframe for expert discovery," without giving any hint why the timeframe of two months is "unrealistic" in a case that will require little expert work. To the extent that Defendants cite Plaintiffs' third-party discovery as a reason to extend the discovery schedule, Defendants offer no explanation why the discovery Plaintiffs will take of third parties is any reason *Defendants* need more time for

discovery. And as for Plaintiffs' own purported delay in document production, the Fox Defendants

did not serve document requests until December 9, 2019 (no other Defendant has served requests),

to which Plaintiffs timely responded, and Plaintiffs expect to begin producing documents shortly.

Plaintiffs believe a discovery schedule of six months following the case management

conference is consistent with the Court's expectation and with Defendants' original proposal.

Plaintiffs' proposal is both feasible and fair to all parties, including Plaintiffs, two individuals

whose lives are on hold while this litigation is pending. Accordingly, Plaintiffs propose the

following schedule for the Court's approval:

| Date | Event |
| --- | --- |
| October 4, 2019 | Second Circuit mandate issued |
| October 4, 2019 | Plaintiffs re-served document requests and interrogatories |
| December 13, 2019 | Parties exchanged initial disclosures |
| January 3, 2020 | Plaintiffs moved for leave to file amended complaint |
| January 22, 2020 | Scheduling conference |
| January 31, 2020 | Deadline for any motion to dismiss claims in amended complaint |
| February 28, 2020 | Deadline for plaintiffs' opposition to any motion to dismiss |
| March 20, 2020 | Deadline for reply in support of any motion to dismiss |
| April 1, 2020 | Deadline for the substantial completion of document production; no additional parties may be joined; no further amendment |
| May 22, 2020 | Deadline to complete fact discovery |
| June 12, 2020 | Deadline to serve opening expert reports |
| June 26, 2020 | Deadline to serve rebuttal expert reports |
| July 22, 2020 | Deadline to complete expert discovery |
| August 21, 2020 | Deadline to file dispositive motions |
| September 18, 2020 | Deadline to file opposition to any dispositive motion |
| October 9, 2020 | Deadline to file reply papers to any dispositive motion |

**Fox Defendants' Position**:

Plaintiffs' position does not accurately capture the complexity and scope of this case or the Fox Defendants' position regarding discovery.  As both Plaintiffs' position on the scope of discovery and complex issues of privilege have come into focus, it has become clear that this is not a case that can be ready for trial within six months of the January 22, 2020, scheduling conference.

As an initial matter, Plaintiffs' assertion that the Fox Defendants are seeking nearly a full year for fact discovery is misleading.  Plaintiffs peg the start of discovery to the date the Second Circuit's mandate issued—October 4, 2019.  But the parties by agreement stayed the time for the Fox Defendants to respond to Plaintiffs' initial set of discovery requests until those Defendants filed and served their Answer on November 20, 2019.  And Plaintiffs themselves have refused to produce a single document in this case, claiming that they will not produce any documents until a protective order has been entered.

In a similar vein, Plaintiffs state that the Fox Defendants have proposed a schedule allowing a total of 15 months for fact and expert discovery, which they say is more than twice the time contemplated by the Court.  Once again, Plaintiffs artificially inflate the timeline proposed by the Fox Defendants by calculating the start of discovery from October 4, 2019—not, as the Court contemplated, from the date of the scheduling conference.  *See* Dkt. No. 15.  Under the schedule proposed by the Fox Defendants, both fact and expert discovery will close less than a year after the scheduling conference.  For the reasons given below, the Fox Defendants respectfully submit that their proposed schedule is not just reasonable.  It is aggressive given the nature of this case.

The timeline proposed by Plaintiffs is not feasible because—in addition to the sheer number of depositions that will be noticed, mostly by Plaintiffs—this case involves difficult and

sensitive issues of newsgathering privilege, including the protection of confidential sources.  Many documents in this case will be newsgathering materials, subject to a qualified privilege, and confidential source materials, subject to an absolute privilege.  These documents will contain both nonprivileged and responsive information as well as privileged information, some of which is responsive and some of which may be entirely unrelated to this case.  As a result, the document review undertaken by Fox News and Malia Zimmerman in this case will require significantly more time than a typical review for responsiveness and attorney-client privilege.  Moreover, this case requires discovery from multiple third parties, many of whom will remain unknown to Defendants until Plaintiffs begin producing documents—which they have refused to do until a protective order is entered.  Additionally, some third parties, such as Julian Assange, are located abroad and may necessitate letters rogatory.

The timeline Plaintiffs have proposed for document production is particularly inequitable because Fox News will likely be reviewing and producing a significantly greater volume of documents than the two individual Plaintiffs—indeed, Plaintiffs have requested that Fox News search the files and emails of nearly 30 different individuals.

