# EXHIBIT 6

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ X
JOEL RICH and MARY RICH,                      :    Civil Action No. 1:18-cv-02223
                                              :
                Plaintiffs,                   :
                                              :
        v.                                    :
                                              :
FOX NEWS NETWORK, LLC, MALIA                  :
ZIMMERMAN in her individual and professional  :
capacities, and ED BUTOWSKY, in his individual:
and professional capacities,                  :
                                              :
                Defendants.                   :
------------------------------------------------------------ X

## PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT FOX NEWS NETWORK, LLC

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiffs Joel Rich and Mary Rich (collectively, "Plaintiffs") request that Defendant Fox News Network, LLC ("Fox") produce the following documents for inspection and copying, within thirty (30) days of service, at the offices of Susman Godfrey LLP, 1301 Avenue of the Americas, 32nd Floor, New York, New York 10019, or at such other location as the parties may mutually designate in writing.

## DEFINITIONS AND INSTRUCTIONS

1. The definitions and rules of construction set forth in Federal Rule of Civil Procedure 34 and Rule 26.3 of the Local Civil Rules of the United States District Court for the Southern District of New York (the "Local Civil Rules") are hereby incorporated and shall apply to Plaintiffs' First Set of Requests for Production of Documents to Defendant Fox (hereinafter, the "Requests"). These definitions shall apply throughout the Requests without regard to capitalization.

2. In addition to the definitions and rules of construction set forth in Local Civil Rule 26.3, to bring within the scope of the Requests all documents that might otherwise be construed to be outside of their scope, the following additional definitions and rules of construction shall apply: (i) the masculine, feminine, or neutral pronoun shall not exclude other genders; (ii) the word "including" shall be read to mean "including without limitation"; (iii) the present tense shall be construed to include the past tense and vice versa; (iv) references to employees, officers, directors, or agents shall include both current and former employees, officers, directors, or agents; and (v) the use of the singular form of any word includes the plural and vice versa.

3. As used in these requests, the following terms are to be interpreted in accordance with the following definitions:

   a. <u>All/Any/Each</u>:  The terms "all," "any," and "each" have the meaning set forth in Local Civil Rule 26.3(d)(1).

   b. <u>And/Or</u>: The terms "and" and "or" have the meaning set forth in Local Civil Rule 26.3(d)(2).

      c.      <u>Agreement</u>: The term "agreement" means any oral or written contract, arrangement or understanding, whether formal or informal, between two or more persons, together with all modifications or amendments thereto.

      d.      <u>Communication</u>: The term "communication" has the meaning set forth in Local Civil Rule 26.3(c)(1).

      e.      <u>Concerning</u>: The term "concerning" has the meaning set forth in Local Civil Rule 26.3(c)(7).

      f.      <u>Defendants</u>: The term "Defendants" means: Fox News Network, LLC, Malia Zimmerman, and Ed Butowsky.

      g.      <u>DNC Wikileaks Incident</u>: The term "DNC Wikileaks Incident" refers to the events leading up to and including the publication by Wikileaks of emails and attachments of the Democratic National Committee ("DNC") in 2016.

      h.      <u>Document</u>: The term "document" has the meaning set forth in Local Civil Rule 26.3(c)(2).

      i.      <u>Elected Official</u>: The term "Elected Official" means any current, former, or prospective (past or present) official for elected office, and any staff member, agent, or member of any campaign, administration, or office of any current, former, or prospective elected official.

      j.      <u>Employee</u>: The term "Employee" means, without limitation, current and former officers, directors, executives, managers, sales personnel, secretaries, clerical staff, messengers, or any other person paid directly or indirectly by You.

