

SUSMAN GODFREY L.L.P.
A REGISTERED LIMITED LIABILITY PARTNERSHIP
SUITE 5100
1000 LOUISIANA STREET
HOUSTON, TEXAS 77002-5096
(713) 651-9366
FAX (713) 654-6666
WWW.SUSMANGODFREY.COM

_____

| SUITE 1400 | SUITE 3800 | 32ND FLOOR |
| --- | --- | --- |
| 1900 AVENUE OF THE STARS | 1201 THIRD AVENUE | 1301 AVENUE OF THE AMERICAS |
| LOS ANGELES, CALIFORNIA 90067-6029 | SEATTLE, WASHINGTON 98101-3000 | NEW YORK, NEW YORK 10019-6023 |
| (310) 789-3100 | (206) 516-3880 | (212) 336-8330 |

Elisha Barron
Direct Dial (212) 729-2013

E-Mail EBarron@susmangodfrey.com

February 13, 2020

VIA ECF AND MAIL

Hon. George B. Daniels
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St. Room 1310
New York, NY 10007-1312

Re:   *Rich v. Fox News Network LLC et al.*, Civ. No. 18-cv-02223

Dear Judge Daniels:

Plaintiffs Joel and Mary Rich oppose Defendant Ed Butowsky's motion to dismiss for lack of personal jurisdiction. Mr. Butowsky's motion should be denied for the reasons stated in Plaintiffs' Opposition Brief (Dkt. 56) and at oral argument on June 20, 2018. The Complaint alleges that New York was, by design, the epicenter of Mr. Butowsky's plan to exploit Joel and Mary Rich in order to spread a false story about their son Seth Rich. *See* Amended Compl. ¶ 8 ("Fox also acted with the assistance of Fox's employees and agents, Defendants Zimmerman and Butowsky in New York."); *id.* ¶ 12 ("Butowsky is a frequent contributor on Fox News and Fox Business News in New York."); *id.* ¶ 82 (The day before the article was published "Butowsky wrote by email to various Fox News producers and on-air talent in New York . . . regarding the Zimmerman/Fox Article, stating … 'I'm actually the one who's been putting this together[.]'").

Although Mr. Butowsky has yet to produce a single document in this case, documents produced by other defendants and in related litigation confirm that this Court has personal jurisdiction over Mr. Butowsky. Plaintiffs now have evidence that conclusively refutes the entire premise of Mr. Butowsky's motion—that "it is not alleged that Mr. Butowsky ever set foot in New York, let alone in connection

February 13, 2020
Page 2

with the underlying facts of this case." Butowsky Motion at 1 (Dkt. 53).[1] For example:

- **Wheeler0000493 (Exhibit 1):** Mr. Butowsky writes to Rod Wheeler that (as the Complaint alleges) the Zimmerman/Fox article that Butowsky jointly developed with Zimmerman was "*sent to New York* to be published." This email confirms that that Mr. Butowsky and Ms. Zimmerman targeted Fox News *in New York* for the publication of the Zimmerman/Fox Article.

- **FoxNews0000200 (Exhibit 2):** On May 23, 2017, the day Fox News retracted the Zimmerman/Fox Article, ***Ed Butowsky came to New York to meet with Fox News employee Andrew Napolitano about the article***. He wrote: "Good Morning Judge [Napolitano], I have a lot of information that is not known right now in my possession about Seth rich. ***I will be in the building this morning are you available for me to share this with you?***" (emphasis added). Mr. Napolitano, located at 1211 Avenue of the Americas, New York, NY, offered to "meet [Mr. Butowsky] in the lobby at 8:30." *Id.* This demonstrates that Butowsky came to New York as part of his continuing effort to propagate the sham story.

- **FoxNews0000406 (Exhibit 3):** Mr. Butowsky's May 23, 2017 visit to Fox's New York office to promote his narrative about Seth Rich and Wikileaks was not an isolated incident. On November 13, 2017, Mr. Butowsky emailed Refet Kaplan (now Executive Editor at Fox News) who oversaw the retraction of the Zimmerman/Fox Articles to let him know he would be *in* "*NYC* and wanted to discuss a few things."

- **Butowsky0000981 (Exhibit 4):** On August 10, 2017, Mr. Butowsky emailed CNN journalist Chris Cuomo about the Seth Rich/Wikileaks story, demanding that Cuomo "set the record straight." On August 18, 2017, Mr. Butowsky asked why Mr. Cuomo would not "allow me back on" and noted, "*I am in nyc* aug 28 to sept 1…which day works for you?" Here, Butowsky is coming to New York for the purpose of continuing to propagate the sham story in the jurisdiction.

---

[1] As Mr. Butowsky recognized, the Court is "plainly entitled to look outside the pleadings" in making its determination regarding jurisdiction. Butowsky Motion at 6 (citing *Faulkner v. Beer*, 463 F.3d 130, 134 (2d Cir. 2006).

February 13, 2020
Page 3

- **Butowsky0000306 (Exhibit 5):**[2] In October of 2018, Mr. Butowsky sent Mr. Cuomo an article titled, "DNC Emails – A Seth Attack Not a Russian Hack" that discussed the Seth Rich/Wikileaks story and this lawsuit. Mr. Butowsky accused Cuomo of "biased" reporting, and offered: "Perhaps we should meet up the next time *I am in NYC*? This way we can discuss your reporting accuracy."

This is what Plaintiffs know *without having received any discovery* from Mr. Butowsky in this case, jurisdictional or otherwise. These additional documents confirm the "substantial connection with the forum state" that "defendant himself" created. Butowsky Motion at 7 (quoting *Walden v. Fiore*, 134 S. Ct. 1115, 1121 (2014)). All that is required is a "single-act" under New York's C.P.L.R. § 302(a)(1). But Mr. Butowsky's contact was not sporadic—he went to and reached into New York on numerous occasions in furtherance of his intentional infliction of emotional distress against the Riches. Plaintiffs have made far more than the necessary "prima facie showing that jurisdiction exists." *Thomas v. Ashcroft*, 470 F.3d 491, 495 (2d Cir. 2006); Butowsky Motion at 5-6.

If the Court is inclined to grant Mr. Butowsky's motion notwithstanding the allegations in Plaintiffs' Opposition Brief and this additional concrete evidence of his repeated contacts with New York, at the very least the Court should allow jurisdictional discovery, including a narrow deposition of Mr. Butowsky regarding his New York contacts. *See* Plaintiffs' Opposition Br. at 39-40; *City of Almaty v. Ablyazov*, 278 F. Supp. 3d 776, 809 (S.D.N.Y. 2017) ("Jurisdictional discovery is warranted where, even if plaintiff has 'not made a prima facie showing, [they have] made a sufficient start toward establishing personal jurisdiction.'") (citation omitted).

Plaintiffs respectfully request that the Court deny the motion and allow the parties to proceed with discovery.

Sincerely,

Elisha Barron

---

[2] Mr. Butowsky produced this document in a related litigation.

7141521v1/015730