LAW OFFICES

# WILLIAMS & CONNOLLY LLP

725 TWELFTH STREET, N.W.

WASHINGTON, D. C. 20005-5901

(202) 434-5000

FAX (202) 434-5029

KATHERINE A. PETTI
(202) 434-5095
kpetti@wc.com

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)

February 27, 2020

Via ECF

Hon. Sarah Netburn
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

      Re:   *Rich et al. v. Fox News Network, LLC et al.*, No. 18-cv-02223

Dear Judge Netburn:

      Since the scheduling conference of February 10, 2020, the parties have met and conferred in an attempt to reach agreement on search terms, custodians, and the time period over which the search terms would be run. Though the parties have agreed on most issues, some remain disputed. Fox News submits this letter offering its position as to the remaining disputes.

**I.**    **Fox News's Discovery Requests to Plaintiffs**

      The only dispute that remains with respect to Fox News's First Set of Requests for Production to Plaintiffs concerns the time period over which Plaintiffs will run agreed-upon search terms designed to address Fox News's Requests for Production Nos. 1-2, 17-19, and 22-24.

      ***Fox News's Request for Production Nos. 1 and 2***, respectively, request "All communications and other documents referring or relating to WikiLeaks or any individual or entity affiliated with WikiLeaks, including but not limited to, Gavin MacFayden or Julian Assange" and "All communications and other documents referring or relating to the death of Seth Rich or investigation relating to his death." As to RFP No. 1, Fox News has requested that Plaintiffs search for documents from January 1, 2016 through the present. Plaintiffs agree to start the search at January 1, 2016 but will not agree to extend this search to the present. As to RFP No. 2, Fox News has requested that Plaintiffs search for documents from July 9, 2016 through the present. Plaintiffs have agreed to run search terms only through March 13, 2018 (the date of Plaintiffs' complaint). Fox has agreed that Plaintiffs need not include in their privilege log any documents dated after the filing of the Complaint that are protected by attorney-client privilege.

WILLIAMS & CONNOLLY LLP

February 27, 2020
Page 2

Plaintiffs have repeatedly alleged that Defendants published a "sham" story suggesting that Seth Rich leaked information to Wikileaks. *See* Am. Compl. ¶¶ 3, 36, 39, 43, 64, 70, 84, 85, 89, 90, 91, 109, 136, 138-40, 146, 148, 149, 152, 153, 156, 158-60, 162, 164, 165, 167-71, 184-88. Documents establishing the substantial truth of the article at issue are centrally relevant to this case and may not have come into Plaintiffs' possession until after the filing of their Complaint.

***Fox News's Request for Production Nos. 17, 18, and 19***, respectively, request "All records and other documents relating to any appointments, visits, consultations, and/or care received by you from or with any health care or mental health providers, including but not limited to in the fields of neurology, primary care, internal medicine, psychology, psychiatry, social work, therapy, or any other discipline, since January 1, 2015;" "All communications and other documents sufficient to identify any health care or mental health providers who you have consulted, visited, and/or received care from since January 1, 2015;" and "All communications and other documents referring or relating to your emotional state, distress, and/or well-being since January 1, 2015."

Central to Plaintiffs' claimed damages in this matter are claims for emotional, mental, and physical harm. Plaintiffs have not agreed that all of their alleged damages ceased to accrue following the filing of the Complaint. To that end, Fox News has asked that Plaintiffs run the accepted search terms for the period of January 1, 2015 through the present. Plaintiffs agree to search for documents only through March 13, 2018. These requests seek documents relating to any physical, emotional, or mental damages alleged by Plaintiffs and are central to Fox's ability to contest the asserted damages.

***Fox News's Request for Production Nos. 22, 23, and 24***, respectively, request "All communications and other documents reflecting wages, other income, or any other moneys received by you since January 1, 2014, including but not limited to, W-2 forms, 1099 forms, paystubs, bitcoin or other cryptocurrency payments, Venmo transmittals, or eBay payments;" "All job applications completed or obtained by you since January 1, 2015;" and "All communications and other documents related to potential job changes by you since January 1, 2015."

Plaintiffs also claim economic damages and have not agreed that their alleged economic damages ceased to accrue following the filing of the Complaint. To that end, Fox News has asked that Plaintiffs run the accepted search terms for the period of January 1, 2015 through the present. Plaintiffs agree to run these terms only from January 1, 2016 to March 13, 2018.

