**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JOEL RICH AND MARY RICH,<br><br>Plaintiffs,<br><br>v.<br><br>FOX NEWS NETWORK, LLC, MALIA<br>ZIMMERMAN, AND ED BUTOWSKY,<br><br>Defendants. | Civil Action No. 1:18-cv-02223 (GBD) |

**REPLY MEMORANDUM IN SUPPORT OF THE MOTION OF**
**FOX NEWS NETWORK, LLC AND MALIA ZIMMERMAN TO DISMISS**
**THE AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM**

DECHERT LLP
David H. Stern
U.S. Bank Tower
633 West 5th Street
Los Angeles, CA 90071
(213) 808-5700

Nicolle Lipper Jacoby
1095 Avenue of the Americas
New York, NY 10036

*Attorneys for Malia Zimmerman*

March 20, 2020

WILLIAMS & CONNOLLY LLP
Kevin T. Baine
Joseph M. Terry
Stephen J. Fuzesi
Katherine Moran Meeks
Katherine A. Petti
725 Twelfth Street, N.W.
Washington, D.C. 20005
(202) 434-5000

650 Fifth Avenue
Suite 1500
New York, NY 10019

*Attorneys for Fox News Network, LLC*

## TABLE OF CONTENTS

ARGUMENT .................................................................................................................1

    I.      PLAINTIFFS FAIL TO STATE A CLAIM FOR NEGLIGENT
            SUPERVISION.................................................................................................1

            A.    Fox News Was Not on Notice of Zimmerman or Wheeler's
                 Propensity to Engage in a "Campaign of Emotional Torture" ................1

            B.    Wheeler Did Not Commit a Tort Using Fox News's Chattels ...................5

            C.    Zimmerman or Wheeler Did Not Inflict Any Physical Injury Upon
                 Plaintiffs ................................................................................................6

    II.     FOX NEWS CANNOT BE HELD LIABLE FOR THE CONDUCT OF
            WHEELER OF BUTOWSKY.............................................................................7

            A.    Fox News Is Not Vicariously Liable for Wheeler's Conduct....................7

            B.    Plaintiffs Fail to State a Claim for Conspiracy to Inflict Emotional
                 Distress...................................................................................................8

             C.    Plaintiffs Fail to State a Claim for Aiding and Abetting IIED .................10

CONCLUSION .............................................................................................................10

i

## **TABLE OF AUTHORITIES**

### **FEDERAL CASES**

*Bliss v. Putnam Valley Cent. Sch. Dist.*, No. 06-cv-15509, 2011 WL 1079944
(S.D.N.Y. Mar. 24, 2011) ....................................................................................2, 3

*Brown v. Bronx Cross Cty. Med. Grp.*, 834 F. Supp. 105 (S.D.N.Y. 1993)....................................7

*Canosa v. Ziff*, No. 18 Civ. 4115, 2019 WL 498865 (S.D.N.Y. Jan. 28, 2019) .........................4, 5

*David v. Weinstein Co.*, No. 18-cv-5414, 2019 WL 1864073 (S.D.N.Y. Apr. 24, 2019) ...........5, 6

*Doe v. Alsaud*, 12 F. Supp. 3d 674 (S.D.N.Y. 2014).....................................................................2

*Doe v. Guthrie Clinic*, 519 F. App'x 719 (2d Cir. 2013).................................................................4

*Doe v. Montefiore Med. Ctr.*, No. 12-cv-6862013..........................................................................3

*Ellison v. Lummus Corp.*, No. 08-cv-254, 2009 WL 10705284
(N.D. Tex. Feb. 13, 2009)............................................................................................8

*Haybeck v. Prodigy Servs.*, 944 F. Supp. 326 (S.D.N.Y. 1996) ...................................................3, 6

*Hwang v. Grace Rd. Church*, No. 14-cv-7187, 2016 WL 1060247 .................................................3

*In re Magnesium Corp. of Am.*, 399 B.R. 722 (S.D.N.Y. 2009)......................................................9

*In re Terrorist Attacks on Sept. 11, 2001*, 349 F. Supp. 2d 765 (S.D.N.Y. 2005).........................10

*Kaupp v. Church*, No. 10 Civ. 7559, 2011 WL 4357492 (S.D.N.Y. Sept. 19, 2011)....................7

