USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/28/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOEL AND MARY RICH,

    Plaintiffs,

v.

FOX NEWS NETWORK, LLC, MALIA ZIMMERMAN, AND ED BUTOWSKY,

    Defendants.

Civil Action No. 1:18-cv-02223 (GBD) (SN)

## AMENDED STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER

SARAH NETBURN, United States Magistrate Judge:

WHEREAS, the parties to this action (collectively the "Parties" and individually a "Party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of nonpublic and sensitive information that they may need to disclose in connection with discovery in this action;

WHEREAS, the Parties, through counsel, agree to the following terms; and WHEREAS, this Court finds good cause exists for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this action,

IT IS HEREBY ORDERED that any person subject to this Order — including the Parties to this action (including their respective corporate parents, successors, and assigns), their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order — will adhere to the following terms:

1.    With respect to "Discovery Material" (i.e., information of any kind produced or disclosed in the course of discovery in this action) that a person has designated as "Confidential"

or "Highly Confidential" pursuant to this Order, no person subject to this Order may disclose such Confidential or Highly Confidential Discovery Material to anyone else except as this Order expressly permits:

2. The Party or person producing or disclosing Discovery Material ("Producing Party") may designate as "Confidential" only the portion of such material that it reasonably and in good faith believes constitutes, contains, reveals, or relates to confidential information for which any disclosure would work a serious harm to the commercial, business, or journalistic interests of the Designating Party or the legitimate privacy concerns of any individual.  By way of illustration, such information or documents may include, but are not limited to, commercially sensitive information regarding business practices, financial records, journalistic sources, journalistic practices, reporting practices, or personnel records or personal information.  This definition does not waive any assertion of any reporting privilege or other protections for sources, confidential or otherwise and relates only to how Discovery Materials may be designated.  A party may designate as "Highly Confidential" only the portion of such material that has been so designated in another proceeding, or that it reasonably and in good faith believes contains or reveals personally sensitive information, including medical and personal financial records, or information that would be protected from disclosure in another proceeding by the newsgathering privilege.[1]  The parties agree, and the Court so orders, that the production in this proceeding of information that would be protected from disclosure in another proceeding by the newsgathering privilege shall not constitute a waiver of the privilege.

---

[1] The Parties reserve the right to challenge the designation of documents as Confidential or Highly Confidential, in accordance with the procedures set forth in Paragraph 13, including based on asserted newsgathering privilege or otherwise.

3. With respect to the Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the Producing Party or its counsel may designate such portion as "Confidential" or "Highly Confidential" by: (a) stamping or otherwise clearly marking as "Confidential" or "Highly Confidential" the protected portion in a manner that will not interfere with legibility or audibility; and (b) producing for future public use another copy of said Discovery Material with the confidential or highly confidential information redacted.

4. A Producing Party or its counsel may designate deposition exhibits or portions of deposition transcripts as Confidential or Highly Confidential Discovery Material either by: (a) indicating on the record during the deposition that a question calls for Confidential or Highly Confidential information, in which case the reporter will bind the transcript of the designated testimony in a separate volume and mark it as "Confidential Information Governed by Protective Order" or "Highly Confidential Information Governed by Protective Order;" or (b) notifying the reporter and all counsel of record, in writing, within 10 days after receipt of the deposition transcript, of the specific pages and lines of the transcript that are to be designated "Confidential" or "Highly Confidential," in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript in their possession or under their control as directed by the Producing Party or that person's counsel. During the time preceding the expiration of the 10-day period, all Parties will treat the entire deposition transcript as if it had been designated Confidential or Highly Confidential.

5. If at any time before the trial of this action a Producing Party realizes that it should have designated as Confidential or Highly Confidential some portion(s) of Discovery Material that it previously produced without limitation, the Producing Party may so designate such material by so apprising all prior recipients in writing. Thereafter, this Court and all persons

subject to this Order will treat such designated portion(s) of the Discovery Material as Confidential or Highly Confidential.

