# Susman Godfrey l.l.p.

a registered limited liability partnership
32nd floor
1301 Avenue of the Americas
New York, New York 10019-6023
(212) 336-8330
fax (212) 336-8340
www.susmangodfrey.com

_____

Suite 5100
1000 Louisiana Street
Houston, Texas 77002-5096
(713) 651-9366
_____

Suite 1400
1900 Avenue of the Stars
Los Angeles, California 90067-6029
(310) 789-3100
_____

Suite 3800
1201 Third Avenue
Seattle, Washington 98101-3000
(206) 516-3880
_____

Elisha Barron
Direct Dial (212) 729-2013

E-Mail EBarron@susmangodfrey.com

May 22, 2020

Via ECF

The Hon. Sarah Netburn
United States Magistrate Judge
Thurgood Marshall Courthouse
40 Foley Square, Room 430
New York, NY 10007

Re:   *Rich v. Fox News Network LLC, et al.*, No. 18-cv-2223

Dear Judge Netburn:

Pursuant to this Court's Individual Rule II.C, and Local Civil Rules 7.1 and 37.2, Plaintiffs write to raise a discovery dispute and request, if necessary, a pre-motion conference. The dispute concerns Defendant Fox's refusal to provide Plaintiffs with documents produced to Fox—**but not to Plaintiffs**—by defendant Ed Butowsky in this case. The parties last conferred on this issue on May 22, 2020 and were unable to resolve the dispute.

Plaintiffs first learned that Butowsky produced documents to Fox in this litigation when the parties were preparing the status update submitted to the Court on April 24, 2020 (Dkt. 142), over **one month after** Butowsky produced the documents on March 20, 2020. Fox told Plaintiffs and the Court that Butowsky had produced documents to Fox that he had previously produced in related litigation, where he is represented by counsel (*Rich v. Butowsky, et al.*, D.D.C., No. 18-cv-681). *Id.* Fox represented that it had not produced these documents to Plaintiffs because they contained "duplicative Bates-stamping of different documents," but that Fox was "working to resolve those production issues and will produce those documents to Plaintiffs imminently." *Id.* Two weeks later, in a May 6, 2020 email, Plaintiffs inquired about the Butowsky documents and requested that Fox produce them by May 12, 2020. The parties met and conferred on May 8, 2020, and Fox raised no issue with this request. In a May 14, 2020 email, Plaintiffs against requested the Butowsky documents. On May 18, 2020, Fox responded for the first time that:

> we noticed that Mr. Butowsky had produced what appeared to be privileged communications with his attorneys in another case. We are awaiting a response from Mr. Butowsky's counsel in that matter as to how he wishes to handle this issue.[1]

Plaintiffs responded on May 19, 2020 that it was improper for Fox to withhold documents from Plaintiffs purportedly on the basis that *Fox* believes the document Butowsky produced in a different case where he is represented by counsel may be privileged. Plaintiffs requested that Fox provide the documents immediately. The parties conferred on May 22, and Fox again declined to produce the documents.

It is highly improper for Fox, having received documents produced **in this litigation**, to hide those documents from Plaintiffs. Period. Fox's withholding of Butowsky's documents based on *Fox's* unilateral determinations about Butowsky's privilege makes no sense. Butowsky should have produced these documents to Plaintiffs (whose discovery requests to Butowsky long preceded Fox's) when he produced them to Fox. Instead, Butowsky (and his counsel in other cases) has consistently told Plaintiffs that he is unable to respond to any discovery requests, including Plaintiffs' requests that he produce the *exact documents at issue here* – documents Butowsky already produced in other litigation.

Fox does not deny its obligation to provide the Butowsky documents to Plaintiffs.[2] Yet Fox claims that it is entitled first to unilaterally curate Butowsky's discovery based on its determinations about Butowsky's privilege. This is not only baseless, but Fox's hiding of produced documents strikes at basic fairness. Only Butowsky can assert the privilege and, likewise, he may waive it through "voluntary" or "careless" disclosure – disclosures he made in the first instance with the advice of counsel. *See In re Grand Jury Proceedings*, 219 F.3d 175, 182, 184, 188 (2d Cir. 2000) ("[T]he burden of establishing the existence of an attorney-client privilege, in all of its elements, rests with the party asserting it.").

Fox's position is contrary to the law of privilege and the Federal Rules of Civil Procedure. *In re Hornbeam Corp.*, 2015 WL 13647606, at *9 (S.D.N.Y. Sept. 17, 2015), *aff'd,* 722 F. App'x 7 (2d Cir. 2018) (Under Rule 45 party that did not issue subpoena is, upon request, "entitled to inspect all *materials produced* in response to the previously issued subpoenas") (emphasis added).

---

[1] Plaintiffs state that they have not yet received a response from Butowsky's counsel in *Rich v. Butowsky, et al.*, D.D.C., No. 18-cv-681.

[2] Even Rule 45 requires that a party "make reasonable provision for prompt access" to *non-party* discovery when such access is requested by another party. Fed. R. Civ. P. 45, Advisory Committee Note to 2013 Amendment.

May 22, 2020
Page 3

Plaintiffs respectfully request that the Court order Fox to produce **all** documents produced by Butowsky in this litigation immediately. Plaintiffs are available for a pre-motion conference at the Court's convenience.

Respectfully,

Elisha Barron
*Counsel for Joel & Mary Rich*