**SUSMAN GODFREY L.L.P.**
A REGISTERED LIMITED LIABILITY PARTNERSHIP
32ND FLOOR
1301 AVENUE OF THE AMERICAS
NEW YORK, NEW YORK 10019-6023
(212) 336-8330
FAX (212) 336-8340
WWW.SUSMANGODFREY.COM

___

| SUITE 5100<br>1000 LOUISIANA STREET<br>HOUSTON, TEXAS 77002-5096<br>(713) 651-9366 | SUITE 1400<br>1900 AVENUE OF THE STARS<br>LOS ANGELES, CALIFORNIA 90067-6029<br>(310) 789-3100 | SUITE 3800<br>1201 THIRD AVENUE<br>SEATTLE, WASHINGTON 98101-3000<br>(206) 516-3880 |
|---|---|---|

ELISHA BARRON
DIRECT DIAL (212) 729-2013

E-MAIL EBARRON@SUSMANGODFREY.COM

June 12, 2020

<u>Via ECF</u>

The Honorable Sarah Netburn
United States Magistrate Judge
Thurgood Marshall Courthouse
40 Foley Square, Room 430
New York, NY 10007

Re:   *Rich v. Fox News Network LLC et al.*, No. 18-cv-2223

Dear Judge Netburn:

Pursuant to this Court's Rule II.C, and Local Civil Rules 7.1 and 37.2, Plaintiffs write regarding Fox's refusal to produce (or log as privileged) documents that hit on agreed search terms "Wheeler" and "Butowsky," for agreed custodians, within a limited time period, because Fox asserts the documents concern "unrelated newsgathering." The documents are relevant to the claims and defenses in this case—they go to the disputed scope and nature of Fox's relationship with Ed Butowsky and Rod Wheeler. Fox has already reviewed and segregated the ~2,800 documents at issue, so there is no burden associated with producing them.

## **Procedural Background**

At the March 10, 2020 conference, the parties addressed whether Fox should be required to produce documents relating to Butowsky and Wheeler that, Fox claimed, relate to "unrelated newsgathering." The Court ruled,

> I think at this point we don't have enough information for me to make a fair ruling to [either] side. I am going to require the defendants to create a log and then we'll revisit the issue once you produced that log to plaintiffs and they can evaluate it.

June 12, 2020
Page 2

Ex. A (3/10 Tr. at 44-45). Fox did not agree to "create a log" and, instead, agreed only to provide statistics regarding the withheld documents, and certain search terms. Plaintiffs' understanding of those statistics is set forth below:[1]

| Custodian | "Butowsky" | "Wheeler" | Total |
|---|---|---|---|
| Zimmerman | 439 | 4 | 443 |
| Housley | 204 | 2 | 206 |
| Wilson | 16 | 7 | 23 |
| Other Custodians | 1078 | 310 | 1388 |
| **Total** | **1737** | **323** | **2060**[2] |

### Plaintiffs Meet Rule 26's "Relatively Low Threshold" of Relevance

Documents from the agreed Fox custodians, in the relevant timeframe, relating to Rod Wheeler or Ed Butowsky, are plainly relevant to this case. *See, e.g., John Wiley & Sons, Inc. v. Book Dog Books, LLC*, 298 F.R.D. 184, 187 (S.D.N.Y. 2014) (noting Rule 26's "extremely broad concept of relevance"); *id.* (relevance is a "relatively low threshold").

Plaintiffs plan to show that the relationship between Butowsky and Fox was deep and well-established, and that Butowsky, Zimmerman, and others at Fox routinely worked on politically motivated stories without regard for the truth. As alleged in the Complaint, Butowsky wrote to Wheeler on February 23, 2017:

> We have many mutual friends including Adam Housley and many others from Fox News … **Behind the scenes, I do a lot of work unpaid helping uncover certain stories**, my biggest work was revealing most of what we know today about Benghazi.

