LAW OFFICES
# WILLIAMS & CONNOLLY LLP

725 TWELFTH STREET, N.W.
WASHINGTON, D. C. 20005-5901
(202) 434-5000
FAX (202) 434-5029

KATHERINE M. MEEKS
(202) 434-5870
kmeeks@wc.com

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)

June 17, 2020

Via ECF & Email

Hon. Sarah Netburn
U.S. District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

  Re: Response to Plaintiffs' June 12, 2020, Pre-Motion Letter in *Rich v. Fox News Network, LLC*, No. 18-cv-2223

Dear Judge Netburn:

  In their latest letter to the Court, Plaintiffs Joel and Mary Rich seek the production of nearly 3,000 documents that are wholly unrelated to the reporting at issue in this case—and that, instead, directly implicate Defendant Fox News Network's right to gather news on topics having nothing to do with the Rich family, the leak of Democratic National Committee emails, or WikiLeaks at all. Plaintiffs have not made a bare showing that these documents are relevant or proportional to the needs of the case, particularly in light of the broad discovery to which Fox News has already agreed. And even if Plaintiffs could otherwise satisfy Rule 26(b), they cannot overcome the protections afforded by New York's powerful press shield law and the federal newsgathering privilege—protections that are dispositive of the issues on this motion, but which Plaintiffs do not even attempt to address.

  Nature of the Discovery Dispute

  Fox News already has produced 32,600 pages of documents to Plaintiffs, and its rolling production is continuing. The review of electronic documents for production includes 28 custodians and the use of dozens of search terms agreed upon by the parties.

  The present dispute concerns the production of documents relating to Ed Butowsky and Rod Wheeler. Fox News has agreed to produce documents concerning Butowsky and Wheeler with respect to its coverage of Seth Rich and the DNC email leak. Fox News has also produced contracts or agreements with these individuals, along with documents sufficient to show payments it made to Wheeler under his contributor agreement. Plaintiffs, however, argue that they are entitled to more. They contend that Fox News should produce *every* document, regardless of

WILLIAMS & CONNOLLY LLP

June 17, 2020
Page 2

subject matter, that hits on Butowsky or Wheeler's names or email addresses. Wheeler was a paid contributor for Fox News, and Butowsky was an unpaid guest on various Fox News and Fox Business programs. When Fox ran their names and emails through the files of 28 custodians, it swept up nearly 3,000 documents that have nothing to do with the news reporting at issue in this case. Fox News has declined to produce these documents because they do not concern any member of the Rich family or even the DNC email leak more generally. They are, quite literally, about "unrelated" news stories. Pls.' Letter 1.

Relevance and Proportionality

Although discovery under the Federal Rules is broad, it is not limitless. Rule 26 requires that the discovery be both "relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). "The burden of establishing relevance is on the party seeking disclosure." *Edmondson v. RCI Hospitality Holdings, Inc.*, No. 16-cv-2242, 2018 WL 4112816, at *1 (S.D.N.Y. Aug. 29, 2018). To satisfy that burden, the moving party "must articulate a concrete linkage between the discovery sought and the claims or defenses asserted in the case." *Id.* (brackets omitted). Mere fishing expeditions are not permitted. *Barbara v. MarineMax, Inc.*, No. 12-cv-368, 2013 WL 1952308, at *2 (E.D.N.Y. May 10, 2013).

Plaintiffs have failed to satisfy that burden. As an initial matter, the mere fact that a document hits on search terms does not establish its relevance. The parties at no point agreed that they would produce every single document that hits on search terms. That procedure would make little sense in a case like this one, where the search terms include words and phrases—like "Rich" in combination with other terms—likely to generate irrelevant hits. Thus, the Court advised at the February 10 discovery conference that the "better practice" was for the parties to "review the documents for responsiveness" even after running search terms. Hr'g Tr. 12.

