# SUSMAN GODFREY L.L.P.

A REGISTERED LIMITED LIABILITY PARTNERSHIP
32ND FLOOR
1301 AVENUE OF THE AMERICAS
NEW YORK, NEW YORK 10019-6023
(212) 336-8330
FAX (212) 336-8340
WWW.SUSMANGODFREY.COM

_____

| Suite 5100 | Suite 1400 | Suite 3800 |
| 1000 Louisiana Street | 1900 Avenue of the Stars | 1201 Third Avenue |
| Houston, Texas 77002-5096 | Los Angeles, California 90067-6029 | Seattle, Washington 98101-3000 |
| (713) 651-9366 | (310) 789-3100 | (206) 516-3880 |

Elisha Barron
Direct Dial (212) 729-2013

E-Mail EBarron@susmangodfrey.com

June 23, 2020

Via ECF

The Honorable Sarah Netburn
United States Magistrate Judge
Thurgood Marshall Courthouse
40 Foley Square, Room 430
New York, NY 10007

Re:   *Rich v. Fox News Network LLC et al.*, No. 18-cv-2223

Dear Judge Netburn:

The documents Plaintiffs seek by this motion are relevant. They relate to Plaintiffs' claims of intentional infliction of emotional distress, negligent supervision, vicarious liability, and conspiracy, and Fox's defenses and attempts to distance itself from Ed Butowsky and Rod Wheeler. They hit on search terms and custodians the parties took pains to negotiate. There is no burden to Fox, as Fox has already collected and reviewed these documents. Applying Rule 26(b)'s standards, Fox should be required to produce these documents. So why is Fox resisting?

The problem for Fox is that the documents undermine a key Fox argument in this case, that co-defendant Ed Butowsky was nothing more than "an unpaid guest on various Fox News and Fox Business Programs." Fox Ltr. at 2. The evidence already shows that Butowsky was far more. He helped Fox orchestrate controversial, politically motivated stories, including, but not limited to, the Seth Rich story. Plaintiffs must be allowed to test this theory. It bears on the "outrageousness" of Fox's conduct, and Fox's liability for the scheme at issue—a scheme that includes Defendants' embedding Wheeler as Joel and Mary's "private investigator" when Wheeler's real job was to lend credibility to Butowsky's and Fox's fringe theories, which Fox's platform then spread broadly, beyond just the Zimmerman article. If Fox's strategy is to say Butowsky was nothing more than an "unpaid guest," and thereby distance itself from Butowsky and his conduct, in

June 23, 2020
Page 2

fairness Plaintiffs should be allowed to show the opposite, especially where Fox has already collected and reviewed the documents.

Here is a telling example of Fox's hide-the-ball strategy, and why this Court should order Fox to produce the documents at issue. Below is a document Fox produced in redacted form, but which Butowsky produced in another litigation unredacted. The redacted information shows precisely what Fox disclaims: Fox reporters and Butowsky working together closely on politically charged stories extending beyond the Seth Rich story. *Compare* FoxNews0002518 (Ex. A) (excerpted below)



```
From:    Ed Butowsky [ebutowsky@gmail.com]
Sent:    2/16/2017 4:44:47 AM
To:      Housley, Adam [Adam.Housley@FOXNEWS.COM]
```

**Unrelated News Coverage**

```
*. Seth Rich and Wikileaks's email
Sent from my iPad
```

*with* BUTOWSKY0002987 (Ex. B) (excerpted below).

The email shows Butowsky orchestrating several stories with *another* Fox reporter, Adam Housley, including the one about Seth Rich. It would be grossly unfair for Fox to say Butowsky was just an "unpaid guest" and deny collaborating with Butowsky while redacting or, worse, *withholding entirely* (as with the documents at issue in this motion) documents that belie those claims and show close coordination between Butowsky and Fox. And there is no concern here about "mini-trials on unrelated coverage." All Plaintiffs seek at this time is that the documents be produced – the parties can argue about the scope of the case and admissibility later. In any event, the *degree* of coordination between Butowsky and Fox is highly relevant, separate and apart from the content and veracity of the stories.

