**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

JOEL AND MARY RICH,

    Plaintiffs,

v.

FOX NEWS NETWORK, LLC, MALIA ZIMMERMAN, and ED BUTOWSKY

    Defendants

Case No.  1:18-cv-02223

**MEMORANDUM IN SUPPORT OF DEFENDANT'S
MOTION FOR PROTECTIVE ORDER**

EDEN P. QUAINTON, ESQ. (SDNY Bar No. EQ2646)
**QUAINTON LAW, PLLC**
1001 Avenue of the Americas, 11th Floor
New York, New York 10018
Telephone: (212) 813-8389
*Attorneys for Defendant Edward Butowsky*

**Table of Contents**

TABLE OF AUTHORITIES ............................................................................................................. ii

PRELIMINARY STATEMENT ......................................................................................................1

LEGAL ARGUMENT......................................................................................................................1

CONCLUSION................................................................................................................................4

# Table of Authorities

**Cases**

*Auto–Owners Insurance Co. v. Southeast Floating Docks, Inc.*,
   231 F.R.D. 426 (M.D. Flor.2005) ................................................................................................2

*Baker v. Royce*,
   1:14-CV-14035, 2015 WL 13584586 (E.D. Mich. June 26, 2015) ...........................................3

*Burdette v. Panola County*,
   83 F. Supp. 3d 705 (N.D. Miss. 2015) ......................................................................................3

*Chazin v. Lieberman*,
   129 F.R.D. 97 (S.D.N.Y. 1990) ................................................................................................2

*City of Almaty, Kazakhstan v. Ablyazov*,
   No. 115CV05345KHPAJN, 2019 WL 275701 (S.D.N.Y. Jan. 22, 2019) .................................1

*Fox Indus., Inc. v. Gurovich*,
   CV 03-5166TCPWDW, 2005 WL 2456896 (E.D.N.Y. Oct. 5, 2005) .....................................4

*Hayat v. Fairley*,
   CV WMN-08-3029, 2010 WL 11451124, (D. Md. May 6, 2010) ...........................................2

*Homeward Residential, Inc. v. Sand Canyon Corp.*,
   No. 12CV5067JFKJLC, 2017 WL 4676806 (S.D.N.Y. Oct. 17, 2017) ...................................3

*In re REMEC, Inc. Sec. Litig.*,
   CIV 04CV1948 JLS AJB, 2008 WL 2282647 (S.D. Cal. May 30, 2008) ................................2

*Sharp v. Baltimore City Police Dep't*,
   No. CCB–11–2888, 2013 WL 937903 (D. Md. Mar. 1, 2013) .................................................3

*Strike 3 Holdings, LLC v. Doe*,
   329 F.R.D. 518 (S.D.N.Y. 2019) ...............................................................................................2

*Syposs v. United States*,
   181 F.R.D. 224 (W.D.N.Y. 1998)..............................................................................................1

*Washington v. Thurgood Marshall Acad.*,
   230 F.R.D. 18 (D.D.C.2005)......................................................................................................2

**PRELIMINARY STATEMENT**

Defendant Edward Butowsky ("Mr. Butowsky" or "Defendant") respectfully moves the Court to grant a protective order concerning a subpoena duces tecum that the Plaintiffs served on third-party AT&T Mobility for his phone records, set forth as Exhibit 1 to the Declaration of Eden P. Quainton, dated July 3, 2020 (the "Quainton Decl."). As the Court can see from the subpoena, Plaintiffs seek staggeringly overbroad disclosure of all "[d]ocuments related to and sufficient to show ***all phone calls and text messages to or from Ed Butowsky***… including date, time, duration, sender, and all recipients" (emphasis added). Quainton Decl., Ex. 1 at 5.[1] This request, which contains no limits of time or scope, goes far beyond any reasonable request, constitutes an unwarranted invasion of personal privacy, and amounts to little more than a fishing expedition designed to harass and annoy Defendant. Compliance with the subpoena would require disclosure of years of private phone records of communications with family, close friends and professional clients who have turned to Mr. Butowsky for his reputation for discretion, including for periods totally irrelevant to the present litigation. Nothing can justify such a subpoena. Given its open-ended, unfocused nature, the subpoena at issue would produce virtually nothing of relevance to the present litigation, while impermissibly invading Mr. Butowsky's privacy and disclosing personal communications to which Plaintiffs simply have no right.

