**Eden P. Quainton**
**Quainton Law, PLLC**

1001 Avenue of the Americas, 11th Floor
New York, NY 10018

33 Tyson Lane
Princeton, NJ 08540

---

Telephone (212) 813-8389; (609) 921-0529
Fax (212) 813-8390
Cell: (202) 360-6296
Email equainton@gmail.com

July 22, 2020

**VIA ECF**

The Honorable Sarah Netburn
United States Magistrate Judge
Thurgood Marshal Courthouse
40 Foley Square, Room 430
New York, NY 10007

                Re:    <u>Rich v. Fox News Network, LLC et al., 18-cv-2223</u>
                           <u>Discovery schedule</u>

Dear Judge Netburn,

    I represent defendant Edward Butowsky ("Defendant" or "Mr. Butowksy") in the above-captioned matter. I entered an appearance as Defendant's counsel in this case on June 26, 2020. Dkt. 154. A few days later, the parties submitted a joint letter on scheduling. Dkt. 155. The parties summarized their positions and undertook to provide a proposal (or proposals if they could not agree) on discovery scheduling going forward. Currently, under the parties' Joint Rule 26 Report and Proposed Discovery Plan, Dkt. 95, fact discovery is scheduled to close on September 18, 2020. For the reasons set forth in more detail below, Mr. Butwosky respectfully requests that the close of fact discovery be reset to ***January 31, 2020***.

    As an initial matter, Mr. Butowsky has persuasively argued that the case should be dismissed in its entirety against him on jurisdictional grounds. There is no serious argument that

Mr. Butowsky is subject to the general jurisdiction of New York courts given that his activities in New York, such as they were, were minor and ancillary to Plaintiffs' causes of action. This issue has been fully briefed and is ripe for decision. As your Honor knows, Plaintiffs continue to attempt to shore up their weak case on jurisdiction over Mr. Butowsky with supplemental filings that only underscore the tenuous basis for a Texas businessman to be haled into court in New York.[1] Mr. Butowsky respectfully submits that the most efficient allocation of the parties' (and the Court's) resources would be for a decision on jurisdiction to be rendered before Mr. Butowsky has expended significant resources on discovery.

As your Honor knows, since shortly after Second Circuit's September 13, 2019 decision reviving Plaintiffs' case, Mr. Butowsky has been proceeding *pro se*. For most of this period, Mr. Butowsky has been battling a post-operative staph infection that has caused repeated hospitalizations and, at one point, turned nearly fatal. *See Rich v. Butowsky, et al.*, 18-cv-0681 (RJL). Dkt. 97-9; 130-1 at ¶¶ 37-40; Dkt 130-4 (highlighting severe sepsis and "intractable pain"); Dkt. 130-5. Mr. Butowsky has also had multiple follow-on operations and procedures, has been heavily medicated for much of the period following the Second Circuit decision and recently underwent scheduled hip removal surgery. *Id.*; Dkt. 140-2 (redacted); Dkt 140-3 (redacted); Dkt. 140-5.

Largely for these reasons, Mr. Butowsky is only just beginning discovery in this case now. He is hiring a professional discovery vendor and has agreed to run search terms proposed by Plaintiff against a large corpus of documents that have been collected from various accounts in the above-mentioned *Rich v. Butowsky* case. Mr. Butowsky is mindful of his discovery

---

[1] Mr. Butowsky is separately filing a response to Plaintiffs' most recent attempt to proffer additional evidence to support their position.

2

obligations and is committed to working in good faith under the circumstances to satisfy these obligations.

However, Mr. Butowsky has yet to begin working on his own defense. He has yet to propound his own discovery demands, issue third-party subpoenas or consider additional relief, such as the Letter Request recently filed by Defendant Fox News. If Mr. Butowsky's experience in the *Rich v. Butowsky* case is any guide, his initial discovery demands will likely require a significant amount of back and forth, including meet and confer sessions, and the issuance of additional demands. As your Honor knows, this process alone can take many months.

In addition, Mr. Butowsky believes that the U.S. government and third parties are in possession of information critical to his defense, including evidence establishing that Seth Rich did in fact transmit emails to Wikileaks. Litigating subpoenas with the FBI, the NSA, Crowdstrike, and the DNC, among others, raises a host of complex and time-consuming issues. Moreover, substantial evidence critical to his defense is located overseas, including evidence in the possession of Wikileaks, Julian Assange, Craig Murray and Kim Dotcom, the New Zealand-based Internet impresario who allegedly communicated directly with Seth Rich about transferring documents to Wikileaks. Finally, Defendant believes there is substantial relevant evidence in the custody of Google, AOL, AT&T and others—all of which requires substantial time. If the case proceeds against Mr. Butowsky, it is essential that he be afforded a fair opportunity to develop and present his case. Anything short of that would severely prejudice his due process rights as a defendant.

Mr. Butowsky submits that an extension of fact discovery until January 31, 2020 is reasonable under the circumstances and, indeed, the minimum amount of time necessary to mount a proper defense to Plaintiffs' baseless attacks.[2]

                                             Very truly yours,

                                             */s/ Eden P. Quainton* _____
                                             EDEN P. QUAINTON

Cc: All counsel – Via ECF

---

[2] *See* Complaint ¶ 141 (accusing Mr. Butowsky of conduct "so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency" and "atrocious and utterly intolerable in a civilized community").