# SUSMAN GODFREY L.L.P.

A REGISTERED LIMITED LIABILITY PARTNERSHIP
32ND FLOOR
1301 AVENUE OF THE AMERICAS
NEW YORK, NEW YORK 10019-6023
(212) 336-8330
FAX (212) 336-8340
WWW.SUSMANGODFREY.COM

| SUITE 5100 | SUITE 1400 | SUITE 3800 |
| 1000 LOUISIANA STREET | 1900 AVENUE OF THE STARS | 1201 THIRD AVENUE |
| HOUSTON, TEXAS 77002-5096 | LOS ANGELES, CALIFORNIA 90067-6029 | SEATTLE, WASHINGTON 98101-3000 |
| (713) 651-9366 | (310) 789-3100 | (206) 516-3880 |

BEATRICE FRANKLIN
DIRECT DIAL (212) 729-2021

E-MAIL BFRANKLIN@SUSMANGODFREY.COM

July 22, 2020

VIA ECF

The Hon. Sarah Netburn
United States Magistrate Judge
Thurgood Marshall Courthouse
40 Foley Square, Room 430
New York, NY 10007

Re:   *Rich v. Fox News Network LLC, et al.*, No. 18-cv-2223

Dear Judge Netburn:

Plaintiffs Joel and Mary Rich submit this letter to ask the Court to maintain the discovery schedule, and reject Defendant Fox News Network LLC ("Fox")'s request to extend the schedule by three months.[1]

Discovery in this case began on October 4, 2019, when Plaintiffs re-served their first document requests following the Second Circuit's order reversing dismissal of Plaintiffs' complaint. The Court's subsequent scheduling order provides: "All fact discovery shall be completed by Friday, September 18, 2020. . . . All expert discovery shall be completed by Thursday, December 31, 2020. **This deadline is firm**." Docket No. 110, at 2 (emphasis added). The September 18, 2020 deadline is the one Fox itself proposed. *See* Docket No. 95. And as the Court observed, the parties have been aware of this deadline for over five months. *See* Docket No. 115, at 16 ("I'm telling you today – on February 10th – that the close of expert discovery is December 31st.").

Plaintiffs and Fox met and conferred regarding the schedule on July 20. Fox told Plaintiffs it does not expect to finish document production until the end of August,

---

[1] In their June 30 joint status update to the Court, the parties agreed to submit competing proposals if they could not reach agreement on how to conduct the remainder of fact discovery. *See* Docket No. 155, at 3.

July 22, 2020
Page 2

and expressed concern about conducting depositions by the fact discovery deadline.[2] Plaintiffs afterward offered the following compromise in writing with a view towards providing more time for depositions while maintaining the Court's expert discovery deadline:

- <u>August 14, 2020</u>: Deadline for the substantial completion of document production and the exchange of privilege logs.
- <u>August 24, 2020</u>: Beginning of fact depositions
- <u>October 2, 2020</u>: Close of fact discovery
- <u>October 30, 2020</u>: Opening expert reports due
- <u>November 24, 2020</u>: Rebuttal expert reports due
- <u>December 31, 2020</u>: Close of expert discovery

Fox rejected this proposal without offering any explanation or counterproposal.

To modify a court-ordered schedule, "the moving party must demonstrate that it has been diligent in its efforts to meet the Court's deadlines, and that despite its having exercised diligence, the applicable deadline could not reasonably have been met." *Alaska Elec. Pension Fund v. Bank of Am. Corp.*, 306 F. Supp. 3d 610, 626 (S.D.N.Y. 2018) (internal quotation marks omitted); *see also, e.g.*, Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."); *Levy v. Young Adult Institute*, 2016 WL 3637109, at *4 (S.DN.Y. June 29, 2016) ("Rule 16's scheduling requirements are not 'procedural niceties.'"). Fox cannot meet this standard. Fox has given no reason why the discovery schedule in this case needs to be extended, much less by three months, save for vague references to the COVID-19 pandemic.[3] Fox has plainly been able to access and produce its documents despite the public health crisis, however, and Fox's mere preference for being able to take depositions in person is no reason to extend the case schedule—particularly when there is little reason to believe in-person depositions will be any more feasible in the fall.

