**Eden P. Quainton**
**Quainton Law, PLLC**

1001 Avenue of the Americas, 11th Floor
New York, NY 10018

33 Tyson Lane
Princeton, NJ 08540

---

Telephone (212) 813-8389; (609) 921-0529
Fax (212) 813-8390
Cell: (202) 360-6296
Email equainton@gmail.com

July 22, 2020

**VIA EMAIL**

The Honorable Sarah Netburn
United States Magistrate Judge
Thurgood Marshall Courthouse
40 Foley Square, Room 430
New York, NY 10007

Re:   *Rich v. Fox News Network, LLC et al.*, 18-cv-2223
Response to Plaintiffs' July 10, 2020 Letter re Personal Jurisdiction

Dear Judge Netburn,

    I represent defendant Edward Butowsky ("Defendant") in the above-captioned matter. I write to object to the letter on personal jurisdiction emailed to you under seal on July 10, 2020 by Plaintiffs in this matter (the "Letter").[1] As an initial matter, the Letter is procedurally improper. Plaintiffs, without seeking leave to supplement their papers, have repeatedly made supplemental submissions based upon the latest documents that they found in discovery. That Plaintiffs somehow think these additional documents enhance their position, only underscores how weak their position is to begin with. The Court should disregard the Letter and grant Mr. Butowsky's motion to dismiss under Rule 12(b)(2).

---

[1] This response is also being emailed under seal because it refers to the same confidential documents discussed in the Letter.

There is no possible relevance to Plaintiffs' proffered documents.[2] Defendant—a Texas financial advisor with his residence in Texas and his business headquarters in Texas—obviously cannot be subject to the general jurisdiction of the New York Courts by virtue of Plaintiffs' newly submitted documents. As the Supreme Court has held, general jurisdiction requires a showing that the Defendant's "affiliations with the State are so continuous and systematic as to render [it] essentially at home in the forum State." *Daimler AG v. Bauman*, 571 U.S. 117, 119 (2014) (internal quotations and citations omitted). It would be preposterous to consider that signing a settlement agreement or engaging in the incidental activities contemplated in the two emails could render a Texas defendant domiciled and residing out-of-state "at home" in New York.

Rather, the issue in this case is whether the Court may appropriately exercise ***specific*** jurisdiction over Defendant. Specific jurisdiction only exists where a forum exercises personal jurisdiction over a defendant in a suit arising out of or related to the defendant's contacts with the forum. *Porina v. Marward Shipping Co.*, 521 F.3d 122, 128 (2d Cir. 2008). Specifically, there must be a causal connection between the contacts with the forum and the ensuing tortious injury. *SPV Osus Ltd. v. UBS AG*, 882 F.3d 333, 344 (2d Cir. 2018). Moreover, due process requires that a defendant have "clear notice" that its conduct of activities in the relevant forum would render it "subject to suit" in such forum. *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980).

Based on the foregoing, Plaintiffs' proffered documents are completely irrelevant to a proper jurisdictional inquiry. The Settlement Agreement arising out of a different lawsuit was entered into well after the operative facts of this case. It ***cannot possibly*** provide Defendant with

---

[2] Plaintiffs cite *Faulkner v. Beer*, 463 F.3d 130, 134 (2d Cir. 2006), for the proposition that the Court is "plainly entitled to look outside the pleadings" in deciding jurisdiction. Letter at 1. *Faulkner*, however, does not address personal jurisdiction, nor does it contain the language quoted by Plaintiffs.

"clear notice" that he would be subject to suit by non-parties to that agreement in a **_separate_** matter. The two emails fare no better. The first email shows Butowsky hyperbolically purporting to "know everything." Even crediting this assertion, it has no causal connection with Plaintiffs' outlandish claim that he "intentionally" inflicted emotional distress. The second email has **_no_** connection whatsoever to New York on which the Court could even conceivably rely.

Moreover, both emails concern conduct **_after_** the publication of the Fox news story—which of course has nothing to do with Plaintiffs in any event—that was allegedly designed to harm the Rich parents. Because specific jurisdiction requires a causal connection between the New York contacts and the tortious conduct, *SPV Osus Ltd.* 882 F.3d at 344, contacts after the alleged commission of a tort cannot give rise to specific jurisdiction. The contacts must at least be the but-for cause of the tort, *id.,* and because Butowsky had only limited New York contacts, a heightened standard applies: jurisdiction can only be established "if the plaintiff's injury was proximately caused by those contacts." *Id*. Nothing Plaintiffs have submitted – or can submit – satisfies the causal connection test necessary for specific personal jurisdiction.

Plaintiffs' repeated filing of irrelevant or immaterial matter drives this point home. Only a few months ago, Plaintiffs attempted a similar and equally unpersuasive gambit. *See* Plaintiff's Letter dated May 6, 2020 and the Letter in Response of Defendant Fox News Network, LLC, dated May 11, 2020 at 3-5. Defendant respectfully directs the Court's attention to Fox's cogent and persuasive analysis, which Mr. Butowsky herein adopts. Plaintiffs' increasingly desperate attempts to manufacture a basis for specific jurisdiction should be brought to an end.

The Court should reject Plaintiffs' most recent submission and dismiss Mr. Butowsky as a defendant before he is required to expend further resources in a forum in which he should never have been sued.[3]

>                               Very truly yours,
>
>                               */s/ Eden P. Quainton* _____
>                               EDEN P. QUAINTON


Cc:  Elisha Barron – ebaron@susmangodfrey.com
    Arun Subramanian – asubramanian@susmangodfrey.com
    Eli Kay-Oliphant – ekay-oliphant@masseygail.com
    Lenny Gail – lgail@masseygail.com
    David Stern – david.stern@dechert.com
    Joseph Terry – jterry@wc.com
    Katherine Meeks – kmeeks@wc.com

---

[3] By separate letter, Defendant is advising the Court of the additional time he would need to prepare his defense in the event the Court denies the motion to dismiss.