LAW OFFICES
# WILLIAMS & CONNOLLY LLP

725 TWELFTH STREET, N.W.

WASHINGTON, D. C. 20005-5901

(202) 434-5000

FAX (202) 434-5029

KATHERINE M. MEEKS
(202) 434-5870
kmeeks@wc.com

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)

July 23, 2020

Via CM/ECF

Hon. Sarah Netburn
U.S. District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re:  *Rich v. Fox News Network, LLC*, No, 18-cv-2223

Dear Judge Netburn:

Plaintiffs do not dispute that the New York and federal newsgathering privileges defeat their motion to compel unless they can make a "clear and specific showing" that the discovery they are seeking is "critical or necessary" to their claims and "not available from any alternative source." N.Y. Civ. Rights Law § 79-h(c). Yet they do not even attempt to make such a showing as to any of the documents sought. This alone is grounds to deny Plaintiffs' motion.

Indeed, Plaintiffs appear to concede that they cannot overcome the privilege with respect to the great majority of documents on Fox News's privilege log. After moving the Court to compel production of "all" documents related to Ed Butowsky and Rod Wheeler, Plaintiffs now seek decidedly more "limited . . . relief." Dkt. No. 167, p.1. They ask the Court to compel Fox News to (1) produce 35 of the 615 documents listed on its privilege log and (2) generate a supplemental log of documents in the files of other custodians over which it intends to assert a newsgathering privilege. As for those 35 documents, Plaintiffs do not even attempt to carry their burden. Nevertheless, given the limited nature of this dispute, Fox News is willing to produce certain of these documents, in addition to the requested privilege log, in the interest of moving discovery forward and reducing the workload on the Court.

Narrowing the Dispute

Fox News will agree to produce all of the documents listed on Exhibit B to Plaintiffs' July 20 letter and all of the documents listed on Exhibit A, except for FoxNews_Priv_0108, FoxNews_Priv_0189, FoxNews_Priv_0190, FoxNews_Priv_0235, FoxNews_Priv_510, FoxNews_Priv_0570 (duplicate of _0189), and FoxNews_Priv_0571. For the reasons outlined below, Fox News does not believe Plaintiffs can overcome the privilege as to these remaining documents.

WILLIAMS & CONNOLLY LLP

July 23, 2020
Page 2

Additionally, Fox News will agree to produce a supplemental log of "Butowsky" and "Wheeler" documents in the files of the other 25 custodians over which it intends to assert a newsgathering privilege. The parties conferred today and agreed that Fox News would send Plaintiffs the supplemental log by Thursday, July 30. The parties will then confer about the documents in the supplemental log and bring any immediate challenges to the Court by Friday, August 7, with Plaintiffs stating that they reserve the right to challenge Fox News's claim of privilege at a later date.

Remaining Documents in Dispute

**Documents relating to U.S. Rep. Devin Nunes (FoxNews_Priv_0108, _0189, _0190, _0570 (duplicate of _0189), and _0571)**. Plaintiffs assert that Fox News has "improperly withheld" 12 documents relating to Mr. Nunes. As indicated above, Fox News will produce seven of these documents in an effort to narrow the dispute before the Court.[1] As to the remaining five, Plaintiffs have not attempted to carry their burden under the New York shield law or the federal newsgathering privilege.

Plaintiffs argue that any document "about" Mr. Nunes is relevant because Malia Zimmerman or Ed Butowsky supposedly sought information from him or his staff related to "the Russian narrative or the hacking narrative." Dkt. No. 167, p. 4. But relevance is not the standard—Plaintiffs must show, instead, that the documents at issue are "critical or necessary" to maintenance of their claims. *See* N.Y. Civ. Rights Law § 79-h(c). And they cannot make that showing here, because the Nunes documents at issue have nothing to do with "the sourcing for the Seth Rich articles," Dkt. No. 167, p. 3, and instead relate to other topics concerning national security or domestic surveillance. It should not be surprising that such documents appear in the custodial files of Fox News journalists: Mr. Nunes is a former chairman of the House Permanent Select Committee on Intelligence whose name frequently appears in the news on a variety of subjects of interest to reporters and the public. It is simply not the case that all such topics somehow relate to Fox's reporting about Seth Rich.

Plaintiffs' other arguments concerning the Nunes documents are meritless. They initially argued that these materials should be produced because Fox News "refused" to collect documents that might reflect whether Mr. Nunes or his staff provided information in connection with its reporting about Seth Rich. But that was simply untrue, as Plaintiffs subsequently informed the Court. Fox News has, in fact, agreed to run the names "Nunes" and "Kash" and "Patel" in combination with other search terms across the files of 10 different custodians.[2] To the extent

---

[1] Fox News has elected to produce these documents because they consist largely of the exchange of publicly available information—not because it has concluded that they are relevant, much less "critical or necessary," to maintenance of Plaintiffs' claims.

[2] Plaintiffs characterize the date range for these searches as "narrow." Dkt. No. 167, p. 4. In fact, the date range for the "Kash" and "Patel" search terms was January 1, 2017, to March 13, 2018,

WILLIAMS & CONNOLLY LLP

July 23, 2020
Page 3

those searches yielded responsive documents, Fox News is producing them. The documents at issue *do not hit* on the search terms related to Mr. Nunes or his staff to which the parties agreed and do not relate to the stories at issue in this case.

