

50 E. Washington Street  
Suite 400  
Chicago, IL 60602

Eli J. Kay-Oliphant  
ekay-oliphant@masseygail.com  
(312) 379-0468

August 21, 2020

**<u>Via Email and ECF</u>**

The Honorable Sarah Netburn  
United States Magistrate Judge  
Thurgood Marshall Courthouse  
40 Foley Square, Room 430  
New York, NY 10007

      Re:    *Rich v. Fox News Network LLC et al.*, No. 18-cv-2223

Dear Judge Netburn,

Fox originally withheld 2,060 documents that hit on the terms "Wheeler" and "Butowsky" on the basis of newsgathering privilege and refused to provide a log with any detail about them. Fox has since agreed to log 944 documents and produce the rest. Plaintiffs now respectfully seek targeted, limited relief: Production of only 19 of the 944 logged documents, listed on Exhibit A, relating to defendant Ed Butowsky's prior work with Fox.

Butowsky appeared on Fox air *73 times* from 2013 until March 2017. (Exhibit B, FoxNews0050656.) Fox refuses to produce 19 documents relating to these prior appearances and work with Fox on stories, which *at a minimum* demonstrate who at Fox knew and communicated with Butowsky on political stories. While Fox's logs demonstrates the breadth and depth of Fox and Butowsky's relationship, these documents are highly material ██████████████████████████████████████████████████████████████████████████████████████████████████

Fox has already tried to distance itself from Butowsky in this case, so as to escape liability for his acts. Given this litigation position, Fox has made this limited set of documents, which are solely in its possession, highly relevant and necessary for proof of an issue material to the claims and defenses in this matter. *See People v. Combest*, 4 N.Y.3d 341, 345–46 (2005). Balancing the competing interests involved, *see id.* at 346, Plaintiffs are entitled to these limited disclosures to belie Fox's assertion of "distance" from Butowsky.

Plaintiffs offered that, in lieu of production, Fox could agree not to challenge at trial the scope or nature of its relationship with Butowsky. Fox did not agree. Plaintiffs also offered Fox another option—to enter into a stipulation that "Fox and Butowsky previously agreed to collaborate, and did collaborate, ████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████ Again, Fox refused. Plaintiffs therefore respectfully request that the Court order Fox to produce the documents identified on Exhibit A. At the very least, the Court should review the documents *in camera* and determine whether they implicate the newsgathering privilege and if that qualified privilege is overcome.

August 21, 2020
Page 2

Plaintiffs reserve the right to request further documents based on ongoing discovery.

Respectfully,

Eli J. Kay-Oliphant

*Counsel for Joel & Mary Rich*