LAW OFFICES
# WILLIAMS & CONNOLLY LLP

725 TWELFTH STREET, N.W.
WASHINGTON, D. C. 20005-5901

(202) 434-5000

FAX (202) 434-5029

KATHERINE M. MEEKS
(202) 434-5870
kmeeks@wc.com

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)

August 21, 2020

<u>Via Email</u>

Hon. Sarah Netburn
U.S. District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

      Re:    <u>*Rich v. Fox News Network, LLC*, No. 18-cv-2223</u>

Dear Judge Netburn:

      I write in response to the Court's email of August 14, 2020, directing the parties to address any remaining disputes related to documents that hit on the "Butowsky" and "Wheeler" search terms but do not relate to Fox News Network, LLC's reporting on Seth Rich or the leak of Democratic National Committee emails. Plaintiffs and Fox News have met and conferred over these documents and have succeeded in narrowing their dispute. The parties continue to have a live dispute, however, over whether Plaintiffs can surmount the New York and federal newsgathering privileges as to documents concerning Ed Butowsky that are listed on Exhibit A to the letter Plaintiffs filed with the Court this evening.[1] Fox News respectfully submits that Plaintiffs cannot come close to overcoming the privileges as to these documents, which concern news stories or topics that are not about Plaintiffs or their son, that form no part of their complaint, and for which they can recover no damages.

      Throughout multiple rounds of letter briefing to the Court, Plaintiffs have never disputed that New York and federal law require a rigorous showing by any party seeking to pierce the newsgathering privilege. Such a party must make a "clear and specific showing" that the information contained in the disputed documents is not just "highly material and relevant," but also "critical or necessary" to maintenance of its claims and "not obtainable from any alternative source." N.Y. Civ. Rights Law § 79-h(c). The "critical or necessary" standard is met only where the discovery is so integral to the claim that it "virtually rises or falls with the admission or

---

[1] As Plaintiffs stated in their letter of today, the parties discussed whether they could enter a stipulation that would avoid the need for the Court's involvement. Because Plaintiffs insisted on a stipulation that consisted of attorney rhetoric, rather than fact, the parties could not reach an agreement.

WILLIAMS & CONNOLLY LLP

August 21, 2020
Page 2

exclusion of the proffered evidence." *Baker v. Goldman Sachs & Co.*, 669 F.3d 105, 108 (2d Cir. 2012). "The test is not merely that the material be helpful or probative, but whether or not the action *may be presented without it*." *Id.* (emphasis added).

In their letter of today, Plaintiffs argued that the Exhibit A documents are "highly material" to their contention that Mr. Butowsky supposedly collaborated with Fox News on "politically motivated" news reports. But "highly material" is not the complete standard—and Plaintiffs have at no point attempted to show how these documents are "critical or necessary" to any of their claims, nor could they. In no way does their case rise or fall on such evidence, nor can they show that it is not obtainable from any other source. Plaintiffs have no tort claim for the publication of "politically motivated" news reports having nothing to do with them—any such claim would be anathema under the First Amendment. As the Second Circuit held, their tort claim is confined to speech or conduct "*specifically targeted*" at them. *Rich v. Fox News Network, LLC*, 939 F.3d 112, 125 (2d Cir. 2019) (emphasis added). Their attempt to turn this case into a general attack on Fox News's coverage must not be permitted, and their attempt to so expand the scope of discovery is wholly inconsistent with the New York and First Amendment privileges.

In support of their argument that the Butowsky documents should be produced, Plaintiffs note that Mr. Butowsky appeared on Fox television programs 73 times over a period of more than four years. *See* Aug. 21, 2020, Letter (citing Ex. B, FoxNews0050656). Plaintiffs contend that the documents on Exhibit A relate to "these prior appearances." That is not true. None of the documents Plaintiffs are moving to compel relates to Mr. Butowsky's appearance on any Fox television program. In any event, the document on which Plaintiffs rely does not support their theory concerning the supposed "breadth and depth of Fox and Butowsky's relationship." To the contrary, the document states that Mr. Butowsky "hasn't been on often recently" on either Fox News or Fox Business programs. *See* Ex. B, FoxNews0050656. In any event, Plaintiffs cannot possibly overcome the privileged nature of those documents.

Plaintiffs further contend that these documents will show that Mr. Butowsky worked on "politically motivated stories" with "the principal parties to this dispute." But they have failed to make any showing that the persons whose names appear on the log were in fact the "principal parties" involved in the May 16, 2017, online article at issue in this case. Although Fox News stated, in an interrogatory response, that two of the individuals on the log were involved in the *retraction* of that article, Plaintiffs have not submitted evidence that any others played a role in the reporting or publication of that article. They have failed to carry their heavy burden to overcome the New York and First Amendment privileges.

       Respectfully,

       /s/ Katherine Moran Meeks
       *Counsel for Fox News Network, LLC*

CC: Counsel of Record