LAW OFFICES
# WILLIAMS & CONNOLLY LLP

725 TWELFTH STREET, N.W.
WASHINGTON, D. C. 20005-5901
(202) 434-5000
FAX (202) 434-5029

KATHERINE M. MEEKS
(202) 434-5870
kmeeks@wc.com

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)

August 12, 2020

<u>Via Email</u>

Hon. Sarah Netburn
U.S. District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

      Re:    <u>*Rich v. Fox News Network, LLC*, No. 18-cv-2223</u>

Dear Judge Netburn:

    I write in response to the Court's order directing the parties to publicly file certain sealed letters and exhibits or submit an application to keep these documents under seal. Dkt. No. 168. Defendant Fox News Network, LLC respectfully seeks leave to file its May 11, 2020 letter, along with Exhibits A and B to that letter, with certain redactions to protect its privileged newsgathering communications. As further described below, Fox News also moves for an order requiring that certain Fox News documents that Plaintiffs attached to their July 10 and July 23 letters be kept under seal. Fox News does not object to the public filing of the remaining pleadings and exhibits cited in the Court's order.

    <u>Governing Law</u>

    The Court directed the parties to explain why certain pleadings or exhibits should be kept under seal in light of "presumptive right of access for judicial documents under the common-law and First Amendment." Dkt. No. 168. The Second Circuit has prescribed a three-step inquiry for determining whether records should be filed under seal. First, the Court must determine whether the materials at issue qualify as "judicial documents." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006). "In order to be designated a judicial document, the item filed must be relevant to the performance of the judicial function and useful in the judicial process." *Id.* Next, if the Court finds that a document meets that definition, it goes on to determine the weight to be accorded to the presumption of public access. *Id.* Although the Second Circuit has held the presumption to be strong for documents used at trial or on summary judgment, "the presumption of public access in filings submitted in connection with discovery disputes or motions *in limine* is generally somewhat lower." *Brown v. Maxwell*, 929 F.3d 41, 50 (2d Cir. 2019). "Finally, after determining the weight of the presumption of access, the court must balance competing

WILLIAMS & CONNOLLY LLP

August 12, 2020
Page 2

considerations against it." *Lugosch*, 435 F.3d at 120. "Established factors and values that can outweigh the presumption of public access include legal privilege, business secrecy, and privacy interests." *Valassis Commc'ns, Inc. v. News Corp.*, No. 17-cv-7378, 2020 WL 2190708, at *1 (S.D.N.Y. May 5, 2020). "If one of these factors or values outweigh the value to the public of accessing the document at issue, then that document should be sealed." *Id.*

<u>Fox News May 11, 2020, Letter and Exhibits</u>

Fox News respectfully seeks leave to file Exhibits A and B to its May 11 letter with partial redactions. It also seeks leave to redact two sentences from its May 11 letter that quote or paraphrase the contents of Exhibit B. Any presumption of public access that attaches to Exhibits A and B is outweighed by Fox News's interest in the privacy of editorial discussions protected by the robust New York and First Amendment privileges for newsgathering.

Notably, Fox News has not invited the Court to rely on Exhibits A and B in ruling on its pending motion to dismiss. To the contrary, Fox News submitted its May 11 letter (with Exhibits A and B) in response to an untimely and procedurally defective letter in which Plaintiffs attempted to advance new arguments and evidence in opposition to that motion. Plaintiffs filed their May 6 letter, which attached documents they had obtained in discovery, more than two months after the close of briefing and without seeking leave of the Court. And they did so for an improper purpose—to supplement the record on the motion to dismiss with evidence outside the four corners of the complaint. In its May 11 response, Fox News pressed the point that the documents Plaintiffs provided to the Court should not be considered at the motion to dismiss stage. Fox News attached Exhibits A and B to its letter simply to illustrate that Plaintiffs had given a misleading account of the discovery record to date—all the more reason why the Court should not look outside the pleadings in ruling on the motion to dismiss. In these circumstances, the rationale for the presumption of public access accorded to documents used in support of, or in opposition to, a dispositive motion does not apply. *See Lugosch*, 435 F.3d at 123. Fox News's point is that such evidence is not properly considered on the motion to dismiss at all.

To the extent a narrow presumption of public access attaches to Exhibits A and B, that presumption is outweighed by Fox's compelling interest in the privacy of its newsgathering communications—an interest that is privileged under both the First Amendment and the law of New York. Exhibit A references Ed Butowsky's purported contribution to a news report not at issue in this case. And Exhibit B includes a discussion among editors concerning the May 16, 2017, news report at issue in this case—a discussion reflecting both the editorial process itself as well as certain additional, unpublished claims made by Rod Wheeler.[1] *See* Ex. 1, Declaration of Greg Wilson. Those unpublished details of the newsgathering process fall within the heartland of the New York and federal privileges for newsgathering. As this Court has recognized, the privilege

---

[1] Fox News consents to the public filing of portions of Exhibits A and B that do not reflect privileged newsgathering or editorial discussions. It has tailored its proposed redactions to protect those privileged discussions and no more.

