**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JOEL RICH AND MARY RICH,<br><br>Plaintiffs,<br><br>v.<br><br>FOX NEWS NETWORK, LLC, MALIA ZIMMERMAN, AND ED BUTOWSKY,<br><br>Defendants. | Civil Action No. 1:18-cv-02223 (GBD) |

**PROTOCOL FOR REMOTE AND IN-PERSON DEPOSITIONS**
**DURING THE COVID-19 PANDEMIC**

The Parties agree that given the current circumstances related to COVID-19, depositions may be conducted remotely using videoconference technology.  To the extent this Order conflicts with the Court's previous orders regarding depositions, this Order shall control.  Any party seeking to modify this Order shall first meet and confer in good faith.

**I.      Protocol For In-Person Depositions**

1.  Depositions shall only be conducted fully in person if counsel for the noticing party, the deponent, and counsel for the deponent (if any) agree to conduct the deposition in person. In the absence of such agreement, the deposition shall be conducted remotely as set forth in Part II, as long as this Order is in place.

2.  If the deponent so requests, counsel to the deponent may appear in person at the deposition, whether in-person or remote. If the deponent elects to have defending counsel present in the deposition room, the part(ies) taking the deposition shall have the option to have the lawyer(s) taking the deposition present in person as well. Such appearances will be subject to the "in-person" protocols outlined below. Unless otherwise agreed, the videographer and court reporter shall attend the deposition remotely, and any attendees other than the witness, defending attorney(s), and questioning attorney(s) will attend the deposition remotely.

3.  Any in-person deposition must be conducted in conformity with any applicable health regulations and social distancing requirements, including applicable federal, state, and local orders.

4.  No person may attend a deposition in person who (a) is experiencing cough, shortness of breath or difficulty breathing, fatigue, muscle or body aches, headache, chills, new loss of

taste or smell, sore throat, congestion or runny nose, diarrhea, nausea, vomiting, or fever[1] or (b) has tested positive for COVID-19 in the prior 14 days.

5. No person may attend the deposition in person who, to their knowledge, has had close contact (within 6 feet for more than 15 minutes)[2] within the past 14 days with anyone who has tested positive for or is otherwise confirmed of having COVID-19.

6. The room for the deposition must be large enough to accommodate suitable social distancing, including that all persons must sit at least six feet apart.

7. All reasonable steps should be taken to limit in-person attendance at depositions to a reasonable number of individuals.  Any lawyer who plans to attend the deposition in person must provide five calendar days' notice in advance of the deposition to the opposing party.

8. The Parties may determine their own protocols to govern use of breakout rooms and provisions of food and beverages during the deposition. The party arranging the space for the deposition shall ensure that each side has a breakout room available that accommodates suitable social distancing.

9. Unless otherwise agreed, masks must be worn by all attendees at all times during the deposition, including during breaks, except that when a witness is testifying, the witness will not wear a mask. If the witness is not comfortable being in an in-person deposition without a mask, the noticing party will have the option of choosing that the deposition will take place fully remotely in accordance with Section II. Counsel for the witness is responsible for confirming this with the witness at least 5 days in advance of the deposition.

10. Each person attending the deposition in person will be responsible for bringing his or her own personal protective equipment and hand sanitizer during the deposition.

11. Social distancing must be observed at all times, including during breaks in the deposition.

12. Any party who intends to use paper exhibits during the deposition shall place copies of all potential exhibits in individually numbered folders in a box and seal the box at least 24 hours before the deposition.  If the deposing party intends to use paper exhibits, before the deposition begins, the party intending to use exhibits during the deposition shall provide the box to the witness's counsel and allow the witness and/or his or her counsel to open the box.  During the deposition, the witness and/or his or her counsel shall retrieve numbered exhibit folders as they are referenced by the questioning attorney. Alternatively, the

---

[1] *See* https://www.cdc.gov/coronavirus/2019-ncov/symptoms-testing/symptoms.html, *last accessed* August 12, 2020 (referencing possible symptoms of COVID-19 as including fever or chills, cough, shortness of breath or difficulty breathing, fatigue, muscle or body aches, headache, new loss of taste or smell, sore throat, congestion or runny nose, nausea or vomiting, diarrhea).

[2] *See* https://www.cdc.gov/coronavirus/2019-ncov/php/public-health-recommendations.html, *last accessed* August 12, 2020 (defining "close contact" as "<6 feet for ≥15 minutes").

deposing party may provide exhibits electronically. If the attorney chooses to do so, the deposing party will be responsible for ensuring that the witness and defending counsel have the necessary technology to access the exhibits.

