USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: SEP 2 5 2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- x

JOEL RICH and MARY RICH,

                   Plaintiffs,

   -against-

FOX NEWS NETWORK, LLC, MALIA
ZIMMERMAN, *in her individual and professional
capacities*, and ED BUTOWSKY, *in his individual and
professional capacities*,

                   Defendants.

------------------------------------- x

MEMORANDUM DECISION
AND ORDER

18 Civ. 2223 (GBD)

GEORGE B. DANIELS, United States District Judge:

    Plaintiffs initially filed this action on March 13, 2018 against Defendants Fox News Network, LLC ("Fox News"), Fox News reporter Malia Zimmerman, and Fox News contributor Ed Butowsky. Plaintiffs' complaint alleged (1) intentional infliction of emotional distress ("IIED"), (2) aiding and abetting and conspiracy to commit IIED, (3) tortious interference with contract; and (4) negligent supervision and/or retention against Fox News only. Plaintiffs' claims stem from reporting by Defendants that Plaintiffs' son, Seth Rich, a former Democratic National Committee ("DNC") employee, was murdered for leaking sensitive, private emails from DNC servers to Wikileaks.[1] Defendants moved to dismiss the complaint in its entirety for failure to state

---

[1] The relevant factual background is set forth in greater detail in this Court's August 2, 2018 decision, (Mem. Decision and Order ("August 2018 Decision"), ECF No. 69 (reported at 322 F. Supp. 3d 487 (S.D.N.Y. 2018)), at 2–8), and the Second Circuit's September 13, 2019 decision, *Rich v. Fox News Network, LLC*, 939 F.3d 112, 117–20 (2d Cir. 2019). Such background is incorporated by reference herein. Though such factual background was based on Plaintiffs' initial complaint, Plaintiffs' amended complaint is largely identical to the original. Any relevant differences and new allegations are discussed herein.

a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).[2] This Court granted the motion and dismissed all claims. (August 2018 Decision at 20.) Plaintiffs appealed. On appeal, the Second Circuit concluded that Plaintiffs plausibly stated claims for intentional infliction of emotional distress and tortious interference with contract.[3] *Rich*, 939 F.3d at 121. The Circuit did not determine whether Plaintiffs adequately stated a claim for negligent supervision by Fox News, but held that Plaintiffs could have done so and should be afforded an opportunity to amend their complaint to cure any defect. *Id.*

This action now returns to this Court. Plaintiffs filed an amended complaint, adding a count for vicarious liability against Fox News, while also retaining their claim for negligent supervision. (Am. Compl., ECF No. 99.) Fox News and Zimmerman (the "Fox Defendants") now move to dismiss Plaintiffs' claims of negligent supervision, vicarious liability, conspiracy, and aiding and abetting for failure to state a claim pursuant to Rule 12(b)(6). (Notice of Defs. Fox News Network, LLC, and Malia Zimmerman's Mot. to Dismiss the Am. Compl. for Failure to State a Claim, ECF No. 102.) Fox Defendants' motion to dismiss is GRANTED to the extent that Plaintiffs' claims for conspiracy and aiding and abetting IIED are dismissed.

---

[2] Defendant Butowsky also moved to dismiss the complaint for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2). Because this Court granted Defendants' motion to dismiss the complaint for failure to state a claim, this Court did not address Butowsky's jurisdictional arguments. Butowsky has now renewed his motion to dismiss, which this Court referred to Magistrate Judge Sarah Netburn. (Am. Order of Reference, ECF No. 112.) On September 15, 2020, Magistrate Judge Netburn recommended that this Court deny Butowsky's motion to dismiss. (Report and Recommendation, ECF No. 203.) Objections to Magistrate Judge Netburn's report and recommendation are due September 29, 2020. This Court will address Butowsky's motion to dismiss by separate opinion upon receipt and review of any objections.

[3] Despite finding that the complaint adequately stated a claim for IIED, the Second Circuit did not decide whether Plaintiffs' causes of action for conspiracy to commit IIED and aiding and abetting IIED can proceed. *Rich*, 939 F.3d at 126 n.10.