In addition, Plaintiffs' proposed schedule allows for only seven weeks after the close of document production to complete fact discovery.  Plaintiffs have refused to offer an estimate of how many individuals they might depose, except to state that the number could fall between 1 and 30.  What is more, they have given every indication that they are likely to exceed even 30.  Plaintiffs have requested documents from 27 Fox News custodians, a figure that may well grow as discovery proceeds.  In addition, Plaintiffs will likely seek to depose defendant Ed Butowsky and key third parties identified in their Amended Complaint, including Rod Wheeler and Fox 5 reporter Marina Marraco.  Fox News thus anticipates that Plaintiffs alone could take 40 or more

depositions, without even considering the additional depositions sought by Fox News and defendants Zimmerman and Butowsky. Based on Plaintiffs' universe of potential deponents alone, seven weeks is not a sufficient time to complete fact discovery. Plaintiffs, by contrast, assert that the parties can complete depositions in seven weeks, no matter how high the number.

Compounding the problem, Plaintiffs also propose an unrealistic timeframe for expert discovery, requiring the production of expert reports three weeks after the close of discovery, a mere two weeks for responsive reports—which will likely be principally served by Defendants— and three weeks for expert depositions. Expert depositions will be important, as Plaintiffs' damages claims put at issue their mental and physical health, as well as their earning potential.

It simply does not serve anyone's interest to start the case with an unworkable schedule. Defendant Fox News, with the consent of Defendants Zimmerman and Butowsky, therefore proposes the following schedule for the Court's approval.

| Date | Event |
| --- | --- |
| November 20, 2019 | Answer filed and served |
| | Deadline set by agreement of parties for Fox News to serve responses and objections to Plaintiffs' first set of discovery requests |
| December 13, 2019 | Plaintiffs and Fox exchanged initial disclosures |
| January 3, 2020 | Plaintiffs moved for leave to file amended complaint |
| January 22, 2020 | Scheduling conference |
| January 31, 2020 | Deadline for Fox Defendants' motion to dismiss with respect to amended complaint |
| February 28, 2020 | Deadline for plaintiffs' opposition to motion to dismiss |
| March 20, 2020 | Deadline for Fox Defendants' reply in support of motion to dismiss |
| 15 days from decision on Fox Defendants' motion to dismiss | Deadline for Fox Defendants to answer amended complaint |
| May 20, 2020 | Deadline to substantially complete document production |

| May 20, 2020 | No additional parties may be joined |
|---|---|
| May 20, 2020 | No further amendment to the pleadings |
| September 18, 2020 | Deadline to complete fact discovery |
| October 19, 2020 | Deadline to serve disclosures for expert witnesses by the party with the burden of proof on a particular issue |
| November 17, 2020 | Deadline to serve disclosures for rebuttal expert witnesses |
| January 15, 2021 | Deadline to complete expert discovery |
| February 16, 2021 | Deadline to file dispositive motions |
| March 16, 2021 | Deadline to file answering papers to any dispositive motions |
| April 15, 2021 | Deadline to file reply papers to any dispositive motions |
| 90 days from decision on any dispositive motions | Joint pretrial order |
| 30 days from filing of joint pretrial order | Deadline for pre-trial filings required by Individual Rule VI.B |
| 15 days after pre-trial filings required by Individual Rule VI.B | Responses to motions in limine |
| 15 days after responses to motions in limine | Final pretrial conference |
| 30 days after final pretrial conference | The parties shall be ready for trial within 48 hours notice |

## II.     Agreed-Upon Items

The parties agree that discovery should be managed to promote the expeditious and inexpensive resolution of the case. To further this goal, the parties have discussed and agreed to the following:

### A.     ESI

Regarding the production of electronically stored information, the parties generally have agreed as follows—

7

1. **File Type and Metadata Fields:**

Except for the files to be produced in native format, as discussed below, documents shall be produced as image files (preferably TIFF, and PDF if necessary) accompanied by a Concordance DAT file, with an opticon Log file for image cross-reference, that includes the following metadata fields: BegNum/BegBates, EndNum/EndBates, AttachBeg, AttachEnd, Custodian, FileName, FileType/DocumentType, Original File Path (if readily available), Sender/From, Recipients/To, CC, BCC, MailSubject/Email Subject, SentDate/Date sent, FileExtension, OSDatelastSaved/DateMod, Nativelink/ProdNativePath, MD5 Hash Value, and Conversation ID (extracted ID used to tie together e-mail threads/ConversationIndex), SentTime/TimeSent, Timelastsaved/TimeMod, Datecreated, Timecreated.

2. **Files to be Produced in Native Format**

Excel or other spreadsheet files, databases, audio, and video files shall be produced in their native format.