      k.      <u>Electronically Stored Information/ESI</u>: The terms "electronically stored information" or ESI refer to any portion of data available only on a computer or other device

capable of storing electronic data. "Electronically stored information" includes, but is not limited to, email (whether conducted intra-company using company email addresses or conducted through an individual, non-company account (*e.g.*, Bloomberg, Gmail, Yahoo!, or AOL)), spreadsheets, databases, word processing documents, images, presentations, application files, executable files, log files, and all other files present on any type of device capable of storing electronic data. Devices capable of storing electronically stored information include, but are not limited to: servers, desktop computers, portable computers, handheld computers, flash memory devices, wireless communication devices, pagers, workstations, minicomputers, mainframes, and all other forms of online or offline storage, whether on or off company premises. ESI is meant to include instant messages (such as but not limited to Signal, Cisco Jabber, IBM Sametime, Wickr, ICQ, Kik, BBM, Gchat, Slack, and similar types of messages), **cell phone text messages (SMS messages and MMS messages**), **voicemail messages**, and similar types of messages.  ESI is also meant to include any records of such communications or messages, including phone records. ESI is meant to include any social media communication (such as but not limited to Twitter, Facebook, and Periscope). For any document kept in electronic form, the term "document" includes any metadata associated with the document.

   l. <u>Fox</u>: The term "Fox" means Fox News Network, LLC and its past or present subsidiaries, affiliates, attorneys, agents, representatives or other persons acting on behalf of Fox, including but not limited to any local affiliates or contributors, whether paid or unpaid.

   m. <u>Law Enforcement</u>: The term "Law Enforcement" means any current or former member of any government organization devoted to investigation or enforcement of law, including, but not limited to the D.C. Metropolitan Police Department, the Federal Bureau of

Investigation, the Central Intelligence Agency, any District Attorney office, and any United States Attorney office.

   n. <u>Meeting</u>: The term "meeting" means the contemporaneous presence of two or more persons (whether in person or via any electronic method of communication including all telephonic, computer, and electronic-assisted communications), whether such presence was pre-arranged or by chance, formal or informal, business or personal, or occurred in connection with or as part of some other activity or purpose.

   o. <u>Person</u>: The term "person" has the meaning set forth in Local Civil Rule 26.3(c)(6).

   p. <u>Retraction</u>: The term "Retraction" shall refer to Fox's retraction of the Zimmerman News Article, which occurred on May 23, 2017, and stated "[o]n May 16, a story was posted on the Fox News website on the investigation into the 2016 murder of DNC Staffer Seth Rich. The article was not initially subjected to the high degree of editorial scrutiny we require for all our reporting. Upon appropriate review, the article was found not to meet those standards and has since been removed."

   q. <u>Retraction Review</u>: The term "Retraction Review" shall refer to the "appropriate review" referenced by Fox in the Retraction.

   r. <u>Rich Family</u>: The term the "Rich Family" means Joel, Mary, Aaron, or Seth Rich, together, individually, or in any combination.

   s. <u>Rich/Wikileaks News Items</u>: The term "Rich/Wikileaks News Items" means any article, interview, segment or other news item whether or not ultimately published or aired, including, but not limited to all such materials that relate or refer to both Seth Rich and

Wikileaks and aired or published or contemplated to be aired or published on foxnews.com, the Fox News television station, or the Washington, D.C. local Fox affiliate.

    t. <u>You/Your</u>: The terms "you" or "your" means Fox News Networks, LLC and its past or present subsidiaries, affiliates, attorneys, agents, representatives or other persons acting on behalf of Fox, including but not limited to any local affiliates or contributors, whether paid or unpaid.

    u. <u>Zimmerman News Article</u>: The term "Zimmerman News Article" shall mean, each of the two articles authored by Malia Zimmerman and published by Fox News on May 16, 2017. If used in the plural ("Zimmerman News Articles"), this term shall mean both the articles, together.

  4. Unless otherwise directed, these requests seek documents dating from May 1, 2016 to the present.

  5. Any document bearing on any sheet any marks which are not a part of the original text (including, by way of example and not by way of limitation, initials, stamped indicia, comment, or notation of any character) is to be considered a separate document from the original for the purposes of these Requests.

  6. If any document is no longer in existence, state for each such document the type of document, the information contained therein, the date upon which the document ceased to exist, the circumstances under which the document ceased to exist, the location where the document was destroyed, the identity of all persons having knowledge of the circumstances under which the document ceased to exist, and the identity of all persons having knowledge or who had knowledge of the document's contents.

7.	In producing documents and ESI, You are requested to furnish all documents, ESI, or things in Your possession, custody or control, regardless of the physical location of the documents or ESI, or whether such documents or ESI or other materials are possessed directly by You or your directors, officers, agents, employees, representatives, subsidiaries, managing agents, affiliates, investigators, or by your attorneys or their agents, employees, representatives, or investigators.