These requests are central to Plaintiffs' claims for economic damages. *See* Am. Compl. ¶ 133 ("Mary . . . was unable to accept the job. . . . Mary has been unable to return to work. . . . Her inability to do so has substantially diminished her self-esteem and has placed her family under considerable financial strain."). Plaintiffs' wages, employment, or attempts to find employment before and after the newsgathering and publications at issue, as well as before and after the filing of the Complaint, are plainly relevant to Plaintiffs' alleged economic damages.

WILLIAMS & CONNOLLY LLP

February 27, 2020
Page 3

## II.     Plaintiffs' Discovery Requests to Fox News

The parties have agreed on the custodians from whom Fox News will collect documents. The remaining disputes relate to a handful of search terms and the scope of relevant discovery.

### A.     Search Terms

The parties have agreed to a long list of broad and open-ended search terms for 28 Fox News custodians. The agreed-upon terms are more than sufficient to identify a comprehensive set of documents relevant to the claims and defenses in this case. Indeed, a subset of these terms that Fox News already used to collect documents generated more than 20,000 unique emails—more than 50,000 documents once attachments are included—for the date range of July 10, 2016, through March 13, 2018, alone.

Notwithstanding the generous set of terms agreed upon by the parties, Plaintiffs have persisted in asking Fox News to run expansive searches related to WikiLeaks or the DNC email leak generally. Some of these terms—for example, "Wikileaks and Trump" and "Wikileaks and .gov"—are so broad that they will sweep in documents not even related to WikiLeaks' release of the DNC emails. What is more, Plaintiffs are asking Fox News to run these searches for nearly 30 custodians, some of whom have only a tangential relationship to the news reports at issue in this case—but who may have done separate, unrelated newsgathering about WikiLeaks that will be intercepted by Plaintiffs' overbroad search terms.

This case concerns allegedly outrageous conduct "*specifically targeted at Joel and Mary.*" *Rich v. Fox News Network, LLC*, 939 F.3d 112, 125 (2d Cir. 2019) (emphasis added). Plaintiffs have no basis to rummage through the files of more than two dozen Fox News journalists using broad search terms that address major national events but have nothing to do with plaintiffs or Seth Rich. In short, their proposed search terms target irrelevant documents and are overbroad, unduly burdensome, and out of proportion to the needs of the case.

Plaintiffs have requested, and Fox News has declined to run, the following terms for custodians Malia Zimmerman and Adam Housley:

> (Source OR anonymous OR "Federal Investigator" OR "federal agent" OR "fed investigator" OR "fed agent" OR "investigative source" OR "investigative sources" OR "law enforcement source" OR "law enforcement sources") w/30
> - Wikileak!
> - (DNC AND Hack!)
> - (DNC AND Trump)
> - (DNC AND Russia!)
> - (Rich OR Seth))

WILLIAMS & CONNOLLY LLP

February 27, 2020
Page 4

   The first bullet point is overbroad and out of proportion to the needs of the case because it seeks any and all documents relating to law enforcement and WikiLeaks, untethered to the DNC email leak, much less to any reporting Fox News did about Seth Rich.  The next three bullet points are also overbroad, in that they seek documents related to law enforcement investigations of the DNC email leak, even if they have no connection to Seth Rich.  And the last bullet point, seeking documents that hit "Rich or Seth," uses commonplace words.  As such, it is likely to sweep in an untold number of irrelevant documents—*e.g.*, documents concerning "federal agents" who investigated "rich" parents implicated in the college admissions scandal.  The search for "Seth or Rich" is also redundant of the numerous open-ended searches Fox has agreed to run, including "Seth w/2 Rich" and (Wikileaks and (Seth or Rich)) and (Assange and (Seth or Rich)) and (DNC and hack and (Seth or Rich)).  As provided in Federal Rule 26(c), "the court must limit the frequency or extent of discovery . . . if it determines that . . . the discovery sought is unreasonably cumulative or duplicative."  That is the case with this search.