*Madu, Edozie & Madu, P.C. v. SocketWorks Ltd. Nigeria*, 265 F.R.D. 106
(S.D.N.Y. 2010) .........................................................................................................6

*Nelson v. Selfhelp Cmty. Servs.*, Inc., No. 13-cv-5524, 2014 WL 6850967
(S.D.N.Y. Dec. 4, 2014)..............................................................................................3

*Pittman ex rel. Pittman v. Grayson*, 149 F.3d 111 (2d Cir. 1998)................................................10

*Rich v. Fox News Network, LLC*, 939 F.3d 112 (2d Cir. 2019)...........................................1, 2, 4, 7

*Turley v. ISG Lackawanna, Inc.*, 774 F.3d 140 (2d Cir. 2014).......................................................8

*United States v. Feola*, 420 U.S. 671 (1975) ................................................................................9

*United States v. Mitlof*, 165 F. Supp. 2d 558 (S.D.N.Y. 2001).....................................................10

*Williams v. N.Y.C. Dep't of Educ.*, No. 19 Civ. 1353, 2019 WL 4393546
   (S.D.N.Y. Aug. 28, 2019) ................................................................................................4

## STATE CASES

*Anna O. v. New York*, 2011 WL 6957587 (N.Y. Ct. Cl. Oct. 19, 2011) ........................................3

*Chainani ex rel. Chainani v. Bd. of Educ.*, 663 N.E.2d 283 (N.Y. 1995) ....................................8

*Doe v. New York*, 700 N.Y.S.2d 554 (App. Div. 1999) ................................................................3

*LeFebvre v N.Y. Life Ins. & Annuity Corp.*, 625 N.Y.S.2d 695 (App. Div. 1995) ........................9

*Murphy v. Am. Home Prod. Corp.*, 448 N.E.2d 86 (N.Y. 1983) ...............................................7, 8

*Pratt v. Ocean Med. Care, P.C.*, 653 N.Y.S.2d 608 (App. Div. 1997) ........................................6

*Pratt v. Ocean Med. Care, P.C.*, 637 N.Y.S.2d 307 (App. Div. 1996) ........................................6

*SantaMarina v. Citrynell*, 609 N.Y.S.2d 902 (App. Div. 1994) ..................................................4

*Stevens v. Kellar*, 977 N.Y.S.2d 461 (App. Div. 2013) ...............................................................4

*Wegman v. Dairylea Coop., Inc.*, 376 N.Y.S.2d 728 (App. Div. 1975) ........................................9

## STATUTES, RULES, AND REGULATIONS

Restatement (Second) of Torts § 317 ......................................................................................4, 5, 6

## OTHER AUTHORITIES

Robert Lafave, *Criminal Law* (3d ed. 2000) ..............................................................................10

Plaintiffs' opposition centers on the erroneous premise that the Second Circuit concluded that all claims in this case are viable. In fact, the Court of Appeals held only that Plaintiffs stated claims for intentional infliction of emotional distress and tortious interference with contract, leaving the remainder to be addressed by this Court. *See Rich v. Fox News Network, LLC*, 939 F.3d 112, 121 (2d Cir. 2019). With respect to negligent supervision, the Second Circuit made clear: "We do not decide this question." *Id.* And with respect to aiding and abetting and conspiracy, it remanded with instructions that this Court "decide in the first instance the extent to which these causes of action may proceed in light of this opinion." *Id.* at 126 n.10. These claims are ripe for decision and should be dismissed.

## ARGUMENT

## I.   PLAINTIFFS FAIL TO STATE A CLAIM FOR NEGLIGENT SUPERVISION.

Nothing in Plaintiffs' opposition can cure the complaint's failure to plausibly allege that: (1) Fox News knew or should have known of Wheeler or Zimmerman's alleged propensity to engage in a "campaign of emotional torture," (2) Wheeler committed a tort on or using Fox News's property, and (3) Zimmerman or Wheeler inflicted any physical harm on Plaintiffs.