6. Nothing contained in this Order will be construed as: (a) a waiver by a Party or person of its right to object to any discovery request; (b) a waiver of any privilege or protection; or (c) a ruling regarding the admissibility at trial of any document, testimony, or other evidence. The production of a privileged document does not waive the privilege as to other privileged documents and any inadvertently produced privileged document (including without limitation documents withheld on the basis of attorney-client privilege, the work product doctrine, or a reporters' or newsgathering privilege) can be clawed back pursuant to the procedure set forth in Fed. R. Civ. P. 26(b)(5)(B). Pursuant to Rule 502 of the Federal Rules of Evidence, no privilege is waived by any such disclosure.

7. Where a Producing Party has designated Discovery Material as Confidential, other persons subject to this Order may disclose such information only to the following persons:

    (a)    the Parties to this action;

    (b)    in-house counsel and counsel retained specifically for this action, including any paralegal, clerical, or other assistant that such outside counsel employs and assigns to this matter;

    (c)    outside vendors or service providers (such as copy-service providers and document-management consultants) that counsel hire and assign to this matter;

    (d)    any mediator or arbitrator that the Parties engage in this matter or that this Court appoints;

(e) as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

(f) any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(g) any person a Party retains to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(h) any witness during their deposition or trial testimony provided counsel has a good faith basis for using such information;

(i) stenographers engaged to transcribe depositions the Parties conduct in this action; and

(j) this Court, including any appellate court, its support personnel, and court reporters.

8. Where a Producing Party has designated Discovery Material as Highly Confidential, other persons subject to this Order may disclose such information only to the following persons:

(a) counsel for the Parties, including corporate counsel and counsel retained specifically for this action, including any paralegal, clerical, or other assistant that such outside counsel employs and assigns to this matter;

(b) with respect only to produced newsgathering materials that relate to coverage regarding Seth Rich and/or the Rich Family, the Parties;

(c) any pro se party to this action upon successful application by that party to the Court and a showing of good cause, to which any other party may object;

(c) outside vendors or service providers (such as copy-service providers and document-management consultants) that counsel hire and assign to this matter;

(d) any mediator or arbitrator that the Parties engage in this matter or that this Court appoints;

(e) as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

(f) any person a Party retains to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(g) any witness during their deposition or trial testimony provided counsel has a good-faith basis for using such information;

(h) stenographers engaged to transcribe depositions the Parties conduct in this action; and

(i) this Court, including any appellate court, its support personnel, and court reporters.

9. Before disclosing any Confidential Discovery Material to any person referred to in subparagraphs 7(f) or 7(g) above, or before disclosing Highly Confidential Information to any individual or entity not in previous receipt of such information, counsel must provide a copy of this Order to such person, who must sign a Non-Disclosure Agreement in the form annexed as an Exhibit hereto stating that he or she has read this Order and agrees to be bound by its terms. Counsel must retain each signed Non-Disclosure Agreement.

10. In accordance with paragraph I.D. of this Court's Individual Practices, any party filing documents under seal must request leave of this Court (via a motion to redact or file under seal, which should be filed electronically unless prohibited by law) to file under seal and supporting declaration enabling the Court to make "specific, on the record findings demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006). The parties must also submit an unredacted copy to Chambers via fax, if the document is five (5) pages or less, or by mail/hand delivery.

11. The Court retains discretion whether to afford confidential treatment to any Discovery Material designated as Confidential or Highly Confidential and submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court.

12. In filing Confidential or Highly Confidential Discovery Material with this Court, or filing portions of any pleadings, motions, or other papers that disclose such Confidential or Highly Confidential Discovery Material ("Confidential Court Submission"), the Parties shall publicly file a redacted copy of the Confidential Court Submission via the Electronic Case Filing System. The Parties shall file an unredacted copy of the Confidential Court Submission under

seal with the Clerk of this Court, and the Parties shall serve this Court and opposing counsel with unredacted courtesy copies of the Confidential Court Submission.