Am. Compl. ¶ 34 (Dkt. 99).[3] Wheeler, a paid Fox contributor, met with Zimmerman and Butowsky based on Butowsky's claimed connection to "many" people from

---

[1] Fox also ran additional terms within the "Butowsky and "Wheeler" documents: "Benghazi," "Trump," and, at Plaintiffs request, the names appearing on FoxNews0000530 (discussed below). The results, by Fox custodian, were: (1) Zimmerman (77 "Benghazi," 95 "Trump"); (2) Housley (95 "Benghazi," 60 "Trump"); (3) Wilson (~8 "Trump,"  ~ 2 "Benghazi"); (4) other custodians (~33 "Benghazi", ~313 "Trump," ~64 "Allen West," ~35 "Tom McInerney," 14 "Pete Hoekstra," and 1 "Roger Aronoff").

[2] Fox says there are 2,800 total documents. Plaintiffs understand that the additional 740 documents may be image files.

[3] All emphases added unless otherwise indicated.

June 12, 2020
Page 3

Fox, and because he had helped "uncover certain stories"—stories Fox now characterizes as irrelevant.

Fox has made clear that it plans to distance itself from Butowsky and Wheeler in connection with its defense of the IIED claim as well as the conspiracy and aiding and abetting claims. In its May 11, 2020 letter, Fox wrote, "Plaintiffs have not attempted to explain how Fox News could have engaged in a conspiracy with Butowsky when its editors neither knew of him nor had advance notice of the article of which Plaintiffs complain." Plaintiffs need not show that everyone at Fox was in on the conspiracy—there is evidence that Zimmerman, Adam Housley, and others at Fox "knew of [Butowsky]" and "had advance notice of the article." *See, e.g.*, Ex. B (Excerpt of Wheeler636 at 697, discussed below). But Fox does not appear to dispute that evidence of how deep Fox's entanglements with Butowsky and Wheeler went is relevant to the claims in this case.

It would, therefore, be unfair to limit Plaintiffs' discovery here, especially where it is within the carefully negotiated and agreed search terms, custodians, and date ranges, *and* where it appears there is relevant evidence to refute Fox's position. For example:

Rod Wheeler gave the following testimony at his deposition in the related litigation, *(Aaron) Rich v. Butowsky*, 18-cv-0681 (RJL) (D.D.C.):

- "Q. [W]hat do you mean … when you say 'Butowsky and Zimmerman were not simply good samaritans attempting to solve a murder; rather Butowsky and Zimmerman were interested in advancing a political agenda.' A: I meant exactly that." Ex. C (Publicly filed excerpt of Wheeler Tr.) at 66.

- "A. At some point during my investigation, it became rather clear to me that Butowsky and Zimmerman, first of all, knew each other much better than I thought they did. I knew they had worked together on the Benghazi case, **but I didn't know they were as close**." *Id.* at 67.

- "Q. When did you learn that Bill Sammon [(head of Fox's D.C. bureau)] had rejected the story, and the story being the May 16, 2017, Fox news story alleging a connection between Seth Rich and Wikileaks? A. … Malia and Butowsky explained to me how Bill Sammon is part of the **other side** and Bill Sammon is not a good person and all this kind of stuff.…" Ex. D (Publicly filed excerpt of Wheeler Tr.) at 107.

- "Q. And they thought he [Bill Sammon] was on the wrong team or the bad – A. The bad guys… **Butowsky and Malia, because they both said just about the same thing, but it was something of or relating to they're not part of the team.** They're on the other side." *Id.* at 110.

Butowsky texted Wheeler on May 4, 2017, just 12 days before Fox published the Seth Rich article: **"Sadly adam [sic] and Malia and I lost on one**

**story today because we didn't go out [sic] it aggressively enough."** Ex. B (Wheeler697). This suggests that Zimmerman, Housley, and Butowsky were working on multiple stories requiring "aggressive" tactics, during the relevant timeframe. Plaintiffs have the right to discover the broader relationship between Butowsky (a non-journalist) and Fox employees Housley and Zimmerman.