Plaintiffs profess to need documents about unrelated news reports to show that "Butowsky, Zimmerman, and others at Fox routinely worked on politically motivated stories without regard for the truth." Pls.' Letter 2. But *other* stories are not relevant to the claims at issue here, which involve specific coverage relating to Seth Rich. Indeed, allegedly publishing a false news report for political reasons is not even the tort at issue in this case. To the contrary, the Second Circuit expressly distinguished Plaintiffs' intentional infliction claim from one for defamation, holding that their claim was based on an alleged "campaign of emotional torture" specifically targeted at Joel and Mary Rich. *See Rich v. Fox News Network, LLC*, 939 F.3d 112, 123, 125 (2d Cir. 2019). Plaintiffs have failed to articulate how discovery into entirely unrelated news reports—reports not about them, their son, or the DNC email leak—will help prove this supposed "campaign" directed *at them*.

Nor have Plaintiffs shown that these documents are relevant to their claims for negligent supervision or vicarious liability (which are the subject of a pending motion to dismiss). Plaintiffs say they "plan to show that the relationship between Butowsky and Fox was deep and well-established." Pls.' Letter 2. But, again, that is irrelevant to the actual claims here. The Complaint does not allege that Butowsky was an employee or agent of Fox News—only that Wheeler and

WILLIAMS & CONNOLLY LLP

June 17, 2020
Page 3

Malia Zimmerman were—and the negligent supervision and vicarious liability claims are not premised in any way on his conduct. *See* Am. Compl. ¶¶ 178–89, 191–92, 210. Thus, even if Plaintiffs could demonstrate some sort of informal "relationship" with Butowsky, it would not prove any element of these claims. Nor have Plaintiffs explained how such a relationship is relevant to their conspiracy and aiding and abetting claims (which are also the subject of the pending motion to dismiss).[1]

Even if the documents were somehow relevant, Plaintiffs have not attempted to satisfy the independent requirement that the discovery be proportional to the needs of the case. Fox News has agreed to an extensive set of search terms that will allow Plaintiffs to test their theory that Fox published a deliberate falsification about Seth Rich as part of the alleged "campaign of emotional torture" targeted at Joel and Mary Rich. Fox News has already produced more than 9,000 documents pursuant to these searches and will continue making rolling productions in the coming weeks. This agreed-upon discovery will either allow Plaintiffs to prove their allegations or—as Fox maintains—show that they lack any factual basis. Plaintiffs have not articulated any reason why this discovery is insufficient, such that they need to probe the fairness and accuracy of news reports that form no part of the Complaint.

Plaintiffs' proposal to demonstrate that Butowsky, Zimmerman, and "others at Fox" pursued news stories "without regard for the truth" promises to be nothing more than a distraction and a drain on resources—a classic fishing expedition that will lead only to mini-trials on unrelated coverage. Proving the truth or falsity of news reports not at issue in the Complaint will require the parties to depose witnesses and gather documents that would otherwise not be part of this case. While Plaintiffs quote a portion of the transcript of the March 10 discovery conference, they leave out that the Court appeared to discourage "collateral litigation" over news reports not at issue in this case, stating: "The[] trial is not going to be [about] Benghazi." Hr'g Tr. 39.

In fact, Plaintiffs' representations to the Court at an earlier discovery conference underscore that the documents they seek are neither relevant nor proportional. At the February 10 hearing, counsel for Plaintiffs stated that "[t]he scope of the issues in this case is fairly narrow[]" and that Plaintiffs would merely be seeking "communications surrounding publications of articles, internal discussions of publications of the articles, things of that nature." Hr'g Tr. 5, 7. Yet Plaintiffs now propose taking the parties and the Court on a detour into news reports that do not involve them and for which they can claim no damages. Their invitation should be rejected under Rule 26.

---

[1] Nor have Plaintiffs shown, for example, why it is relevant—or why they would need these documents to show—"that individuals at Fox 'knew of' Butowsky before the article's publication."