Fox's focus on the propriety of "review[ing] documents for responsiveness," Ltr. at 2, is a non-sequitur. The documents are plainly "responsive" to Plaintiffs' requests, which asked for exactly these materials. Fox is

June 23, 2020
Page 3

improperly withholding the documents based on its unilateral determination that the documents are not "relevant" to any party's claims or defenses, even though Fox is advancing arguments in this case that the emails undermine. That is why Fox is against producing them. Nor is this a "fishing expedition." *Id.* at 3.[1] Plaintiffs seek a finite set of communications between and about key players in this lawsuit—players from whom Fox is attempting to distance itself.

Fox does not claim that producing these documents is burdensome (nor can it plausibly do so). And Fox cannot avoid production of these documents based on a bare assertion of newsgathering privilege when it has refused, despite the Court's instruction, to establish the privilege. Fox says Plaintiffs "did not object" to Fox providing only search terms. *Id.* at 5. In fact, Plaintiffs repeatedly asked Fox to provide a log to allow Plaintiffs to assess the claim of privilege, as directed by the Court. Only after Fox repeatedly refused, and said the parties should first address "relevance, burden, overbreadth, and proportionality," did Plaintiffs agree to table the privilege issue. Now Fox seeks to superimpose a privilege argument on what *Fox* insisted was a relevance dispute. The Local Rules do not permit Fox to leap straight to arguing that Plaintiffs have not overcome the qualified privilege, *see id.* at 4, without first establishing the privilege *or* providing Plaintiffs information that would allow them to challenge the privilege.

Fox's reference to Local Rule 26.2(c) is unavailing for two reasons. First, Fox did not provide even a categorical log. Second, Rule 26.2(c) expressly states that a party may object to a categorical log if "the substantive information required by this rule has not been provided in comprehensible form." Local Rule 26.2(a)(2)(A) sets forth the "substantive information" required for a party to claim privilege: "(i) the type of document …; (ii) the general subject matter of the document; (iii) the date of the document; and (iv) the author of the document … and any other recipients …." These requirements enforce the well-established rule that the party claiming privilege has the burden "to establish those facts that are the essential elements of the privileged relationship." *von Bulow by Auersperg v. von Bulow,* 811 F.2d 136 (2d Cir. 1987). There is ample reason to question Fox's claim that all the documents at issue are privileged: (1) by Fox's characterization Butowsky and Wheeler are not journalists who can invoke the privilege – they are third parties whose presence on documents waives privilege under N.Y. Civil Rights Law § 79–h(g), as in BUTOWSKY0002987 (Ex. H); (2) even for those entitled to claim the privilege, not everything generated is protected newsgathering, *see Westmoreland v. CBS, Inc.*, 97 F.R.D. 703, 707 (S.D.N.Y. 1983) (press release was not shielded by newsgathering privilege); *Guzman v. News Corp.*, 877 F. Supp.

---

[1] The case Fox cites recognizes that conduct that does not directly implicate a plaintiff may be relevant where intent is at issue. *See Barbara v. MarineMax, Inc.*, No. 12-cv-368, 2013 WL 1952308, at *4 (E.D.N.Y. May 10, 2013) ("Given the potential relevance of motive, I cannot now say that [the request for 'documents and communications with shareholders other than Plaintiffs'] is necessarily outside the scope of relevant discovery.").

June 23, 2020
Page 4

2d 74, 76 (S.D.N.Y. 2012) ("discussions with editors and personal beliefs" are not privileged); and (3) any assertion of privilege is qualified and may be overcome. Fox should not be allowed to dodge these key questions about its relationship with Butowsky and Wheeler by a blanket, untested (and untestable) assertion of privilege.

## Conclusion

Plaintiffs respectfully request that the Court order Fox to produce the documents at issue here.

Respectfully,

*[signature]*

Elisha Barron
*Counsel for Joel & Mary Rich*

# EXHIBIT G

**From:** Ed Butowsky [ebutowsky@gmail.com]
**Sent:** 2/16/2017 4:44:47 AM
**To:** Housley, Adam [Adam.Housley@FOXNEWS.COM]

# Unrelated News Coverage

*. Seth Rich and Wikileaks's email

Sent from my iPad

# EXHIBIT H
# FILED UNDER SEAL