**LEGAL ARGUMENT**

Although "[a] party ordinarily lacks standing to challenge a non-party subpoena with a motion for a protective order or to quash," *City of Almaty, Kazakhstan v. Ablyazov*, No. 115CV05345KHPAJN, 2019 WL 275701, at *2 (S.D.N.Y. Jan. 22, 2019), this principle does ***not***

---

[1] Defendant has redacted his personal cell phone number from Ex. 1.

1

apply where, as here, the party is "seeking to protect a personal privilege or right." *Id.* Here, Mr. Butowsky has a strong interest in protecting the privacy of his own phone records. *See, e.g.*, *Syposs v. United States*, 181 F.R.D. 224, 228 (W.D.N.Y. 1998)("If there was no expectation in the privacy of typical cell phone communications, it is doubtful this medium would be as widely used as it is"). As with subpoenas served on Internet service providers, subpoenas served on telecommunications service providers carry a great risk "annoyance, embarrassment [and] oppression." *Strike 3 Holdings, LLC v. Doe*, 329 F.R.D. 518, 522 (S.D.N.Y. 2019). Protective orders are routinely granted to protect parties from such risks. *Id.; see also Chazin v. Lieberman*, 129 F.R.D. 97, 98 (S.D.N.Y. 1990).

Plaintiffs could glean personal information relating to Mr. Butowsky's private life and/or use the information gathered to multiply the issuance of harassing subpoenas to colleagues, friends, associates and clients of Mr. Butowsky, further damaging his business relations and professional reputation beyond the harm caused by Plaintiffs' baseless lawsuit. For these reasons, courts around the country have been unanimous in holding that "a party can move for a protective order in regard to a subpoena issued to a non-party if it believes its own interests are jeopardized by discovery sought from a third party and has standing under Rule 26(c) to seek a protective order regarding subpoenas issued to non-parties which seek irrelevant information." *In re REMEC, Inc. Sec. Litig.*, CIV 04CV1948 JLS AJB, 2008 WL 2282647, at *1 (S.D. Cal. May 30, 2008); *see also Hayat v. Fairley*, CV WMN-08-3029, 2010 WL 11451124, at *2 (D. Md. May 6, 2010); *Auto–Owners Insurance Co. v. Southeast Floating Docks, Inc.*, 231 F.R.D. 426, 429 (M.D.Flor.2005); and *Washington v. Thurgood Marshall Acad.*, 230 F.R.D. 18, 22 (D.D.C.2005).

Although the phone account mentioned in the subpoena duces tecum is paid for by non-party Chapwood Capital Investments, LLC, Mr. Butowsky uses that phone number for both

business and personal phone calls. *See* Declaration of Edward Butowsky, dated July 3, 2020 (the "Butowsky Decl.") at ¶ 3. Plaintiffs' subpoena thus seeks all Mr. Butowsky's personal communications over an unlimited period of years, regardless of their relevance to this litigation. Such a subpoena cannot be enforced.

> Where, as here, one party "seem[s] engaged in an attempt to uncover 'dirt' on the [other party], rather than truly investigate the facts relevant to the ... [the] incident[,]" the subpoena used in an attempt to dig up the dirt should be suppressed. *Sharp v. Baltimore City Police Dep't*, No. CCB–11–2888, 2013 WL 937903, at *3 (D. Md. Mar. 1, 2013) (quashing subpoena as overbroad where facts involved plaintiff's action in deleting a video of an arrest which occurred over a few hours or less in a single day but the subpoena sought five months of plaintiff's cell phone records before and after the incident).