---

[2] Based on Fox's production to date, Plaintiffs anticipate deposing at most ten Fox witnesses, as they have advised Fox.

[3] Fox raised the possibility of seeking a deposition of Julian Assange on February 10, 2020 and the Court expressed skepticism even then. *See* Docket No. 115, at 9 ("THE COURT: Do you think there is any real possibility you are going to depose Julian Assange?"). Fox waited over five months before moving the Court to issue a letter of request to depose Mr. Assange and Plaintiffs have opposed the issuance of that letter to the extent it will delay the case. *See* Docket No. 163.

July 22, 2020
Page 3

Nothing prevents party document discovery from being completed within the next few weeks. Plaintiffs plan to substantially complete their document production by July 31. Mr. Butowsky has represented that he will begin "a meaningful production of documents" on July 30, and he has already produced documents to Fox. Docket No. 155, at 2. Ms. Zimmerman and Fox have been making rolling productions of documents for over three months, and it is entirely reasonable to expect those productions to be complete by mid-August, if not earlier. *See* Docket Nos. 142, 147, 155. Once document discovery is done, Plaintiffs are ready and willing to conduct depositions remotely, as counsel for Plaintiffs have done in numerous cases over the past several months.

Nor should third-party discovery delay the schedule. Plaintiffs do not expect to serve any additional third-party subpoenas, and expect to depose at most four of the third parties to whom they have already issued subpoenas. Plaintiffs are not aware of any third-party discovery on the part of Fox (or Ms. Zimmerman) that would warrant delay. Mr. Butowsky represented to the Court on June 30 that he "intends to issue third-party subpoenas to various parties, including the Federal Bureau of Investigation, the Democratic National Committee, Wikileaks, Donna Brazile, the National Security Administration, Crowdstrike, AT&T, Google, Cathy Lanier, Sy Hersh, Ellen Ratner, Rod Wheeler and Aaron Rich if necessary." Docket No. 155, at 3. Plaintiffs have yet to receive any indication that Mr. Butowsky has made efforts to issue these subpoenas. Mr. Butowsky's decision to seek overbroad and irrelevant third-party discovery less than two months before fact discovery is scheduled to close is not a reason to extend the Court-ordered schedule.[4]

---

[4] Earlier this evening, Mr. Butowsky filed a letter-motion seeking a three-month extension of the fact discovery deadline. *See* Docket No. 164. Mr. Butowsky did not previously inform Plaintiffs of his intention to file this motion, much less meet and confer with Plaintiffs, which is reason alone to deny it. *See* the Court's Individual Rules of Practice in Civil Cases II(d), III(a). This is the second time in recent weeks that Mr. Butowsky has improperly filed a motion without satisfying the meet-and-confer requirement. *See* Docket Nos. 159, 160. In any event, Mr. Butowsky can no more satisfy Rule 16(b)(4)'s good cause standard than can Fox. Mr. Butowsky has been made well aware of the discovery deadlines, even while proceeding *pro se*. And he has participated actively in discovery and produced documents in related litigation—and to Fox in this case—illustrating both that there is no excuse for his delay here and that he has already done a substantial amount of the work that needs to be done to complete his discovery obligations. *See, e.g.*, Docket No. 142, at 2 (Fox notifying the Court in April that Mr. Butowsky had already produced documents); *(Aaron) Rich v. Butowsky*, 18-cv-681 (RJL) (D.D.C.), Docket No. 116 (describing Mr. Butowsky's active litigation, including

July 22, 2020
Page 4

Plaintiffs have been diligently pursuing discovery in this case since it was remanded from the Second Circuit, nearly a year ago in September 2019. Joel and Mary Rich deserve to have their claims resolved on the firm timeline the Court set in February. Fox's delay should not be rewarded. Accordingly, Plaintiffs respectfully request that the Court maintain the current discovery schedule and reject Fox's request for a three-month extension.

Sincerely,

*/s/ Beatrice Franklin*

Beatrice Franklin

---

in late 2019 despite claim that health issues necessitated an extension of discovery); *id.*, Docket Nos. 156, 220 (noting Mr. Butowsky's recent active litigation against Aaron Rich's counsel).