**FoxNews_Priv_0235**. Plaintiffs assert that this document—an email from Malia Zimmerman to Greg Wilson that hits on the term "Butowsky"—should be produced because it "directly rebuts Fox's claim that Wilson did not know who Butowsky was" until after publication of Fox's article concerning Seth Rich. Dkt. No. 167, p. 4. The document does no such thing: it is not a communication between, or even with, Wilson and Butowsky, but rather a chain of emails, regarding another story, that Zimmerman forwarded to Wilson. Butowsky's name appears only with others in the cc line of an email at the bottom of the chain. This document is not "critical or necessary" to Plaintiffs' claims because it does not "rebut" the evidence that Wilson had limited familiarity with Butowsky before publication of the Seth Rich article on May 16, 2017. That evidence includes an email in which Wilson asked a colleague on May 22, 2017: "Who exactly is Ed Butowsky? . . . I have seen him on FBN [Fox Business Network], but that is all I know." Ex. A.

**Fox News_Priv_510**. Plaintiffs argue that this document should be produced because it hits on the term "WikiLeaks." But "WikiLeaks" was not a standalone search term, for good reason—that site is a repository for countless documents *other than* the leaked DNC emails at issue in this case. As indicated on the privilege log, FoxNews_Priv_510 relates to a leaked State Department document that appeared on WikiLeaks and that Zimmerman consulted in connection with news reporting not at issue in this case. Plaintiffs have not attempted to show how this document having nothing to do with Seth Rich or the DNC email leak is "critical or necessary" to maintenance of their claims.

<u>Plaintiffs' Sword-Shield Arguments</u>

Bereft of any argument that they can overcome the newsgathering privilege, Plaintiffs resort to arguing that Fox News should be prohibited from using the disputed documents as a "sword" if it asserts the privilege as a "shield." Plaintiffs, however, have not offered any coherent explanation for how Fox News allegedly plans to use the disputed documents offensively.[3]

Plaintiffs assert that Fox News should not be able to "raise defenses . . . regarding the breadth of its interactions with Wheeler and Butowsky while withholding documents that would rebut those arguments." Dkt. No. 167, p. 3. But Fox News is not contesting the *fact* that Butowsky communicated with Zimmerman or Housley about other news reports; the privilege log shows that

---

and the date range for the "Nunes" term was January 1 to July 1, 2017—hardly a "narrow timeframe." *Id.*

[3] In the event Fox News or Zimmerman do intend to rely on information related to previous interactions with Butowsky, they would produce appropriately tailored discovery to allow Plaintiffs to challenge those positions.

WILLIAMS & CONNOLLY LLP

July 23, 2020
Page 4

he did, as do documents produced by Butowsky. Fox News's position is rather that the substance of these "interactions" on other stories having nothing to do with the Rich family is legally irrelevant to the claims before the Court. Dkt. No. 162, pp. 3–4. If Plaintiffs identify some legal basis to argue that "interactions" about other news reports somehow add up to a claim for IIED, civil conspiracy, or aiding and abetting targeted at Joel and Mary Rich, they already have evidence from other sources that would enable them to make arguments about those interactions. As Plaintiffs informed the Court, Wheeler has testified to the relationship between Zimmerman and Butowsky, and Butowsky himself has produced documents reflecting his communications with Fox News reporters about other news stories. *See* N.Y. Civ. Rights Law § 79-h(c) (requiring the party moving to compel discovery from a journalist to show the information is "not available from any alternative source").

Plaintiffs further argue that Fox News should not be permitted to "raise defenses regarding the legitimacy of its newsgathering" if it does not produce the documents over which it is asserting a privilege. Dkt. No. 167, p. 3. This argument is baseless. Fox News has every right to defend the legitimacy of the newsgathering *actually at issue in this case* because it has afforded exhaustive discovery into that reporting. Plaintiffs are attempting to launch a fishing expeditions into *other* newsgathering activity.[4] That request is wholly inconsistent with the First Amendment and statutory newsgathering privileges.

Respectfully,

/s/ Katherine Moran Meeks
*Counsel for Fox News Network, LLC*

Cc:   Counsel of Record

---

[4] Even Plaintiffs' stated purpose of proving that Fox News and Butowsky had a "shared political agenda" is inconsistent with the First Amendment. The Supreme Court has held that the politicized nature of speech cannot constitutionally serve as grounds for an IIED claim. *See Snyder v. Phelps*, 562 U.S. 443, 458 (2011) (rejecting IIED claim brought by grieving parent targeting supposedly "outrageous" speech on issues of public concern). Plaintiffs' arguments raise serious First Amendment concerns and should be rejected.

# EXHIBIT A

From: Wilson, Greg [Greg.wilson@FOXNEWS.COM]
Sent: 5/22/2017 6:40:00 PM
To: Kaplan, Refet [Refet.Kaplan@FOXNEWS.COM]
Subject: Butowsky

Who exactly is Ed Butowsky? He told me he is the guy who gave us the ▮▮▮▮▮ story and that he is good friends with Moody. I have seen him on FBN, but that is all I know.

Greg Wilson
Deputy Managing Editor,
FoxNews.com

1211 Avenue of the Americas
New York, NY 10036

O: 212-301-5375
M: 917-592-7989
E: Greg.Wilson@FoxNews.com



HIGHLY CONFIDENTIAL

FoxNews0001149