WILLIAMS & CONNOLLY LLP

August 12, 2020
Page 3

protects "the privacy of editorial processes and the press's independence in its selection of material for publication." *See Giuffre v. Maxwell*, 221 F. Supp. 3d 472, 477 (S.D.N.Y. 2016). And it does so to advance "the broader public policy of encouraging the free flow of information and avoiding a chill on the press." *Id.*

Fox News has rigorously sought to protect its newsgathering material in the course of discovery. It produced Exhibits A and B, along with other newsgathering documents, only after securing a protective order that allowed these materials to be designated as "highly confidential," as well as an order that its production would not constitute a waiver of the newsgathering privilege in other proceedings in which the privilege could not be overcome. *See* Am. Protective Order ¶ 2. If Fox News is required to publicly file Exhibits A and B without redactions, that protection for its privileged newsgathering material would be undermined.

<u>Plaintiffs' July 10, 2020, Letter and Exhibits</u>

Fox News objects to the public filing of Exhibit A to Plaintiffs' July 10, 2020, letter and to the portions of the letter that describe the contents of that document. The presumption of public access to this document is slight because Plaintiffs used it in support of a pleading that was, once again, procedurally improper. Plaintiffs filed their July 10 letter to bring the Court's attention to documents produced in discovery that purportedly support their view that Mr. Butowsky is subject to personal jurisdiction in New York. As with their May 6 letter, Plaintiffs submitted this letter long after the close of briefing on Mr. Butowsky's motion to dismiss and without seeking leave of the Court. There is little, if any, presumption of access to a confidential Fox News document that Plaintiffs attached to an untimely, unconsented letter brief that should not be part of the record on Mr. Butowsky's motion to dismiss at all.

Any presumption of public access to Exhibit A is outweighed by Fox News's obligation to adhere to the confidentiality terms of a settlement agreement as well as any privacy interest by Mr. Butowsky. At the time this agreement was executed, all parties agreed to designate it as "confidential." Ex. A ("Confidential Agreement & Mutual Release"). The Second Circuit has rigorously enforced the confidentiality of such settlement agreements, in recognition that few cases would be settled if the public were "privy" to them. *See, e.g.*, *United States v. Glens Falls Newspapers, Inc.*, 160 F.3d 853, 858 (2d Cir. 1998).

<u>Plaintiffs' July 23, 2020, Letter and Exhibits</u>

Fox News further objects to the public filing of several exhibits to Plaintiffs' July 23, 2020, letter and to the portions of that letter that discuss those exhibits. First, Fox News objects to the public filing of Exhibits A and B, which contain excerpts of the log that Fox News prepared in support of its assertion of the newsgathering privilege. Any presumption of public access to the privilege log is limited because the log describes documents to which the public has no right of access. The documents listed in the log are not "judicial documents"—they have not been produced in discovery and, even if they are eventually produced, may never be used in connection

WILLIAMS & CONNOLLY LLP

August 12, 2020
Page 4

with a motion or other pleading.  *See Newsday LLC v. County of Nassau*, 730 F.3d 156, 167 (2d Cir. 2013) ("The mere fact that a dispute exists about whether a document should be . . . disclosed . . . cannot ipso facto create a presumption of access.").  Whatever limited presumption of public access may exist in the log, it is outweighed by Fox News's privacy interest in the documents listed there—documents about news stories not at issue in the complaint and over which it has a strong claim of newsgathering privilege.

Fox News further objects to the public filing of Exhibit D to Plaintiffs' July 23 letter.  As an initial matter, the presumption of public access is limited because Plaintiffs used this document in connection with a discovery letter, as opposed to a dispositive motion.  *See Brown*, 929 F.3d at 50.  And any such presumption is counterbalanced by the newsgathering privilege that applies to this exhibit—which reflects information sought by, or provided to, reporter Malia Zimmerman in connection with her reporting on Seth Rich.  Both the law of New York and the First Amendment shield such newsgathering activity from public scrutiny in the service of "the broader public policy of encouraging the free flow of information and avoiding a chill on the press."  *See Giuffre*, 221 F. Supp. 3d at 477.  As described above, the protective order in this case was designed to afford Plaintiffs discovery into Fox's newsgathering activity without waiver of the privilege as to third parties.  That protection should be enforced here.

Finally, Fox News objects to the public filing of Exhibit J, a copy of Fox's May 11 letter, only if such filing is made without redactions.  Fox News consents to the public filing of Exhibit J to the extent it is done with the redactions Fox News proposes here.

<u>Fox News's July 23, 2020, Letter—Exhibit A</u>

Fox News has publicly filed its July 23 letter concerning the newsgathering privilege.  It seeks leave to redact one word from Exhibit A to that letter.  That exhibit is the same document attached as Exhibit A to Fox News's May 11 letter and should be partially redacted for the same reason.  *See supra*, pp. 2–3.

        Respectfully,

        /s/ Katherine Moran Meeks
        *Counsel for Fox News Network, LLC*


CC:  Counsel of Record