13. If an unanticipated need arises to use a paper document not provided prior to the deposition, the questioning attorney shall (a) provide separate hard copies of the document to the witness and each individual attending the deposition in person, (b) place those copies in plastic sleeves, (c) supply gloves for handling the document, and (d) not approach within six feet of an individual when providing such a document.

## II.     Protocol For Remote Depositions

1. The Parties agree that any remote depositions may be used at a trial and/or hearing to the same extent that (but no greater extent than) an in-person deposition may be used. To that end, the Parties agree that the court reporter may administer the oath remotely, and such an oath will satisfy the requirements of Federal Rule of Civil Procedure 30.

2. During the entirety of the "on the record" portion of the deposition, excluding breaks, the deponent shall not use or access his or her cell phone[3], email, or other electronic communications application or device, including instant messaging or other similar functions that may be available on the remote deposition platform, unless required for emergency purposes only.  To the extent the vendor's technology includes a chat or instant message feature, the parties shall ensure that the vendor disables the feature or implements settings to require all communications to be seen by all participants.

3. During the entirety of the deposition, the deponent shall not use or access any document or notes (other than documents shown by the questioning attorney or exhibits marked during the deposition), unless such document or notes are produced to the questioning attorneys at least 24 hours before the deposition.  For third-party deponents who do not have counsel for purposes of their depositions, then both plaintiff counsel and defense counsel will coordinate to ensure that the deponent produces such document or notes in advance of the deposition.

4. All attendees must have access to a private, quiet, and secure room where the confidentiality of the proceedings may be preserved for the entirety of the deposition.  The deponent shall appear for the deposition in front of a neutral background that does not include objects or images.

5. All attendees must be able to participate through a secure audio-video conferencing platform that, at a minimum, provides verifiable end-to-end encryption, requires unique user-identity authentication, employs a vendor-moderated "waiting room" feature, and makes available an exhibit-sharing function that allows the questioning attorney to publish exhibits digitally during the deposition.  All attendees must connect to the platform through

---

[3] The parties agree to an exception, should a phone be needed to call into a deposition.

7596402v2/015730

a private, password-protected network. The noticing party is responsible for ensuring that the designated vendor is capable of complying with these requirements.

6.  At least 10 calendar days prior to the deposition, or as far in advance as possible, the noticing party shall inform all Parties of (1) the vendor it plans to use; (2) the videoconferencing platform it intends to use; (3) the minimum technical specifications required; (4) additional software, if any, that will be used during the deposition; and (5) the names and contact information of the individuals who will support the deposition and can answer questions about technical requirements.  The platform to be used must provide high-quality, reliable, synchronized video and audio streaming to all attendees and the ability of every participant to be heard clearly by all.

7.  The deponent's counsel is responsible for confirming that the deponent has a laptop, desktop, tablet, or other suitable device with internet connectivity, webcam, speaker, and microphone capabilities, and sufficient software and internet bandwidth to access and use the videoconferencing platform.  Devices must be secured with security infrastructure.  For third-party deponents who do not have counsel for purposes of their depositions, then both plaintiff counsel and defense counsel will coordinate to ensure that the deponent possesses all necessary equipment and software.

8.  Where practicable, the deponent's counsel is responsible for arranging a test of the deponent's equipment with the deposition vendor at least 48 hours in advance of the deposition.  If the deponent does not have counsel for purposes of the deposition, then both plaintiff counsel and defense counsel will coordinate to ensure that the deponent's equipment is working in advance of the deposition.

9.  The parties must provide the vendor with the names of lawyers who will be attending the deposition in advance.  The vendor must ensure that only registered attendees are sent a link to join the deposition; no link should be made publicly available.  The vendor facilitating the deposition shall allow only authorized attendees to access the deposition by using features such as a "waiting room."

10. The party representing the deponent shall employ professional technical support for the duration of the deposition, to be used as needed by any party to address technological problems or questions that may arise.  If those problems cannot be resolved, the deposition shall either be continued telephonically or suspended.  If the deponent is not represented, then both plaintiff counsel and defense counsel will coordinate to employ professional support for the duration of the deposition.

11. During the remote deposition, all attendees must be able to view the witness, questioning attorney, and defending attorney.

12. Deposition breaks shall not be recorded and all videoconference and telephone lines shall be muted during deposition breaks. Counsel taking the deposition may ask the witness to affirm prior to the start and at the conclusion of each break that no one is communicating with the witness about his or her testimony while on the record.