## I. LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plaintiff must demonstrate "more than a sheer possibility that a defendant has acted unlawfully"; stating a facially plausible claim requires the plaintiff to plead facts that enable the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). The factual allegations pled must therefore "be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

A district court must first review a plaintiff's complaint to identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. The court then considers whether the plaintiff's remaining well-pleaded factual allegations, assumed to be true, "plausibly give rise to an entitlement to relief." *Id.*; *see also Targum v. Citrin Cooperman & Co., LLP*, No. 12 Civ. 6909 (SAS), 2013 WL 6087400, at *3 (S.D.N.Y. Nov. 19, 2013). In deciding the 12(b)(6) motion, the court must also draw all reasonable inferences in the non-moving party's favor. *See N.J. Carpenters Health Fund v. Royal Bank of Scot. Grp., PLC*, 709 F.3d 109, 119–20 (2d Cir. 2013).

## II. PLAINTIFFS' COMPLAINT SUSTAINS A CLAIM FOR NEGLIGENT SUPERVISION AND VICARIOUS LIABILITY AGAINST FOX NEWS

To adequately plead a claim for negligent supervision or retention under New York law, a plaintiff must show, in addition to the standard elements of negligence, that (1) "the tort-feasor and the defendant were in an employee-employer relationship;" (2) "the employer knew or should have known of the employee's propensity for the conduct which caused the injury prior to the injury's occurrence;" and (3) "the tort was committed on the employer's premises or with the

3

employer's chattels." *Ehrens v. Lutheran Church*, 385 F.3d 232, 235 (2d Cir. 2004) (citations omitted).

This Court previously dismissed Plaintiffs' claim for negligent supervision, finding that Plaintiffs alleged "no specific facts plausibly showing that Fox News knew or had reason to know of Zimmerman and Wheeler's alleged 'propensity' to commit an IIED" and Plaintiffs did not allege "credible facts showing that Zimmerman and Wheeler committed tortious conduct on, or using, Fox News's property." (August 2018 Decision at 19.) On appeal, the Second Circuit did not conclude that this Court erred in dismissing Plaintiffs' claim for negligent supervision against Fox News. Nevertheless, the Circuit provided clear direction regarding the survival of Plaintiffs' claim on remand.

First, the Second Circuit distinguished claims for negligent supervision from those for vicarious liability. As the Circuit explained, for an employer to be liable for negligent supervision, the employee "must not be acting within the scope of his or her employment." *Rich*, 939 F.3d at 129–30 (quoting *Gray v. Schenectady City Sch. Dist.*, 927 N.Y.S.2d 442, 446 (3d Dep't 2011). If the employee's tortious acts do fall within the sope of his employment, the employer would only be liable "vicariously under the theory of *respondeat superior*." *Id.* Conversely, an "employer will not be held liable under [*respondeat superior*] for actions which were not taken in furtherance of the employer's interests and which were undertaken by the employee for wholly personal motives." *Galvani v. Nassau Cty. Police Indemnification Review Bd.*, 674 N.Y.S.2d 690, 694 (2d Dep't 1998).

The Second Circuit determined that Plaintiffs adequately alleged that "an employment relationship existed between Fox News and Zimmerman (and Wheeler)," but the complaint was

4

unclear as to whether their conduct at issue was within or outside the scope of their employment. *Rich*, 939 F.3d at 130.

> The Riches may be alleging that Zimmerman (and Wheeler) were acting within the scope of their employment and, therefore, Fox News is vicariously liable. Or they may be alleging that, although their conduct fell outside the scope of their employment, there was negligence on the part of Fox News in hiring and supervising them. Or they may be alleging both, leaving it up to the jury to decide the scope of employment question.

*Id.* The Circuit concluded that a "simple amendment" to the complaint would clarify the issue, noting that "either theory of liability—negligent supervision or vicarious liability—appears to be one that the complaint, if amended, could readily allege." *Id.* Plaintiffs' amended complaint makes clear that Plaintiffs are taking the third path laid out by the Second Circuit—they are alleging both negligent supervision and vicarious liability by Fox News, and have done so sufficiently.