3. **Time zone**

Emails should be produced in the time zone in which the emails were standardized during conversion, which for the purposes of this litigation will be GMT.

B.   **Protective Order**

The parties intend to propose a confidentiality/protective order for the Court's consideration and intend to include in that proposed order one or more provisions to memorialize their agreement that the production of a privileged document does not waive the privilege as to other privileged documents and that an inadvertently produced privileged document (including, without limitation, documents withheld on the basis of attorney-client privilege, the work product doctrine, or reporters' privilege) can be clawed back without the need to show the production was inadvertent.

Further, the parties intend to ask the Court to order pursuant to Rule 502 of the Federal Rules of Evidence that no privilege is waived by any such disclosure.

### C.       Preservation

The parties agreed that they have preserved and protected and will continue to preserve and protect all potentially relevant documents and sources of information relevant to the case.

### D.       Privilege

Attorney-client privileged materials communicated between undersigned litigation counsel and a client or client representative, work product generated after the filing of this lawsuit, and common interest communications regarding the same (including, for example, communications between the Fox Defendants and Mr. Butowsky) need not be included on a privilege log.

Communications between an expert witness for any party and the party's attorneys will not be discoverable pursuant to Federal Rule of Civil Procedure 26(b)(4)(C) except to the extent that the expert relies upon them for his or her opinions.

### E.       Documents Produced on a Rolling Basis

Documents will be produced on a rolling basis; if copies are produced, the originals will be made available for inspection upon request.

### F.       Objections at Depositions

At a deposition, neither party may make a speaking objection other than for privilege and to the form of the question.  All objections to relevance, lack of foundation, non-responsiveness, or speculation are preserved.

### G.       Service

The parties agree that documents may be served on the opposing party by sending the documents via email to their counsel of record and/or by making them available to such counsel

for immediate download via other electronic means. The parties agree that such service will be

treated as personal service under Federal Rule of Civil Procedure 5(b)(2)(A).

*        *        *

Aside from what is set forth above, the parties presently do not anticipate requesting any

changes to any discovery limitations imposed by the Federal Rules of Civil Procedure, S.D.N.Y.

Local Rules, or this Court's Individual Rules of Practice.

The parties agree that nothing in this Report constitutes a waiver of any kind, including as

to any party's right to propound discovery not described in this report or as to any objection to any

discovery described in this report.


Dated: January 15, 2020                                   Respectfully submitted,

                              By:        *s/ Joseph M. Terry*_____
                                         Joseph M. Terry

                                         WILLIAMS & CONNOLLY LLP

                                         Joseph M. Terry (*pro hac vice*)
                                         Katherine Moran Meeks (*pro hac vice*)
                                         Katherine A. Petti (*pro hac vice*)
                                         725 Twelfth Street, N.W.
                                         Washington, D.C. 20005

                                         650 Fifth Avenue
                                         Suite 1500
                                         New York, NY 10019
                                         Tel: (202) 434-5000
                                         Fax: (202) 434-5029
                                         jterry@wc.com
                                         kmeeks@wc.com
                                         kpetti@wc.com

                                         *Attorneys for Defendant Fox News Network,*
                                         *LLC*

DECHERT LLP

David H. Stern (*pro hac vice*)
U.S. Bank Tower
633 West 5th Street, 26th Floor
Los Angeles, CA 90071
Tel: (213) 808-5700
Fax: (213) 808-5760
david.stern@dechert.com

Nicolle L. Jacoby
1095 Avenue of the Americas
New York, NY 10036
Tel: (212) 698-3500
Fax: (212) 698-0470
nicolle.jacoby@dechert.com

*Attorneys for Defendant Malia Zimmerman*

MASSEY & GAIL L.L.P.
Leonard A. Gail (*pro hac vice*)
Eli J. Kay-Oliphant (EK8030)
Suyash Agrawal (SA2189)
50 East Washington Street, Suite 400
Chicago, IL 60602
Telephone: (312) 283-1590
lgail@masseygail.com
ekay-oliphant@masseygail.com
sagrawal@masseygail.com

SUSMAN GODFREY L.L.P.
Arun Subramanian (AS2096)
Elisha Barron (EB6850)
Beatrice Franklin (BF1066)
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019
Telephone: (212) 336-8330
asubramanian@susmangodfrey.com
ebarron@susmangodfrey.com
bfranklin@susmangodfrey.com

*Attorneys for Plaintiffs Joel and Mary Rich*

## CERTIFICATE OF SERVICE

I hereby certify that on January 15, 2020, I caused to be filed the foregoing Joint Rule

26 Report and Discovery Plan with the Clerk of the Court using the CM/ECF system, which will

send notification to the attorneys of record.


*s/ Joseph M. Terry*
Joseph M. Terry