8.	Except as otherwise stated herein, all ESI shall be produced in a format to be agreed upon by the parties.

9.	If You object to producing a document or electronically stored information, You must do as follows:

a.	If You withhold a document or electronically stored information under claim of privilege (including the work product doctrine), provide the information set forth in Local Rule 26.2 (a): (i) the type of document, e.g., letter or memorandum; (ii) the general subject matter of the document; (iii) the date of the document; and (iv) such other information as is sufficient to (a) identify the document for a subpoena duces tecum, including, where appropriate, the author of the document, the addressees of the document, and any other recipients shown in the document, and, where not apparent, the relationship of the author, addressees, and recipients to each other; and (b) evaluate the claim of privilege.

b.	If You object for any reason other than privilege, You must identify the withheld document and, in addition to the information requested above, state the reason for withholding the document.

c.	If You object to a request on the ground that production would be unduly burdensome, You must produce all responsive documents to that request that You can produce

without undue burden and explain which documents are being withheld and the exact nature of the burden.

10. When a document contains both privileged and non-privileged material, the non-privileged material must be disclosed to the fullest extent possible without thereby disclosing the privileged material. If a privilege is asserted with regard to part of the material contained in a document, You must clearly indicate the portions as to which the privilege is claimed. When a document has been redacted, identify as to each such document the reason for the redaction. Any redaction must be clearly indicated on the face of the redacted document.

11. When producing audio recordings or transcripts thereof, indicate for each recording or transcript the file name of the recording or transcript and the date and starting and ending time thereof. Plaintiffs request that responsive ESI contained on the audio recordings or audio tapes be produced either in mutually-agreed upon native audio file format, (such as .wav) or as searchable text on External USB 2.0 hard drives with clear breaks delineating between messages/conversations. Plaintiffs further request that Defendants provide all catalog information concerning the audio recordings or tapes, including the following: date of conversation, custodian, conversation participants, conversation description, time of conversation and original file format. Plaintiffs also request that Defendant's conversion process, including tools used to create searchable text be documents and be shared with Plaintiffs to assure quality in this process. Plaintiffs are willing to meet and confer on the actual text deliverable formatted and load file specifications once Defendant shares more details about the quantity and current format of these audio files.

12. Furnish all documents or material in your possession, custody or control, regardless of whether such documents or materials are possessed directly by your or Your

directors, officers, agents, employees, representatives, subsidiaries, managing agents, affiliates, investigators or by Your attorneys or their agents, employees, representatives or investigators.

13. These document requests are continuing and require supplemental responses as specified in Federal Rule of Civil Procedure 26(e) if You (or any person acting on Your behalf) obtain additional information called for by the request between the time of the original response and the time set for trial. Each supplemental response shall be served on Plaintiffs no later than thirty (30) days after the discovery of additional, responsive information, and in no event shall any supplemental response be served later than sixty (60) days before trial.

14. Pursuant to Rule 34(b) of the Federal Rules of Civil Procedure, documents shall be produced as they are kept in the usual course of business or segregated as responsive to a specific request enumerated in this First Request for Production of Documents.

## REQUEST FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 1:**

All documents and/or communications relating or referring to the Rich Family or any member of the Rich Family.

**REQUEST FOR PRODUCTION NO. 2:**

All documents and/or communications relating or referring to any sources for any Rich/Wikileaks News Item.

**REQUEST FOR PRODUCTION NO. 3:**

All documents regarding and/or communications with or about Ed Butowsky, including but not limited to: (1) any Agreements, informal or formal between Mr. Butowsky and Fox; (2) any compensation exchanged between Fox (including any employee, agent, or affiliate) and Mr.

Butowsky; (3) any articles authored or appearances by Mr. Butowsky on Fox; and (4) any communications of any kind. There is no time limit on this request.

**REQUEST FOR PRODUCTION NO. 4:**

All documents regarding and/or communications with or about Rod Wheeler, including but not limited to (1) any Agreements, informal or formal between Mr. Wheeler and Fox; (2) any compensation exchanged between Fox (including any employee, agent, or affiliate) and Mr. Wheeler; (3) any articles authored or appearances by Mr. Wheeler on Fox; and (4) any communication of any kind between You and Mr. Wheeler. There is no time limit on this request.