   Finally, this search has substantial overlap with another set of search terms that Fox News has already agreed to run for custodians Zimmerman, Housley, and Greg Wilson.  That search is for (Wikileak! AND (Russia)) OR (DNC AND (hack or leak)) AND Russia) AND numerous federal and state law enforcement terms, including ("investigative sources" or "law enforcement" or FBI or NSA or police or DOJ or MPD).  This search is set out in full on page 2 of the agreed-upon list of terms.  In an attempt to reach a compromise, Fox News proposed adding "federal investigator" to the list of law enforcement terms it would run with this search.  Plaintiffs declined.

   Plaintiffs also requested, and Fox News declined to run, the following searches across all 28 Fox News custodians.

> (Wikileaks or (DNC w/10 (hack or leak or emails)) or (Seth w/10 Rich)) AND (Trump or Spicer or Bannon or Kash or Patel or Nunes or "Dee O" or "Intelligence Committee" or "Brazile" or "to/from/cc/bcc .gov" or Rohrabacher)

   This search is so broad that it targets any document with the words "Wikileaks and Trump" and "Wikileaks and .gov" email addresses, to give just two examples.  Wikileaks has released numerous caches of documents other than the DNC emails.  This search will thus sweep in documents that have no relation to the DNC leak at all—to say nothing of Seth Rich or his parents.  The burden to Fox News of reviewing these irrelevant documents outweighs any likely benefit to Plaintiffs.  *See* Fed. R. Civ. P. 26(c) (requiring the limiting of discovery where "the burden or expense of the proposed discovery outweighs its likely benefit"); *see also Fort Worth Employees' Ret. Fund v. J.P. Morgan Chase & Co.*, 297 F.R.D. 99, 104 (S.D.N.Y. 2013) (rejecting search terms that would "requir[e] the defendants to sift through voluminous irrelevant documents added to the search results and thus creat[e] an unreasonable burden of production").

WILLIAMS & CONNOLLY LLP

February 27, 2020
Page 5

Additionally, the search term (Seth /10 Rich) is duplicative of the numerous open-ended searches Fox News has already agreed to run, including: "Seth w/2 Rich," "Wikileaks and (Seth or Rich)," "Assange and (Seth or Rich)," and more. Those terms are more than sufficient to capture the universe of responsive documents in this case.

### B. Scope of Relevant Discovery

Plaintiffs have asked that Fox News code as "responsive" any document that relates to Ed Butowsky's involvement in *any* Fox News coverage—including coverage unrelated to Seth Rich or the Rich family. To reiterate, the Second Circuit recognized that Plaintiffs have pleaded a claim for conduct "*specifically targeted at*" them. *Rich*, 939 F.3d 125. Plaintiffs do not allege that Butowsky somehow "targeted" them in the course of providing information for unrelated news coverage. To the contrary, they allege that Butowsky was a stranger to them before the events at issue in this case. Plaintiffs have no grounds to seek discovery into separate news reporting that in no way involves Seth Rich, Joel and Mary Rich, or any other member of the Rich family.

During the course of the meet and confer process, Plaintiffs suggested that discovery into Butowsky's involvement with other news reporting could be relevant to their negligent supervision claim. Not so. The negligent supervision claim, like the vicarious liability claim, relates to the conduct of Malia Zimmerman and Rod Wheeler—not Butowsky.

Plaintiffs, accordingly, have failed to make even a bare showing of relevance. Quite apart from that concern, documents and communications about unrelated news stories are protected from discovery by New York's powerful press shield law, *see* N.Y. Civ. Rights Law § 79-h, which is often described as "the strongest in the nation," *Murray Energy Corp. v. Reorg Research, Inc.*, 58 N.Y.S.3d 369, 371 (App. Div. 2017). To overcome that privilege, Plaintiffs must make "a clear and specific showing" that the requested information "is critical or necessary to maintenance of [their] claim." N.Y. Civ. Rights Law § 79-h. "The test is not merely that the material be helpful or probative, but whether or not the action may be presented without it." *Baker v. Goldman Sachs & Co.*, 669 F.3d 105, 108 (2d Cir. 2012). Plaintiffs cannot possibly make that showing with respect to documents that concern Butowsky's involvement in news reports about unrelated topics. And it would be unduly burdensome to require Fox to log every document withheld on such a basis.

Respectfully submitted,

*s/ Katherine A. Petti*
Katherine A. Petti
*Counsel for Fox News Network, LLC*

cc:   Counsel of Record (via ECF)