### A.   Fox News Was Not on Notice of Zimmerman or Wheeler's Propensity to Engage in a "Campaign of Emotional Torture."

To state a claim for negligent supervision, Plaintiffs must plead facts showing that Fox News "knew or should have known of the employee's propensity for *the conduct which caused the injury* prior to the injury's occurrence." *Rich*, 939 F.3d at 129 (emphasis added). Attempting to meet this standard, Plaintiffs purport to identify a handful of incidents in which Zimmerman or Wheeler "previously manufactured and egregiously misrepresented facts in prior news stories." Opp. 8. But—even accepted as true—that prior alleged conduct cannot support Plaintiffs' negligent supervision claim because it differs in kind from the tortious conduct alleged in this case.

1

Plaintiffs strenuously argued to the Second Circuit that their claim involved far more than the publication of false statements about their son.  Now that their negligent supervision claim is on the line, Plaintiffs tell a different story, arguing that "purposely and falsely reporting fiction as fact, and quoting anonymous officials in support," is "*exactly*" the conduct that gave rise to their injury.  Opp. 8.  They cannot have it both ways.

What is at issue in this case, as found by the Second Circuit, is a "campaign of emotional torture" specifically targeted at Plaintiffs—a combination of "lies, religious appeals, and financial support" by which Defendants supposedly tricked Plaintiffs into accepting Wheeler as their private investigator.  *Rich*, 939 F.3d at 123, 125; Opp. 1.  Then, once Wheeler had a foothold inside the family, Defendants allegedly "exploited Wheeler's connection to the Riches to give credence to what Zimmerman and Butowsky knew were false accusations against Seth."  939 F.3d at 117.  As alleged in the complaint: "Butowsky and Zimmerman . . . sought out Joel and Mary using deception and capitalizing on their extreme and obvious vulnerability . . . to use them as pawns to develop the sham story."  Am. Compl. ¶ 136(a); Brief of Joel and Mary Rich, at 12, No. 18-2321 (2d Cir. Nov. 15, 2018), Dkt. No. 85 (describing tort as "a plot . . . to . . . trick grieving parents into facilitating a baseless and harmful rumor about their son").  The negligent supervision claim must fail because Plaintiffs have not identified a single prior incident in which Zimmerman or Wheeler engaged in tortious conduct of this kind—let alone that Fox News was aware of it.

This Court has held time and again that "unrelated or lesser allegations of prior wrongdoing" of the sort Plaintiffs offer here do not state a claim for negligent supervision.  *Doe v. Alsaud*, 12 F. Supp. 3d 674, 681 (S.D.N.Y. 2014).  Plaintiffs assert that there is "substantial contrary precedent," Opp. 9 n.7, but the three cases on which they rely are readily distinguished. The first, *Bliss v. Putnam Valley Cent. Sch. Dist.*, No. 06-cv-15509, 2011 WL 1079944 (S.D.N.Y.

Mar. 24, 2011), differed from an ordinary negligent supervision claim because it implicated "a school's special duty owed to its pupils," *id* at *10.  And the second two cases both involved prior conduct of the same kind that gave rise to plaintiff's injury.  *See Hwang v. Grace Rd. Church*, No. 14-cv-7187, 2016 WL 1060247, at *1, 15 (E.D.N.Y. Mar. 14, 2016) (concluding that church was on notice that its employees might forcibly restrain a mentally ill man based on an earlier incident in which they forcibly deprived him of medication); *Anna O. v. New York*, 2011 WL 6957587 (N.Y. Ct. Cl. Oct. 19, 2011) (sustaining claim where prison failed to increase supervision of a guard who raped inmate while he was under active investigation for having sex with another).

There can be no dispute that New York requires plaintiffs to show that the employer "was or should have been aware of the *specific* conduct at issue."  *See Nelson v. Selfhelp Cmty. Servs., Inc.*, No. 13-cv-5524, 2014 WL 6850967, at *4 (S.D.N.Y. Dec. 4, 2014); *see also Doe v. Montefiore Med. Ctr.*, No. 12-cv-6862013 WL 624688, at *4 (S.D.N.Y. Feb. 19, 2013) (employee's "increasingly erratic and bizarre behavior" that was "directed at his female colleagues" did not put employer on notice of his propensity for sexual assault); *Haybeck v. Prodigy Servs.*, 944 F. Supp. 326, 332 (S.D.N.Y. 1996) (allegation that employer knew employee was infected with AIDS and having sex with customers was insufficient, where employer did not know employee failed to inform customers that he carried the virus); *Doe v. New York*, 700 N.Y.S.2d 554, 554 (App. Div. 1999) (complaints that police officer abused his wife, threatened and harassed his girlfriend, "sexually harassed" a woman during a traffic stop, and stared at another's breasts and made her sit in his patrol car during a traffic stop did not put precinct on notice that officer had a propensity to sexually assault women during traffic stops).