13. Any Party who objects to any designation of confidentiality may at any time before the trial of this action serve upon counsel for the Producing Party a written notice stating with particularity the grounds of the objection. If the Parties cannot reach agreement promptly, the moving party shall request a conference with the Court pursuant to Local Civil Rule 37.2.

14. Nothing contained in this Order will affect or restrict the rights of any Party with respect to its own documents or information produced in this action.

15. Nothing in this Order will prevent any Party from producing any Confidential or Highly Confidential Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided that such Party gives written notice to the Producing Party as soon as reasonably possible, and if permitted by the time allowed under the request, at least 14 days before any disclosure. Upon receiving such notice, the Producing Party will bear the burden to oppose compliance with the subpoena, other compulsory process, or other legal notice if the Producing Party deems it appropriate to do so. This provision is not intended to alter the allocation of burden under the substantive law, including as to assertion of newsgathering and other privileges. Notwithstanding the foregoing, no party shall produce Highly Confidential Discovery Material in any other legal proceeding unless so ordered by a Court or required by any government agency or law enforcement entity having jurisdiction.

16. Each person who has access to Discovery Material designated as Confidential or Highly Confidential pursuant to this Order must take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

17. Within 60 days of the final disposition of this action – including all appeals – all recipients of Confidential or Highly Confidential Discovery Material must either return it – including all copies thereof – to the Producing Party, or destroy such material – including all copies thereof. In either event, by the 60-day deadline, the recipient must certify its return or destruction by submitting a written certification to the Producing Party that affirms that it has not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any of the Confidential or Highly Confidential Discovery Material. Notwithstanding this provision, the attorneys that the Parties have specifically retained for this action may retain archival copies of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, or attorney work product, even if such materials contain Confidential or Highly Confidential Discovery Material. Any such archival copies that contain or constitute Confidential or Highly Confidential Discovery Material remain subject to this Order.

18. This Order will survive the termination of the litigation and will continue to be binding upon all persons to whom Confidential or Highly Confidential Discovery Material is produced or disclosed.

19. This Court will retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

SO STIPULATED AND AGREED.

BY: /s/ Elisha Barron    
    Elisha Barron

    SUSMAN GODFREY L.L.P.  
    Arun Subramanian (AS2096)  
    Elisha Barron (EB6850)

BY: /s/ Joseph M. Terry  
    WILLIAMS & CONNOLLY LLP  
    Joseph M. Terry (*pro hac vice*)  
    Stephen J. Fuzesi (SF2000)

Beatrice Franklin (BF1066)
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019
Telephone: (212) 336-8330
asubramanian@susmangodfrey.com
ebarron@susmangodfrey.com
bfranklin@susmangodfrey.com

MASSEY & GAIL L.L.P.
Leonard A. Gail (*pro hac vice*)
Eli J. Kay-Oliphant (EK8030)
Suyash Agrawal (SA2189)
50 East Washington Street, Suite 400
Chicago, IL 60602
Telephone: (312) 283-1590
lgail@masseygail.com
ekay-oliphant@masseygail.com
sagrawal@masseygail.com

*Attorneys for Plaintiffs Joel and Mary Rich*

Katherine Moran Meeks (*pro hac vice*)
Katherine A. Petti (*pro hac vice*)
725 Twelfth Street, N.W.
Washington, D.C. 20005
(202) 434-5000

650 Fifth Avenue
Suite 1500
New York, NY 10019
jterry@wc.com
sfuzesi@wc.com
kmeeks@wc.com
kpetti@wc.com

*Attorneys for Defendant Fox News Network, LLC*

*With Consent*,

DECHERT LLP
David H. Stern (*pro hac vice*)
U.S. Bank Tower
633 West 5th Street
Los Angeles, CA 90071
(213) 808-5700
david.stern@dechert.com

Nicolle Lipper Jacoby
Christine Isaacs
3 Bryant Park
1095 Avenue of the Americas
New York, NY 10036
(212) 698-3500
nicolle.jacoby@dechert.com
christine.isaacs@dechert.com

*Attorneys for Malia Zimmerman*

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

DATED:   April 28, 2020
         New York, New York