On May 16, 2017, the day Fox published the Seth Rich article, Butowsky forwarded the article to paid Fox News paid contributors Allen West and Tom McInerney, and others, including Roger Aronoff, and Pete Hoekstra, stating, "I have been working on this story for many months **and a few of you assisted in getting this done**." Ex. E (Fox News0000530). As set forth above in note 1, a number of the withheld documents also hit on the terms "Tom McInerney," "Roger Aronoff," "Allen West," and "Pete Hoekstra."

The statistics Fox provided raise far more questions than they answer about Butowsky's relationship with Fox—they confirm the documents' relevance:[4]

- What "newsgathering" was Zimmerman engaged in with Butowsky in the timeframe from July 2016 to the filing of the Complaint that was not related to Seth Rich *or* Benghazi? Was it also politically motivated? Did it rely on anonymous sourcing?

- Was Adam Housley, who worked closely with Butowsky and Zimmerman on the Seth Rich narrative, working on the same stories with Zimmerman and Butowsky?

- What "newsgathering" was Greg Wilson, who defendants claimed in their May 11, 2020 letter "**did not even know who Butowsky was** until after the article was published," conducting with or involving Butowsky that is "unrelated" to this case? (emphasis in original).

- Who else and how many others at Fox knew of Zimmerman's and Butowsky's practices or worked with Butowsky themselves?

Documents that hit on the term "Butowsky," dated before May 16, 2017, are relevant to show that individuals at Fox "knew of" Butowsky before the article's publication. They also show that Butowsky's involvement in the Seth Rich conspiracy was not an isolated incident. Documents dated after May 16, 2017 may show that individuals at Fox continued to deal with Butowsky, notwithstanding their knowledge of his role in exploiting Joel and Mary Rich in order to publish a false and unsubstantiated narrative about their murdered son.

---

[4] Plaintiffs asked if Fox would produce (or log) some subset of these documents, such as the Zimmerman, Housley, and Wilson documents, but Fox refused because it asserts that not one of these documents is relevant.

June 12, 2020
Page 5

As to the Wheeler documents, documents dated before publication are relevant to what Fox knew about Wheeler's reliability as well as to the relationship between Fox and Wheeler. If Fox continued newsgathering with Wheeler after publication that, too, is relevant to Fox's culpability. This also goes to the outrageousness of Fox's conduct, and to the claim of negligent supervision.

Fox's assertion that none of these documents meets the "low threshold" of relevance to Plaintiffs' claims is untenable.

### Fox Has Not Shown That the Discovery Sought is Overly Broad or Burdensome

Producing ~2,060 (or 2,800) documents—which Fox has already reviewed and segregated—is not onerous. Fox instead claims that it can withhold these documents based on a bare assertion that every single one of the document is privileged.[5] Fox declined Plaintiffs' request to provide a log with sufficient information "to allow the plaintiffs to make whatever argument they want" regarding privilege, as the Court directed. Ex. A (3/10 Tr. at 45). Fox, having declined to make any showing as to privilege, should not be permitted to avoid producing relevant discovery, and to deny Plaintiffs the information necessary to test or overcome a claim of a privilege, which Fox admits is qualified.

### Conclusion

All Plaintiffs request is that Fox produce the responsive documents that hit on the parties' agreed search terms, and log those it claims are privileged in accordance with the Federal Rules. *See* Local Civil Rule 26.2(a)(2)(A). If Fox nevertheless wants to withhold these documents, then it should be limited from contesting issues in this litigation—such as the extent of Fox and its agents' relationship with Butowsky and Wheeler—to which these documents are relevant.

Respectfully,

Elisha Barron
*Counsel for Joel & Mary Rich*

Cc: Ed Butowsky, by email

---

[5] In the *(Aaron) Rich v. Butowsky* litigation, the Court denied a motion by Fox and Zimmerman (*third parties*) to quash Zimmerman's deposition. Ex. F (4-10-20 Order). The Court held Zimmerman had not "satisfied her burden of showing that the privilege applies to many of the topics upon which plaintiff seeks her testimony." *Id.* at 2-3. Fox and Zimmerman have moved for reconsideration of that ruling, and the motion remains pending.