WILLIAMS & CONNOLLY LLP

June 17, 2020
Page 4

Newsgathering Privileges

Even if Plaintiffs could show that the discovery they are seeking was relevant and proportional to the needs of the case, they could not overcome the high barriers erected by New York's press shield law or the related federal privilege for newsgathering.

New York law provides the press with an absolute privilege for news obtained from confidential sources and a qualified privilege for unpublished newsgathering materials not obtained in confidence. To overcome the qualified privilege, the party seeking discovery must make "a clear and specific showing" that the requested information is (1) "highly material and relevant," (2) "critical or necessary to the maintenance of a party's claim, defense, or proof of an issue material thereto," and (3) "not obtainable from any alternative source." N.Y. Civ. Rights Law § 79-h. "To determine that unpublished news is either critical or necessary within the meaning of § 79-h, there must be a finding that the claim for which the information is to be used virtually rises or falls with the admission or exclusion of the proffered evidence." *Baker v. Goldman Sachs & Co.*, 669 F.3d 105, 108 (2d Cir. 2012). "The test is not merely that the material be helpful or probative, but *whether or not the action may be presented without it*." *Id.* (emphasis added and ellipsis omitted). The standard is similar under federal law, which permits disclosure of non-confidential newsgathering material only if it is "of likely relevance to a significant issue in the case" and the information is "not reasonably obtainable from other available sources." *Gonzales v. NBC, Inc.*, 194 F.3d 29, 36 (2d Cir. 1999).

Plaintiffs cannot possibly satisfy these standards—indeed, they do not even try. It is clear that the discovery they seek implicates the newsgathering privileges. Yet they have no credible argument that they can make the required "clear and specific showing" needed to overcome them. N.Y. Civ. Rights Law § 79-h. For the reasons given above, Plaintiffs have not shown that the discovery is relevant for purposes of Rule 26—much less that it is "highly material and relevant" for purposes of the shield law. *Id.* Nor can Plaintiffs show that their claims "virtually rise[] or fall[]," *Baker*, 669 F.3d at 108, with the discovery they are moving to compel. Just the opposite: the news stories discussed in these documents have nothing to do with Plaintiffs and are not a source of their alleged damages. Further, Plaintiffs have not shown that the information reflected in these documents is not available from any other source. Plaintiffs have not, for example, attempted to depose Butowsky or Wheeler, even though "a deposition is an alternative source that *must be pursued*" before the qualified privilege can be overcome. *Blum v. Schlegel*, 150 F.R.D. 42, 46 (W.D.N.Y. 1993) (emphasis added).

Plaintiffs argue, instead, that Fox News "declined to make any showing as to privilege" because it did not produce a log. That argument is highly misleading. Fox News declined to produce a *document-by-document log* for this collection of irrelevant materials. This Court's local rules do not require such a log, *see* Local R. 26.2(c), and creating one would have imposed an undue burden and expense on Fox News given the sheer number and marginal (if any) relevance of the documents at issue. Consistent with the Southern District's practice of encouraging "[e]fficient means of providing information regarding claims of privilege," *id.*, Fox News proposed that it would run search terms through the disputed set of documents. Fox News then proceeded

WILLIAMS & CONNOLLY LLP

June 17, 2020
Page 5

to run *every* search term requested by Plaintiffs and provided them with a hit report—broken down by certain custodians—for each search term at issue. Plaintiffs did not object to this compromise, which is precisely what enabled them to cite the information on which they rely in their letter to the Court. They have no basis to claim that Fox News somehow failed to preserve its claim to the privileges, nor have they explained why a document-by-document log would help resolve this dispute. Such a log would only impose additional cost on Fox News, when it is Plaintiffs who have failed to carry their burden of overcoming the privileges at issue here.

Plaintiffs' bid to compel production of documents relating to Butowsky or Wheeler's contribution to unrelated news reports should be rejected, as should Plaintiffs' request for a document-by-document log of privilege assertions with respect to these documents.

Respectfully,

/s/ Katherine Moran Meeks
*Counsel for Fox News Network, LLC*

CC:   Counsel of Record & Ed Butowsky