*Baker v. Royce*, 1:14-CV-14035, 2015 WL 13584586, at *3 (E.D. Mich. June 26, 2015), objections overruled, 14-CV-14035, 2016 WL 286422 (E.D. Mich. Jan. 25, 2016). Furthermore, Mr. Butowsky works as a financial advisor to numerous professional athletes and other celebrities, all of whose personal cell phone numbers would be found in the records sought by the Plaintiffs. *See* Butowsky Decl. at ¶ 3. Mr. Butowsky's relationships with these clients could be compromised by the disclosure of their telephone records and communications with Mr. Butowsky. Invading Mr. Butowsky's personal relationships with clients who trust him with sensitive financial information with a subpoena unlimited in scope cannot be justified.

In circumstances such as these, where the overbreadth of a third party subpoena subjects the concerned party to the disclosure of years of personal and professional communications with no connection to the present case, the Court should not hesitate to issue a protective order shielding the party from the harassment of compliance with such a subpoena. *See, e.g.*, *Homeward Residential, Inc. v. Sand Canyon Corp.*, No. 12CV5067JFKJLC, 2017 WL 4676806, at *19 (S.D.N.Y. Oct. 17, 2017)(granting party's motion for protective order seeking irrelevant and unduly burdensome material from third party); *see also Burdette v. Panola County*, 83 F. Supp. 3d 705, 707 (N.D. Miss. 2015)(quashing open-ended subpoena calling for, among other things,

3

text messages and phone calls between plaintiff and his family members or attorney, constituting a burden "vastly too great in comparison to the negligible amount of evidence" that might be discovered from the production of the phone records);  *Baker*, 2015 WL 13584586 at *3.

Moreover, because of Plaintiffs' sheer chutzpah in seeking years of personal phone records with no relationship to the present dispute and forcing Mr. Butowsky – formerly *pro se* – to retain counsel to appear on his behalf to protect his interests, the Court should award Mr. Butowsky his attorney's fees for the costs of seeking relief from such a manifestly overbroad, invasive and harassing subpoena. *See Fox Indus., Inc. v. Gurovich*, CV 03-5166TCPWDW, 2005 WL 2456896, at *1 (E.D.N.Y. Oct. 5, 2005).

## CONCLUSION

For the reasons set forth above, the Court should enter a protective order preventing AT&T Mobility from releasing Mr. Butowsky's phone records to Plaintiffs and Plaintiffs should be ordered to pay all costs and fees associated with preparing and arguing this motion.

>                    Respectfully submitted,
>
>                    */s/ Eden P. Quainton*
>                    Eden P. Quainton

## CERTIFICATE OF SERVICE

I certify that a copy of this document was filed electronically with the Court's ECF system on July 3, 2020 and thereby served electronically on all counsel of record. A copy of this document was also sent by email to counsel for AT&T Mobility, Ms. Nicole Byrd, who has agreed to accept service electronically, at NB9929@att.com.

>*/s/ Eden P. Quainton*
> Eden P. Quainton

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOEL AND MARY RICH,

    Plaintiffs,

v.

FOX NEWS NETWORK, LLC, MALIA ZIMMERMAN, and ED BUTOWSKY

    Defendants

Case No. 1:17-cv-02223

### DECLARATION OF ED BUTOWSKY

My name is Ed Butowsky, I am greater than 18 years of age and competent to testify, and I do testify as follows under penalty of perjury under the laws of the United States, as witnessed by my signature below:

1. I am one of the defendants in the case identified above.

2. I have reviewed the subpoena duces tecum served on AT&T Mobility by the Plaintiffs for my cell phone and text records.

3. The number identified in the subpoena is paid for by my company, Chapwood Capital Investments, LLC, but I use the phone number for both business and personal calls. I routinely send and receive calls and texts among friends, family members, clients, and business associates on that phone account.

4. I work as a financial advisor to numerous professional athletes and other celebrities, all of whose personal cell phone numbers would be found in the records covered by the Plaintiffs' subpoena.

5. The vast majority of the phone calls and text messages covered by the subpoena have absolutely nothing to do with the subject matter of this lawsuit.

Affiant says nothing further.