4

13. If outside counsel are present in the same room with the witness, those attendee(s) must also be shown on video.  If outside counsel are present it is their responsibility to ensure that all parties can be heard and without the audio feedback that often occurs.  If outside counsel is present, then said counsel must arrange for appropriate social distancing to allow the witness to testimony without wearing a mask.  Only counsel for the parties or the witness may attend a deposition: witnesses shall not attend another witness's deposition.

14. A videographer shall remotely capture the deposition video and provide a certified recording.  The certified video recording shall show only the deponent, and only time on the record in the deposition shall be recorded.

15. If privileged information is disclosed during the deposition due to a technical disruption or is captured by a videoconferencing or other recording device, such disclosure shall not be deemed a waiver of privilege.

16. Attendees other than those who shall be speaking regularly during the deposition shall place their microphones on "mute" during the deposition except when they need to speak.

17. The vendor shall provide a real-time transcript during the deposition that shall be available to all attendees upon request, except in the case of depositions noticed solely by Defendant Ed Butowsky.

18. The vendor's software shall automatically alert the court reporter if any deponent, questioning attorney, or defending attorney is disconnected from the deposition. The deposition shall be stopped immediately to resolve any such connectivity issues.

19. Any time during which the deposition is paused due to technical issues, including but not limited to connectivity issues and issues with exhibit sharing, will not count against the time limitation set by the Parties.

20. Exhibits for remote depositions shall be shared and presented electronically.  Full electronic copies of exhibits shall be accessible to the witness and defending attorney(s) before questioning begins on the exhibit.  The attorney using the exhibit will be responsible for providing the marked original to the court reporter.

21. Any objection made at a deposition shall be deemed to have been made on behalf of all other parties. The only objections that can be made are "objection as to form" and privilege. No other objections shall be made and all other objections are preserved.

22. If any lawyer is prevented from asserting a timely objection on the record due to a technical disruption, that lawyer should attempt to assert the objection before the deposition ends, in which case it will be preserved as if it had been timely presented and recorded.

23. During testimony on the record, no one shall not communicate in any manner with the deponent in any way that cannot be heard or seen by all attendees.  A deponent may consult privately with his or her counsel at the deposition during any time such consultation would

be permissible if the deposition were taken in person, and will be governed by the same rules as would be applicable to an in person deposition.

24. Nothing in this protocol shall be interpreted as precluding any party from objecting to a particular deposition occurring remotely based on the specific circumstances.

Dated: September 21, 2020

By:      *s/ Elisha Barron*

SUSMAN GODFREY L.L.P.
Arun Subramanian (AS2096)
Elisha Barron (EB6850)
Beatrice Franklin (BF1066)
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019
Telephone: (212) 336-8330
asubramanian@susmangodfrey.com
ebarron@susmangodfrey.com
bfranklin@susmangodfrey.com

MASSEY & GAIL L.L.P.
Leonard A. Gail (*pro hac vice*)
Eli J. Kay-Oliphant (EK8030)
Suyash Agrawal (SA2189)
50 East Washington Street, Suite 400
Chicago, IL 60602
Telephone: (312) 283-1590
lgail@masseygail.com
ekay-oliphant@masseygail.com
sagrawal@masseygail.com

*Attorneys for Plaintiffs Joel and Mary Rich*

*With consent,*

Joseph M. Terry
Stephen J. Fuzesi
Katherine Moran Meeks
Katherine A. Petti
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
Tel: (202) 434-5000

Fax: (202) 434-5029
jterry@wc.com
sfuzesi@wc.com
kmeeks@wc.com
kpetti@wc.com

650 Fifth Avenue, Suite 1500
New York, NY 10019

*Attorneys for Defendant Fox News Network,
LLC*

David Stern *(pro hac vice)*
DECHERT LLP
US Bank Tower
633 West 5th Street, Suite 4900
Los Angeles, CA 90071
Tel: (213) 808-5700
Fax: (213) 808-5760
David.stern@dechert.com

Nicolle Jacoby
Christine Isaacs
DECHERT LLP
1095 Avenue of the Americas
New York, NY 10036
Tel: (212) 641-5675
Fax: (212) 698-3599
Nicolle.jacoby@dechert.com
Christine.isaacs@dechert.com

*Attorneys for Defendant Malia Zimmerman*

Eden P. Quainton
QUAINTON LAW, PLLC
1001 Avenue of the Americas, 11th Fl.
New York, NY 10018
Tel.: (212) 813-8389
Fax: (212) 813-8390
equainton@gmail.com

*Attorney(s) for Defendant Ed Butowsky*

7596402v2/015730

## CERTIFICATE OF SERVICE

I hereby certify that on September 21, 2020, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which sent notification of such filing to all counsel of record.

*/s/ Elisha Barron*

7596402v2/015730