### A. Negligent Supervision

With respect to their claim for negligent supervision, Plaintiffs have cured their previous deficiencies.[4] Plaintiffs allege specific facts plausibly showing that Fox News knew or at least had reason to know of Zimmerman or Wheeler's tortious propensity. (*See* Am. Compl. ¶¶ 193–204.) Plaintiffs cite three prior instances when Zimmerman and Wheeler allegedly manufactured and misrepresented facts in news stories, two of which occurred on Fox News media. First, Plaintiffs allege that in November 1999, the communications director for the governor of Hawaii filed a

---

[4] Fox Defendants also contend that this Court should dismiss the negligent supervision claim because Plaintiffs have failed to allege physical injury. (Mem. in Supp. of the Mot. of Fox News Network, LLC and Malia Zimmerman to Dismiss the Am. Compl. for Failure to State a Claim ("Fox Defs.' Mem."), ECF No. 103, at 14–15.) Plaintiffs dispute that New York law requires physical injury to plead negligent supervision. In any event, Plaintiffs adequately allege physical injury. Plaintiffs allege that Defendants' conduct has "had a particularly damaging impact on [Mary Rich's] physical health" and, in particular, aggravated a preexisting neurological condition. (Am. Compl. ¶ 133.)

5

complaint with an organization that mediates news coverage disputes, which identified Zimmerman and accused her then-employer of ignoring journalistic ethics, manipulating information, and knowingly reporting inaccurate and unsubstantiated stories. (*Id.* ¶¶ 193–94.) Zimmerman was terminated by her employer thereafter, which allegedly prompted Hawaii to withdraw its complaint, while reserving the right to reopen the case should Zimmerman be rehired over the following year. (*Id.* ¶ 195–96.) Second, in June 2016, Fox News allegedly published an inaccurate story written by Zimmerman, in which she cited anonymous sources suggesting that Omar Mateen, the shooter at the Orlando nightclub shooting, was radicalized by his connection to a local imam who, Zimmerman wrote, was "rounded up" in connection with the attack. (*Id.* ¶¶ 197–98.) The imam "started to panic" after hearing that he had been "rounded up in connection with the shooting" and contacted the FBI, who confirmed the reports implicating him were false. (*Id.* ¶ 199.) Finally, Plaintiffs allege that Wheeler appeared on a Fox News program in 2007 and made the far-fetched claim that hundreds of lesbian gangs were carrying pink pistols and recruiting children all over the country, and that some of the children were forced into performing sex acts. (*Id.* ¶ 201.) Wheeler later apologized and made clear that he had not meant his statements regarding lesbian gangs, and Fox News host Bill O'Reilly stated that the report featuring Wheeler's claims had been "overstated." (*Id.* ¶¶ 202–03.)

Fox Defendants argue that these instances do not satisfy the second prong of *Ehrens*, because they do not bear sufficient resemblance to the tortious conduct at issue. However, an employee's prior conduct does not need to be identical to the present conduct to support a claim of negligent supervision. *See Anna O. v. State*, 946 N.Y.S.2d 65, 2011 WL 6957587, at *7 (N.Y. Ct. Cl. 2011); *see also Hwang v. Grace Rd. Church (in New York)*, No. 14 Civ. 7187 (KAM), 2016 WL 1060247, at *15 (E.D.N.Y. Mar. 14, 2016) (finding that church members depriving plaintiff