**REQUEST FOR PRODUCTION NO. 5:**

All documents regarding and/or communications with or about any Law Enforcement in connection with the DNC Wikileaks Incident. There is no time limit on this request.

**REQUEST FOR PRODUCTION NO. 6:**

All documents reflecting the organization of Fox, and its relationship with any affiliates, as of June 1, 2016, including but not limited to organizational charts.

**REQUEST FOR PRODUCTION NO. 7:**

All documents and/or communications regarding or reflecting any investigation into the sources or support for the Zimmerman News Articles both before and after publication, including but not limited to the Retraction Review, the Retraction, and any other investigation related to publication of any Rich/Wikileaks News Items.

**REQUEST FOR PRODUCTION NO. 8:**

All documents and/or communications reflecting persons at Fox (including employees, agents, contributors, independent contractors or other individuals) who were involved in any way with any Rich/Wikileaks News Items, including but not limited those who investigated, wrote, edited, or produced such Rich/Wikileaks News Items, and those who managed or supervised Malia Zimmerman, Marina Marraco, Sean Hannity, and/or any other Fox employee or contributor involved in any Rich/Wikileaks News Item.

**REQUEST FOR PRODUCTION NO. 9:**

Any documents and/or communications with or regarding Sy Hersh.

**REQUEST FOR PRODUCTION NO. 10:**

Any documents and/or communications reflecting Fox's policies regarding journalistic integrity, investigation of sources, treatment of sources, disclosure of sources, interaction with law enforcement, interaction with government officials, internal review processes, treatment of paid and unpaid contributors.

Dated: April 26, 2018                                      Respectfully submitted,

                                           By:      *s/Arun Subramanian*_____
                                                    Arun Subramanian

                                                    MASSEY & GAIL L.L.P.
                                                    Leonard A. Gail (*pro hac vice* pending)
                                                    Eli J. Kay-Oliphant (EK8030)
                                                    Suyash Agrawal (SA2189)
                                                    50 East Washington Street, Suite 400
                                                    Chicago, IL 60602
                                                    Telephone: (312) 283-1590
                                                    lgail@masseygail.com
                                                    ekay-oliphant@masseygail.com
                                                    sagrawal@masseygail.com

                                                    SUSMAN GODFREY L.L.P.

5777172v1/015730

        Arun Subramanian (AS2096)
        Elisha Barron (EB6850)
        Gloria Park (GP0913)
        1301 Avenue of the Americas, 32nd Floor
        New York, NY 10019
        Telephone: (212) 336-8330
        asubramanian@susmangodfrey.com
        ebarron@susmangodfrey.com
        gpark@susmangodfrey.com

        *Attorneys for Plaintiffs Joel and Mary Rich*

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing instrument has been served on the following counsel of record via email, this 26th day of April, 2018, as indicated below:

**ATTORNEY(S) FOR DEFENDANT FOX NEWS NETWORK LLC:**
Kevin T. Baine
Email: kbaine@wc.com
Katherine A. Petti
Email: kpetti@wc.com
**WILLIAMS & CONNOLLY LLP**
725 Twelfth St. N.W.
Washington, DC 20005

Dane H. Butswinkas
Email: dbutswinkas@wc.com
Joseph M. Terry
Email: jterry@wc.com


**WILLIAMS & CONNOLLY LLP**
650 Fifth Avenue
Suite 1500
New York, NY 10019


**ATTORNEY(S) FOR DEFENDANT MALIA ZIMMERMAN:**
David Stern
Email: david.stern@dechert.com
**DECHERT LLP**

633 West 5th Street
Suite 4900
Los Angeles, CA 90071-2013

Katherine M. Wyman
Email: katherine.wyman@dechert.com
**DECHERT LLP**
1095 Avenue of the Americas
New York, New York 10036-6797

**ATTORNEY(S) FOR DEFENDANT ED BUTOWSKY:**
David B. Harrison
Email: dharrison@spiroharrison.com
**SPIRO HARRISON**
830 Morris Turnpike, 2nd Floor
Short Hills, NJ 07078

                                              *s/ Elisha Barron*_____
                                              Elisha Barron