Fox News additionally argued that the 1999 complaint against Zimmerman's former employer was too dated as a matter of law to have placed Fox on notice of her alleged tortious

propensities.  Fox News Br. 12–13.  In a footnote, Plaintiffs contend that the age of this complaint does not matter because they "directly alleged that Fox knew or should have known" of it.  Opp. 8 n.6.  This argument misses the point.  New York courts hold as a matter of law that misconduct long in the past does not place an employer on notice of its employee's tendency to inflict injury in the present.  *See* Fox News Br. 12–13; *Stevens v. Kellar*, 977 N.Y.S.2d 461, 461 (App. Div. 2013) (police officer's assault conviction in the early 1990s did not put employer on notice of his propensity for assault in 2008, even though employer had actual knowledge of prior conviction).

Plaintiffs further assert that the alleged "campaign of emotional torture" *itself* should have placed Fox News on notice that Zimmerman and Wheeler had a propensity to cause their injuries. Opp. at 10.  But New York courts have consistently held that "knowledge, actual or constructive, cannot be inferred from the mere happening of the incident complained of."  *SantaMarina v. Citrynell*, 609 N.Y.S.2d 902, 904 (App. Div. 1994); *Doe v. Guthrie Clinic*, 519 F. App'x 719, 721 (2d Cir. 2013).  Indeed, the Second Circuit recognized in this case that an employer must know of its employee's tortious propensity "prior to the injury's occurrence."  *Rich*, 939 F.3d at 129.

Plaintiffs finally suggest that Zimmerman's knowledge of her own tortious conduct should be imputed to Fox News.  This Court has already rejected such an argument as "not coherent," because it would mean that an employer would be liable for an employee's own negligence in supervising herself.  *Canosa v. Ziff*, No. 18 Civ. 4115, 2019 WL 498865, at *9 (S.D.N.Y. Jan. 28, 2019); *see also Williams v. N.Y.C. Dep't of Educ.*, No. 19 Civ. 1353, 2019 WL 4393546, at *20 (S.D.N.Y. Aug. 28, 2019).  Negligent supervision is not a form of vicarious liability; it is a distinct claim for the employer's negligence in supervising its employees.  It thus requires that the employer directly be on notice of its employee's propensity to engage in the tortious conduct alleged.  *See* Restatement (Second) of Torts § 317(d)(ii) (requiring that "*the master* know[] . . . of

the necessity . . . for exercising . . . control" over his servant (emphasis added)).  For the same reasons, it does not suffice that Zimmerman supposedly knew about Wheeler's participation in the alleged scheme.  Zimmerman is a mere employee and is not alleged to have any supervisory role over Wheeler.  *See Canosa*, 2019 WL 498865, at *15 n.19.[1]

> **B.      Wheeler Did Not Commit a Tort Using Fox News's Chattels.**

In dismissing Plaintiffs' original complaint, this Court held that Plaintiffs failed to allege credible facts showing that Wheeler committed a tort on, or using, Fox property.  Dkt. No. 69, at 19.  Although this Court granted Plaintiffs leave to amend, they have failed to add a single allegation in support of this element of their claim.  For their first time in their opposition brief, Plaintiffs argue that Wheeler used Fox's chattels when Zimmerman shared her research with him.  Opp. 11–12.  This argument fails for at least three reasons.  First, Plaintiffs cite no case suggesting that information gathered by a reporter is a "chattel" for purposes of a negligent supervision claim, and this Court has rejected attempts to expand the definition of chattels to include anything other than tangible objects. *See David v. Weinstein Co.*, No. 18-cv-5414, 2019 WL 1864073, at *7 (S.D.N.Y. Apr. 24, 2019).  Second, Plaintiffs fail to allege that Fox News (the master) knew that Zimmerman (an alleged servant) shared her research with Wheeler (another alleged servant).  But Plaintiffs must show that "*the master* knew" its servant was "using the master's chattels dangerously" before it can be held liable for negligent supervision.  Restatement (Second) of Torts § 317 Reporter's Note (emphasis added).  Finally, Plaintiffs have not alleged that Wheeler actually used the information Zimmerman gave him, much less that he used it to commit a tort.  *See*