_____
Ed Butowsky

July 3, 2020

# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOEL AND MARY RICH,<br><br>      Plaintiffs,<br><br>v.<br><br>FOX NEWS NETWORK, LLC, MALIA ZIMMERMAN, and ED BUTOWSKY<br><br>      Defendants | Case No.  1:18-cv-02223 |

## DECLARATION OF EDEN P. QUAINTON

I, Eden P. Quainton, declare under penalty of perjury that the following is true and correct:

1. I am counsel for Defendant Edward Butowsky ("Defendant").

2. Attached hereto as Exhibit 1 is a true and correct copy (minus a redaction) of the subpoena duces tecum served on AT&T Mobility for Defendant's cell phone records. The only item redacted is Defendant's cell phone number.

July 3, 2020

                                        */s/ Eden P. Quainton*
                                        Eden P. Quainton

- 1 -

# EXHIBIT 1

C T

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

COPY

| Joel Rich and Mary Rich, | ) |
|---|---|
| *Plaintiff* | ) |
| v. | ) Civil Action No. 18-cv-02223 |
| Fox News Network, LLC, et al. | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: AT&T Mobility LLC, c/o The Corporation Trust Company, 1209 Orange St, New Castle, DE 19801

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attached Exhibit A

| Place: Parcels Inc, attn: Tim Kady<br>230 N. Market Street<br>Wilmington, DE 19801 | Date and Time:<br>04/24/2020 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 03/26/2020

| *CLERK OF COURT* | |
|---|---|
| | OR |
| | /s/ Eli J. Kay-Oliphant |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Plaintiffs, Joel Rich and Mary Rich , who issues or requests this subpoena, are:

Eli J. Kay-Oliphant, Massey & Gail LLP, ekay-oliphant@masseygail.com, 312-379-0468, 50 E. Washington St., #400, Chicago, IL 60602

**Notice to the person who issues or requests this subpoena**
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

RICH v. FOX, et al.
United States District Court for the Southern District of New York
Case No. 1:18-cv-02223(GBD) (SN)

## ATTACHMENT A

## DEFINITIONS

1. The definitions and rules of construction set forth in Federal Rule of Civil Procedure 34 and Rule 26.3 of the Local Civil Rules of the United States District Court for the Southern District of New York (the "Local Civil Rules") are hereby incorporated and shall apply to all discovery requests. These definitions shall apply throughout the requests without regard to capitalization.

2. In addition to the definitions and rules of construction set forth in Local Civil Rule 26.3, to bring within the scope of the Requests all documents that might otherwise be construed to be outside of their scope, the following additional definitions and rules of construction shall apply: (i) the masculine, feminine, or neutral pronoun shall not exclude other genders; (ii) the word "including" shall be read to mean "including without limitation"; (iii) the present tense shall be construed to include the past tense and vice versa; (iv) references to employees, officers, directors, or agents shall include both current and former employees, officers, directors, or agents; and (v) the use of the singular form of any word includes the plural and vice versa.

3. "DOCUMENTS" includes without limitation all "writings," "recordings" or "photographs" as those terms are defined in the Federal Rule of Civil Procedure 34 and Rule 1001 of the Federal Rules of Evidence. Without limiting the generality of the foregoing, the term "DOCUMENTS" includes both hard copy DOCUMENTS as well as electronically stored data files including e-mail, instant messaging, shared network files, databases, text messages, video files, and voice messages. With respect to electronically stored data, "DOCUMENTS" also includes, without limitation, any data on magnetic or optical storage media (e.g., servers, storage area networks, hard drives, backup tapes, CDs, DVDs, thumb flash drives, floppy disks

or any other type of portable storage device, etc.) stored as an "active" or backup file, in its native format.

## INSTRUCTIONS

1. These Requests call for the production of all responsive DOCUMENTS that are within the possession, custody or control of YOU.

2. If any DOCUMENT covered by these Requests is withheld by reason of a claim of attorney-client privilege, attorney work product protection, or any other privilege or protection, please furnish a log providing the following information with respect to each such withheld DOCUMENT: date, author, recipients, general subject matter sufficient to make a prima facie determination whether the asserted privilege has been properly invoked, and the legal basis upon which the DOCUMENT has been withheld.

3. With respect to any DOCUMENT maintained or stored electronically, please harvest it in a manner that maintains the integrity and readability of all data, including all metadata.