6

of antipsychotic medication put the church on notice before its members forcibly restrained plaintiff in a manner that caused him to develop gangrene); *Bliss v. Putnam Valley Cent. Sch. Dist.*, No. 06 Civ. 15509 (WWE), 2011 WL 1079944, at *10 (S.D.N.Y. Mar. 24, 2011) (finding that a reasonable jury could conclude that a school district and principal knew or should have known of a teacher's propensity to commit sexual assault based on a prior incident where the teacher held a student in a way that made her uncomfortable). The employer must simply have "notice of the employee's propensity" for that "sort of behavior." *Anna O.*, 2011 WL 6957587, at *7; *see also Detone v. Bullit Courier Serv., Inc.*, 528 N.Y.S.2d 575, 576 (1st Dep't 1988); *Kirkman by Kirkman v. Astoria Gen. Hosp.*, 611 N.Y.S.2d 615, 616 (2d Dep't 1994). As Plaintiffs aptly argue, purposefully and falsely reporting fiction as fact, and quoting anonymous officials in support, is conduct of the same kind that allegedly caused Plaintiffs' injury. (Pls.' Opp'n to Fox News Network, LLC's and Malia Zimmerman's Second Mot. to Dismiss, ECF No. 116, at 8.) Plaintiffs do not need to allege that Zimmerman and Wheeler's previous conduct rises to the level of outrageousness needed for IIED. Allegations of multiple incidents of Zimmerman and Wheeler propagating patently false stories give rise to the plausible conclusion that Fox News knew or should have known about its employees' propensity to commit tortious acts of the nature at issue in this action.

Plaintiffs also properly allege that Zimmerman and Wheeler engaged in tortious acts on Fox News's premises or using Fox News's chattels. This Court previously found that Plaintiffs' original complaint did not allege "credible facts showing that Zimmerman and Wheeler committed tortious conduct on, or using, Fox News's property." (August 2018 Decision at 19.) This Court's statement, however, was based on a determination that Plaintiffs had not sufficiently pled tortious conduct. In light of the Second Circuit opinion, this Court has no trouble concluding that Plaintiffs

7

also adequately allege that such conduct occurred on and/or using Fox News's property. Zimmerman and Wheeler allegedly used Fox News's premises, television programs, research, and website to carry out a malicious campaign of harassment. (*See e.g.,* Am. Compl. ¶¶ 68, 169, 205–07.)

### B. Vicarious Liability

Plaintiffs also adequately state a vicarious liability claim against Fox News for the actions of Zimmerman and Wheeler. The Second Circuit has already concluded that Plaintiffs' sufficiently allege an employer-employee relationship between Fox News and Zimmerman and Fox News and Wheeler. *Rich*, 939 F.3d at 130. And in Plaintiffs' amended complaint, they allege, *inter alia*, that Zimmerman and Wheeler's tortious acts were committed within the scope of their employment and to further Fox News's interests. (Am. Compl. ¶¶ 178–88.)

Fox Defendants, however, contend that Fox News cannot be held vicariously liable for Wheeler's alleged conduct, because Plaintiffs could not maintain an intentional infliction claim against Wheeler in the first instance. Fox Defendants argue that such a claim would be dismissed, because Plaintiffs have an available alternative claim against Wheeler for breach of contract. (Fox Defs.' Mem. at 16–17.) "[U]nder New York law, an intentional infliction tort may 'be invoked only as a last resort.'" *Salmon v. Blesser*, 802 F.3d 249, 256 (2d Cir. 2015) (quoting *Turley v. ISG Lackawanna, Inc.*, 774 F.3d 140, 158 (2d Cir.2014)). Thus, New York courts have dismissed IIED claims when the "challenged conduct 'falls well within the ambit of other traditional *tort* liability.'" *Id.* (quoting *Fischer v. Maloney*, 402 N.Y.S.2d 991, 993 (1978)) (emphasis added). But Plaintiffs' purported alternative claim is not a tort claim and Defendants cite no authority for rejecting IIED claims based on overlapping conduct with breach of contract. Accordingly, Fox News may be held vicariously liable for Wheeler's allegedly tortious acts.

\* \* \*

Plaintiffs' amended complaint adequately states claims for vicarious liability and negligent supervision by Fox News. To be sure, whether Plaintiffs can ultimately prove their allegations is still to be determined. Plaintiffs have sufficiently alleged facts that, accepted as true, allow these claims to survive the pleading stage. Moreover, this conclusion is consistent with the Second Circuit's determination that Plaintiffs' original complaint, if amended, could "readily allege" both negligent supervision and vicarious liability. *Rich*, 939 F.3d at 130.