---

[1] Plaintiffs also argue that reporter Adam Housley was "kept up to date about the plan to recruit Wheeler."  Opp. 10.  But Housley is also a mere employee not alleged to have supervisory authority over Zimmerman or Wheeler.

*Haybeck*, 944 F. Supp. at 327 (dismissing claim where employee used employer's live chat to meet customer, but not to commit tort against the customer).

Plaintiffs also argue that Wheeler used Fox's chattels to commit a tort when he "connected Seth's murder to WikiLeaks on Fox television programs." Opp. 12. But, once again, Plaintiffs cite no authority for the proposition that a television segment qualifies as a "chattel" for purposes of a negligent supervision claim, and so holding would impermissibly expand the definition of a chattel. *See David*, 2019 WL 1864073, at *7.[2] And even if a television segment somehow were a chattel, Fox News did not "entrust" those segments to Wheeler, as it must have to be liable under a negligent supervision theory. *See* Restatement (Second) of Torts § 317. To the contrary, Fox News was the publisher of the television news programs on which Wheeler appeared.

### C.      Zimmerman or Wheeler Did Not Inflict Any Physical Injury On Plaintiffs.

Plaintiffs argue that they need not plead physical injury, but the only case they cite, *Pratt v. Ocean Med. Care, P.C.*, 653 N.Y.S.2d 608, 608 (App. Div. 1997), is to the contrary. Although that case did include a negligent supervision claim, it held that an emotional rather than physical injury sufficed *only as to the separate loss of consortium claim. Id.* What is more, the conduct underlying the negligent supervision claim did involve physical harm—the plaintiff alleged that a physician "negligently manipulated" or "massaged" her body "in a manner inconsistent with accepted medical practice." 637 N.Y.S.2d 307, 308 (App. Div. 1996).

---

[2] Plaintiffs impermissibly cite to Wheeler's deposition in another case in an attempt to show that he used Fox's chattels. Opp. 12 n.8 (citing Sealed Ex. 2 at 77:2–13). But "a plaintiff may not shore up a deficient complaint through extrinsic documents submitted in opposition to a defendant's motion to dismiss." *Madu, Edozie & Madu, P.C. v. SocketWorks Ltd. Nigeria*, 265 F.R.D. 106, 122–23 (S.D.N.Y. 2010). The testimony does not, in any event, show that Wheeler personally used any Fox News chattels.

Plaintiffs contend that the cases on which Fox News relied required only "personal injury," rather than "physical injury." Opp. 12–13. This distinction is mere semantics. This Court has consistently dismissed negligent supervision claims where no physical injury is alleged. *See Brown v. Bronx Cross Cty. Med. Grp.*, 834 F. Supp. 105, 110 (S.D.N.Y. 1993) (collecting cases requiring physical injury). Plaintiffs further argue that, to the extent physical injury is required, they have alleged that Defendants harmed Mary Rich's "physical as well as mental health." Opp. 13. But this Court has said that physical manifestations of emotional injury—here, the worsening of an unspecified "preexisting neurological condition," Am. Compl. ¶ 133—do not suffice. *See Kaupp v. Church*, No. 10 Civ. 7559, 2011 WL 4357492, at *1 (S.D.N.Y. Sept. 19, 2011).

## II.   FOX NEWS CANNOT BE HELD LIABLE FOR THE CONDUCT OF WHEELER OF BUTOWSKY.

### A.   Fox News Is Not Vicariously Liable for Wheeler's Conduct.

In its opening brief, Fox News explained that it cannot be vicariously liable for Wheeler's alleged intentional infliction of emotional distress (IIED) because the Riches may not assert that tort against Wheeler directly. IIED is a "gap filler" available only where plaintiff has no other cause of action—but Plaintiffs allege a breach of contract claim against Wheeler. Quoting the Second Circuit's opinion in this case, Plaintiffs assert that IIED claims may in fact "overlap other areas of law." Opp. 14. But the Second Circuit was not suggesting that IIED may provide an overlapping remedy with other tort or contract claims. Just the opposite. The Court of Appeals acknowledged that "IIED may be invoked only as a last resort, to provide relief in those circumstances where traditional theories of recovery do not." *Rich*, 939 F.3d at 112.