4. Please produce ALL DOCUMENTS maintained or stored electronically in native, electronic format with ALL relevant metadata intact. Encrypted or password-protected DOCUMENTS should be produced in a form permitting them to be reviewed. YOU are also requested to immediately meet and confer regarding the manner in which YOU shall produce DOCUMENTS stored electronically in order for the parties to try and reach agreement in this regard and avoid any unnecessary expense.

5. Please organize electronic DOCUMENTS produced for inspection in the same manner that YOU store them (e.g., if maintained by a custodian, such as e-mail residing on an e-mail server, please organize DOCUMENTS for production by custodian; if maintained as a subfolder of "My Documents" on a custodian's hard drive, please organize DOCUMENTS for production by custodian with path information preserved, etc.).

6. At YOUR election, DOCUMENTS maintained or stored in paper, hard-copy form can be produced as searchable .PDF (i.e., portable document format files with embedded text) and in an appropriate and usable manner (e.g., by copying such data onto an external hard drive).

7. These Requests require production of paper DOCUMENTS in the same form and the same order as they are kept in the usual course of business, or organized and labeled to correspond with the requests set forth below. If YOU choose the former method, the DOCUMENTS are to be produced in the boxes, file folders, binders and other containers in which the DOCUMENTS are found. The titles, labels or other descriptions on the boxes, file folders, binders or other containers are to be left intact.

8. To the extent DOCUMENTS are not produced in the same order as they are kept in the usual course of business, identify the responsive documents by Bates range in YOUR answer.

9. DOCUMENTS stored as electronic data on magnetic, optical, or other storage media as "active" or "backup" files shall be produced in their native formats with any associated metadata.

10. To the extent there are responsive DOCUMENTS that reside on databases and other such systems and files, YOU are requested to produce the relevant database in useable form and/or permit access for inspection, review and extraction of responsive information.

11. To the extent there are responsive DOCUMENTS that are in languages other than English, the parties shall meet and confer to discuss the format of production prior thereto.

12. Each DOCUMENT request, and each subpart thereof, shall be separately set forth and accorded a separate answer. Each response shall first set forth verbatim the document request to which it is responsive, followed by YOUR response.

13. No part of a DOCUMENT request shall be left unanswered merely because an objection was interposed to another part of the DOCUMENT request.

14. If YOU object to any DOCUMENT request or subpart thereof, the objection shall state with specificity all grounds. Any ground not stated shall be waived.

15. If YOU are unable to answer any DOCUMENT request, the reasons for YOUR inability to answer shall be separately stated in detail for each DOCUMENT request.

16. Failure to provide information in response to these Requests will be deemed a waiver of YOUR right to produce such evidence at trial. Plaintiffs reserve the right to move to preclude the introduction of any evidence not produced in response to these Requests.

17. These Requests shall be deemed continuing so as to require further and supplemental production in accordance with Federal Rule of Civil Procedure 26(e).

18. The date range of these requests is from July 1, 2016, through March 31, 2018.

4

# DOCUMENT REQUESTS

**REQUEST FOR PRODUCTION NO. 1:**

Documents related to and sufficient to show all phone calls and text messages to or from Ed Butowsky—including but not limited to the phone number ■■■■■■—including date, time, duration, sender, and all recipients.

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOEL AND MARY RICH,<br><br>   Plaintiffs,<br><br>v.<br><br>FOX NEWS NETWORK, LLC, MALIA ZIMMERMAN, and ED BUTOWSKY,<br><br>   Defendants | Case No. 1:18-cv-02223 |

# [PROPOSED] ORDER GRANTING DEFENDANT'S MOTION FOR PROTECTIVE ORDER

UPON CONSIDERATION of Defendant Edward Butowsky's Motion for Protective Order, it is hereby ORDERED:

   The Motion is GRANTED;

   AT&T Mobility shall not produce any documents in response to the subpoena issued by Plaintiffs;

   Plaintiffs shall reimburse Defendant for his reasonable attorney's fees and expenses in preparing and arguing the present Motion for Protective Order.

SO-ORDERED

ENTERED this ____ day of ____, 2020.

                                                                                    _____
                                                                                    Judge George B. Daniels
                                                                                    U.S. District Court for the Southern District of New York