### III. PLAINTIFFS' CLAIM FOR CONSPIRACY TO COMMIT IIED IS DISMISSED

Under New York law, civil "'conspiracy may be alleged to connect a defendant' to a sufficiently pleaded tort claim, but plaintiffs may not 'reallege a tort asserted elsewhere in the complaint in the guise of a separate conspiracy claim.'" *Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, No. 12 Civ. 3723 (RJS), 2016 WL 5719749, at \*7 (S.D.N.Y. Sept. 29, 2016) (quoting *Aetna Cas. & Sur. Co. v. Aniero Concrete Co., Inc.*, 404 F.3d 566, 591 (2d Cir. 2005)). If a conspiracy claim "'offers no new allegations beyond those alleged in support of' other tort claims alleged elsewhere," the conspiracy claim "must 'be dismissed as duplicative.'" *Id.* (quoting *De Sole v. Knoedler Gallery, LLC*, 974 F. Supp. 2d 274, 315 (S.D.N.Y. 2013) (also collecting cases).

Here, Plaintiffs' conspiracy claim against Fox Defendants and Butowsky is based on the same allegations underlying its claim for IIED, which is itself based on coordinated actions and asserted against the same defendants. Plaintiffs make no new allegations in furtherance of their conspiracy claim. Moreover, "where a plaintiff alleges that all defendants are primarily liable for the underlying torts, then separate claims of conspiracy to commit said tort are redundant and must

be dismissed as a matter of law." *Naughright v. Weiss*, 826 F. Supp. 2d 676, 692 (S.D.N.Y. 2011). Accordingly, Plaintiffs' conspiracy cause of action is dismissed as duplicative.

## IV. PLAINTIFFS' CLAIM FOR AIDING AND ABETTING IIED IS DISMISSED

In order to sufficiently plead aiding and abetting liability under New York law, a plaintiff must establish (1) "the existence of a violation by the primary wrongdoer," (2) "knowledge of this violation by the aider and abettor," and (3) "proof that the aider and abettor substantially assisted in the primary wrong." *Renner v. Chase Manhattan Bank, N.A.*, 85 F. App'x 782, 784 (2d Cir. 2004). Inherent in the elements for aiding and abetting liability is the requirement of a primary actor. *Id.*; *see also Pittman by Pittman v. Grayson*, 149 F.3d 111, 123 (2d Cir. 1998) ("[A]iding and abetting requires that the defendant have given substantial assistance or encouragement to the primary wrongdoer."); *Gym Door Repairs, Inc. v. Young Equip. Sales, Inc.*, 206 F. Supp. 3d 869, 913 (S.D.N.Y. 2016) ("Under New York law, in order to be liable for acting in concert with a primary tortfeasor under a theory of either conspiracy or aiding and abetting, the defendant must know of the wrongful nature of the primary actor's conduct.").

Here, Plaintiffs bring a claim for aiding and abetting IIED, alleging that each of Fox News, Zimmerman, and Butowsky aided and abetted the others' intentional infliction of emotional distress upon Plaintiffs. (Am. Compl. ¶¶ 146, 149, 153.) The Second Circuit, however, did not find that Plaintiffs' allegations regarding the conduct of any individual defendant (or pair of defendants) satisfy the standard for IIED. Rather, the Second Circuit endorsed Plaintiffs' theory that Defendants' alleged actions, taken together, constitute extreme and outrageous conduct. *Rich*, 939 F.3d at 122. In other words, Plaintiffs plausibly allege that Defendants, as a whole, engaged in tortious conduct toward Plaintiffs. Accordingly, when analyzed through the lens of the Second Circuit's analysis, Plaintiffs' aiding and abetting claim is reduced to a claim of Defendants aiding and abetting themselves. Plaintiffs allege no conduct by Fox News, Zimmerman, or Butowsky in

support of their aiding and abetting claims that is distinct from the alleged actionable conduct under Plaintiffs' IIED claim. Plaintiffs' claim for aiding and abetting IIED cannot be independently sustained and is dismissed.

## V. CONCLUSION

Fox Defendants' motion to dismiss Plaintiffs' claims for conspiracy and aiding and abetting IIED, (ECF No. 102), is GRANTED. The Clerk of Court is directed to close the motion accordingly.

Dated: New York, New York
      September 25, 2020

SO ORDERED.

*George B. Daniels*
GEORGE B. DANIELS
United States District Judge