Plaintiffs acknowledge that New York cases have barred IIED claims where plaintiff has asserted another *tort* claim against the same defendant. Opp. 14–15. The same limitation on IIED actions also applies where plaintiff has a contract claim. *See Murphy v. Am. Home Prod. Corp.*,

448 N.E.2d 86, 91 (N.Y. 1983) (IIED "cannot be allowed in circumvention of . . . the contract rule against liability for discharge of an at-will employee"); *see also Ellison v. Lummus Corp.*, No. 08-cv-254, 2009 WL 10705284, at *1 (N.D. Tex. Feb. 13, 2009) (dismissing IIED claim based on the same conduct that gave rise to breach of contract claim).

Plaintiffs argue that an IIED claim can be maintained alongside a contract claim because only the former allows for the recovery of punitive damages. Opp. 14. But New York law makes clear that IIED does not permit an end-run around the "carefully delineated remedies" for more traditional causes of action. *See Turley v. ISG Lackawanna, Inc.*, 774 F.3d 140, 159 (2d Cir. 2014).

Separately, Fox News cannot be vicariously liable for Wheeler's conduct because Plaintiffs do not any allege any facts from which to infer that Fox News exerted "control" over the manner in which he performed as an independent contractor. *See Chainani ex rel. Chainani v. Bd. of Educ.*, 663 N.E.2d 283, 287 (N.Y. 1995). Plaintiffs argue that Fox News must have exercised control over Wheeler because Zimmerman told him: "This could be really bad if the Fox News channel thinks you fed an exclusive we invested a lot of time and money into" to a local affiliate, WTTG. Opp. 16. But Zimmerman's comment—made *after* Wheeler leaked her story to another reporter—simply suggests that Fox News might be disappointed in his judgment, not that it affirmatively controlled the manner in which he performed his duties. Plaintiffs also point to other allegations that supposedly demonstrate Fox's control, but these are either conclusory recitations of the elements of vicarious liability, Am. Compl. ¶¶ 40, 136(d), 138, 142, 144, or show only that Zimmerman—not anyone acting in a supervisory capacity—gave instructions to Wheeler, *id.* ¶ 44.

### B.     Plaintiffs Fail to State a Claim for Conspiracy to Inflict Emotional Distress.

The conspiracy claim must be dismissed because Plaintiffs have failed to identify a single act undertaken in furtherance of the alleged conspiracy that does not already form a part of their IIED claim. Plaintiffs point to only a single supposedly unique allegation: that "Butowsky,

Zimmerman, . . . and others at Fox News *agreed* to develop a sham story implicating Joel and Mary." Opp. 19 (emphasis added). But New York courts have held that conclusory allegations that defendants "associated" or "agreed" cannot sustain a claim for conspiracy unless plaintiffs also allege "*independent overt acts* undertaken in pursuit of that conspiracy." *In re Magnesium Corp. of Am.*, 399 B.R. 722, 776 (S.D.N.Y. 2009) (collecting cases). "Absent the allegation of such independent overt acts, the causes of action for conspiracy fail." *Id.* That is the case here.

Plaintiffs' conspiracy claim also fails because they fail to allege that "the conspiratorial acts were coupled with a specific intent to cause injury." *Wegman v. Dairylea Coop., Inc.*, 376 N.Y.S.2d 728, 736 (App. Div. 1975). Plaintiffs cite *LeFebvre v N.Y. Life Ins. & Annuity Corp.*, 625 N.Y.S.2d 695 (App. Div. 1995), for the assertion that they need not allege specific intent to commit the underlying tort, but that case supports Fox's position. Addressing a claim of conspiracy to commit fraud, *LeFebvre* required "specific factual allegations that could support an inference that defendants knowingly agreed to cooperate in *a fraudulent scheme*, or shared a perfidious purpose." *Id.* at 696 (emphasis added). Here, where the claim is for conspiracy to commit IIED, Plaintiffs must plead a common intent to inflict emotional distress on Joel and Mary Rich. The amended complaint forecloses any such inference: Plaintiffs allege that they were "collateral damage in a political war to which they are innocent bystanders." Am. Compl. ¶ 1.

Plaintiffs rely on a federal criminal conspiracy case, *United States v. Feola*, 420 U.S. 671 (1975), to argue that they need only allege the mental state required by the underlying tort— recklessness. But *Feola* involved quite different circumstances. *See id.* at 687 (upholding conspiracy conviction where defendants had specific intent to commit assault but did not know their victims were federal officers). Other authorities recognize that "there is no such thing as a conspiracy to commit a crime which is defined in terms of recklessly or negligently causing a

result." *United States v. Mitlof*, 165 F. Supp. 2d 558, 563 (S.D.N.Y. 2001) (quoting Robert Lafave, *Criminal Law* §§ 580–81, 583 (3d ed. 2000), and collecting other authorities).

### C.   Plaintiffs Fail to State a Claim for Aiding and Abetting IIED.

Plaintiffs assert that, to state a claim for aiding and abetting, they need not identify a primary tortfeasor to whom the other defendants provided substantial assistance.  Opp. 24–25.  But the Second Circuit case they cite, *Pittman ex rel. Pittman v. Grayson*, 149 F.3d 111 (2d Cir. 1998), recognized that aiding and abetting requires that the defendant provide "substantial assistance or encouragement *to the primary wrongdoer*," *id.* at 123 (emphasis added).  The aiding and abetting claim simply does not fit their theory of the case for the reasons given in Fox's opening brief.

As to Fox News, the aiding and abetting claim must fail for the additional reason that Plaintiffs have not alleged a single fact to support the inference that Fox News "kn[e]w the wrongful nature of the primary actor's conduct."  *See In re Terrorist Attacks on Sept. 11, 2001*, 349 F. Supp. 2d 765, 826 (S.D.N.Y. 2005).  They allege that Butowsky told Wheeler "to play down Fox News" when talking to the Riches, Opp. 25, but that allegation relates only to *Butowsky's* intent.  Plaintiffs also point to their allegation that unnamed producers supposedly told Wheeler they wanted Fox, rather than the local affiliate, to break what Plaintiffs call the "false story."  *Id.* But even assuming that Fox producers knew the article was false, which they assuredly did not, the complaint does not allege that anyone at Fox News knew about the supposed scheme to plant Wheeler inside the Rich family or intended to cause emotional distress.  To the contrary, Fox's swift retraction of the article undermines any inference that it did.  *See* Am. Compl. ¶¶ 98, 106.

### CONCLUSION

For these reasons and those given in Fox's opening brief, the negligent supervision, vicarious liability, conspiracy, and aiding and abetting claims should be dismissed.

Respectfully submitted,

/s/ *Joseph M. Terry*

Kevin T. Baine
Joseph M. Terry (*pro hac vice*)
Stephen J. Fuzesi
Katherine Moran Meeks (*pro hac vice*)
Katherine A. Petti (*pro hac vice*)

WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
Tel: (202) 434-5000
Fax: (202) 434-5029

650 Fifth Avenue
Suite 1500
New York, NY 10019
kbaine@wc.com
jterry@wc.com
sfuzesi@wc.com
kmeeks@wc.com
kpetti@wc.com

*Attorneys for Fox News Network, LLC*

*With Consent*,

DECHERT LLP
David H. Stern (*pro hac vice*)
U.S. Bank Tower
633 West 5th Street
Los Angeles, CA 90071
(213) 808-5700

Nicolle Lipper Jacoby
1095 Avenue of the Americas
New York, NY 10036
david.stern@dechert.com
nicolle.jacoby@dechert.com

*Attorneys for Malia Zimmerman*

Dated:  March 20, 2020

11

### <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 20, 2020, I electronically filed the foregoing Reply Memorandum in Support Fox News Network, LLC, and Malia Zimmerman's Motion to Dismiss the Amended Complaint for Failure to State a Claim with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record in this matter who are on the CM/ECF system.

/s/ *Joseph M. Terry*

Joseph M. Terry
